Slip Op. 19-136

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> FONTAINE INC., ET AL., <br><br> Defendant-Intervenors. | Before: Mark A. Barnett, Judge <br> Court No. 19-00122 |

## OPINION AND ORDER

[Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.]

Dated: November 4, 2019

Lisa W. Wang, Andrew W. Kentz, David A. Yocis, Nathanial M. Rickard, Heather N. Doherty, Sophia J.C. Lin, and Zachary J. Walker, Picard Kentz & Rowe LLP, of Washington, DC, for Plaintiff Committee Overseeing Action for Lumber International Trade Investigations or Negotiations.

Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States.  With him on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of counsel on the brief were Jessica DiPietro and Nikki Kalbing, Attorneys, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Elliot J. Feldman, Michael S. Snarr, John J. Burke, Mark B. Lehnardt, Lindita V. Ciko Torza, and Jake R. Frischknecht, Baker & Hostetler, LP, of Washington, DC, for Defendant-Intervenor Fontaine, Inc.

Lynn G. Kamarck, Joanne E. Osendarp, Dean A. Pinkert, Alan G. Kashdan, Daniel M. Witkowski, and Stephen R. Halpin, III, Hughes Hubbard & Reed LLP, of Washington, DC, for Defendant-Intervenor the Government of Canada.

Yohai Baisburd, Myles S. Getlan, Jonathan M. Zielinski, and James E. Ransdell, Cassidy Levy Kent (USA) LLP, of Washington, DC, for Defendant-Intervenor Scierie Alexandre Lemay & Fils Inc.

   Barnett, Judge:  Plaintiff, Committee Overseeing Action for Lumber International Trade Investigations or Negotiations, seeks to challenge the final results of the countervailing duty expedited review of certain softwood lumber products from Canada. Compl. ¶¶ 1–2, ECF No. 2; *Certain Softwood Lumber Products From Canada*, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019) (final results of countervailing duty expedited review) ("*Final Results of Expedited Review*"), and accompanying Issues and Decision Mem. ("I&D Mem."), C-122-858 (June 28, 2019), *available at* https://enforcement.trade.gov/frn/summary/canada/2019-14338-1.pdf (last visited Nov. 4, 2019).  Defendant, United States ("the Government"), moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to United States Court of International Trade ("USCIT") Rule 12(b)(1).  Def.'s Mot. to Dismiss and Opp'n to Pl.'s Mot. for a Prelim. Inj. ("Def.'s Mot."), ECF No. 21.[1]  Plaintiff opposes the motion.  Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 74.  Several Defendant-Intervenors support the Government's motion.  Resp. of Def.-Int. Scierie

---

[1] On July 26, 2019, the court vacated as improvidently granted a temporary restraining order barring U.S. Customs and Border Protection ("CBP") from liquidating unliquidated entries of softwood lumber produced or exported by certain Canadian companies that received reduced or *de minimis* rates in the *Final Results of Expedited Review* and denied Plaintiff's motion for a preliminary injunction seeking same.  *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States* ("*Lumber I*"), 43 CIT ___, 393 F. Supp. 3d 1271 (2019).

Alexandre Lemay & Fils Inc. in Opp'n to Pl.'s Mot. for Temporary Restraining Order and

for Prelim. Inj. and in Supp. of Def.'s Mot. to Dismiss ("Lemay's Resp."), ECF No. 68;

Resp. of Def.-Int. Gov't of Canada in Supp. of Def.'s Mot. to Dismiss for Lack of Subject

Matter Jurisdiction ("GOC's Resp."), ECF No. 75; Resp. of Def.-Int., Fontaine Inc., to

Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Fontaine's Resp."), ECF

No. 76.[2]  For the reasons discussed herein, the court denies the Government's motion.

**BACKGROUND**

On January 3, 2018, following affirmative determinations of dumping,

countervailable subsidization, and material injury, Commerce published the

countervailing duty ("CVD") and antidumping ("AD") duty orders.  *See Certain Softwood*

*Lumber Products From Canada*, 83 Fed. Reg. 347 (Dep't Commerce Jan. 3, 2018) (am.

final aff. CVD determination and CVD order) ("*CVD Order*"); *Certain Softwood Lumber*

*Products From Canada*, 83 Fed. Reg. 350 (Dep't Commerce Jan. 3, 2018) (AD order

and partial am. final determination).

On March 8, 2018, in response to requests filed by certain Canadian producers,

Commerce initiated an expedited review of the *CVD Order*.  *See Certain Softwood*

*Lumber Products From Canada*, 83 Fed. Reg. 9,833 (Dep't Commerce March 8, 2018)

(initiation of expedited review of the *CVD Order*) ("*Initiation Notice*").  The companies

subject to the expedited review (and their affiliates) are companies that were not

---

[2] Defendant-Intervenors Les Produits Forestiers D&G Ltée, Marcel Lauzon Inc., North
American Forest Products Ltd., Parent-Violette Gestion Ltée, Le Groupe Parent Ltee,
the Government of Quebec, Mobilier Rustique (Beauce) Inc., and the Government of
New Brunswick did not respond to the Government's motion.

selected for individual examination during the investigation and had been assigned the

"all-others" rate of 14.19 percent.  *CVD Order*, 83 Fed. Reg. at 348–49.  The "period of

review" for the expedited review was January 1, 2015, through December 31, 2015.

*Initiation Notice*, 83 Fed. Reg. at 9,833.

On July 5, 2019, Commerce issued the *Final Results of Expedited Review*,

pursuant to which the agency calculated reduced or *de minimis* rates for the eight

companies as follows: (1) Les Produits Forestiers D&G Ltée and its cross-owned

affiliates ("D&G"): 0.21 percent; (2) Marcel Lauzon Inc. and its cross-owned affiliates

("MLI"): 0.42 percent; (3) North American Forest Products Ltd. and its cross-owned

affiliates ("NAFP"): 0.17 percent; (4) Roland Boulanger & Cie Ltée and its cross-owned

affiliates ("Roland"): 0.31 percent; (5) Scierie Alexandre Lemay & Fils Inc. and its cross-

owned affiliates ("Lemay"): 0.05 percent; (6) Fontaine and its cross-owned affiliates:

1.26 percent; (7) Mobilier Rustique (Beauce) Inc. and its cross-owned affiliates

("Rustique"): 1.99 percent; and (8) Produits Matra Inc. and Sechoirs de Beauce Inc. and

their cross-owned affiliate ("Matra"): 5.80 percent.  *Final Results of Expedited Review*,

84 Fed. Reg. at 32,122.

The rates calculated for D&G, MLI, NAFP, Roland, and Lemay are considered *de*

*minimis*, therefore, Commerce stated it would instruct CBP "to discontinue the

suspension of liquidation and the collection of cash deposits of estimated countervailing

duties on all shipments of softwood lumber produced and exported by" those companies

that were entered on or after July 5, 2019; "liquidate, without regard to countervailing

duties, all suspended entries of shipments of softwood lumber produced and exported

by" those companies; and "refund all cash deposits of estimated countervailing duties

collected on all such shipments."  *Id.*  As to the companies receiving a lower—but not *de*

*minimis*—rate (Fontaine, Rustique, and Matra), Commerce stated it would instruct CBP

"to collect cash deposits of estimated countervailing duties" at the lower rates calculated

in the *Final Results of Expedited Review*.  *Id.*

On July 15, 2019, Plaintiff initiated this action challenging the *Final Results of*

*Expedited Review*.  Summons, ECF No. 1; Compl., ECF No. 2.  Plaintiff alleged

jurisdiction pursuant to 28 U.S.C. § 1581(i)(4)[3] or, alternatively, 28 U.S.C. § 1581(c).[4]

Compl. ¶¶ 3–6.  Plaintiff alleged that Commerce's promulgation of the regulatory

provision governing expedited reviews, 19 C.F.R. § 351.214(k), violated the

Administrative Procedure Act, 5 U.S.C. § 706 (count one); the *Final Results of*

*Expedited Review* contravened subsection (k)(3)(iii) of the regulation by providing for

the assessment of countervailing duties (count two); and the *Final Results of Expedited*

*Review* are otherwise unsupported by substantial evidence and unlawful (counts three

and four).  Compl. ¶¶ 14–22.  The Government responded by filing a motion to dismiss

---

[3] Pursuant to 28 U.S.C. § 1581(i)(4):

> [T]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

28 U.S.C. § 1581(i)(4) (hereinafter referred to as "(i) jurisdiction").

[4] Pursuant to 28 U.S.C. § 1581(c), "[t]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A or 517 of the Tariff Act of 1930," 19 U.S.C. §§ 1516a, 1517.  28 U.S.C. § 1581(c) (hereinafter referred to as "(c) jurisdiction").

the complaint in its entirety, arguing that (c) jurisdiction is premature and (i) jurisdiction

is unavailable.  *See generally* Def.'s Mot.

## DISCUSSION

**I.   Legal Standard for Subject Matter Jurisdiction**

To adjudicate a case, a court must have subject-matter jurisdiction over the

claims presented.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95

(1998).  "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the

complaint must be dismissed in its entirety."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514

(2006).

The plaintiff bears the burden of establishing subject-matter jurisdiction.  *See*

*Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006).  When,

as here, the motion challenges the existence of jurisdiction as opposed to the

sufficiency of a plaintiff's allegations of jurisdiction, "the factual allegations in the

complaint are not controlling and only uncontroverted factual allegations are accepted

as true."  *Shoshone Indian Tribe of Wind River Reservation, Wyo. v. United States*, 672

F.3d 1021, 1030 (Fed. Cir. 2012); *cf. H & H Wholesale Servs., Inc. v. United States*, 30

CIT 689, 691–92, 437 F. Supp. 2d 1335, 1339 (2006) (when the motion challenges the

sufficiency of the pleadings, the court assumes that the allegations within the complaint

are true).  To "resolv[e] these disputed predicate jurisdictional facts, [the] court is not

restricted to the face of the pleadings" and may, if necessary, "review evidence extrinsic

to the pleadings."  *Shoshone Indian Tribe*, 672 F.3d at 1030 (internal quotation marks

and citation omitted).

## II.   Relevant Statutory and Regulatory Provisions

As noted, 28 U.S.C. § 1581(i)(4) provides the court with exclusive jurisdiction over a civil action commenced against the United States "that arises out of any law . . . providing for" the "administration and enforcement" of matters referenced in 28 U.S.C. § 1581(a)–(h).  Subsection (i) cannot confer jurisdiction over an AD or CVD determination that is judicially reviewable pursuant to 19 U.S.C. § 1516a.  *Id*. § 1581(i).  Judicial review of those determinations is reserved to the court's (c) jurisdiction.  *Id.* § 1581(c).

Relevant here, section 1516a provides for the judicial review of a Commerce determination issued pursuant to 19 U.S.C. § 1675.  19 U.S.C. § 1516a(a)(2)(B)(iii).  Section 1675 describes several proceedings and determinations: annual administrative reviews of an AD or CVD order upon request, 19 U.S.C. § 1675(a)(1); reviews of an AD or CVD order by a new producer or exporter that did not export subject merchandise during the period of investigation (termed "new shipper reviews"), *id*. § 1675(a)(2)(B); reviews based on changed circumstances, *id*. § 1675(b); five-year reviews, *id.* § 1675(c); reviews to consider the revocation of an order or termination of a suspended investigation, *id*. § 1675(d); reviews to implement the results of a subsidies enforcement proceeding, *id*. § 1675(g); and the correction of ministerial errors in final determinations, *id*. § 1675(h).[5]

---

[5] Subsection 1675(e) governs the conduct of hearings and subsection 1675(f) provides the procedures the U.S. International Trade Commission must follow when it issues a negative determination pursuant to subsection 1675(b)(2)(B).  19 U.S.C. § 1675(e),(f).

As a general rule, a civil action challenging a section 1675 determination must be commenced within 30 days after the date of publication of the determination in the Federal Register. *Id.* § 1516a(a)(2)(i)(I). For final AD or CVD determinations involving a free trade area country, such as Canada, an interested party must wait 31 days *before* initiating an action at the USCIT. *See id.* § 1516a(a)(5), (g)(2).[6]

The regulatory provision for expedited reviews, 19 C.F.R. § 351.214(k), is a subsection of the regulation governing new shipper reviews. *See id.* § 351.214. Subsection (k) permits a respondent that was not selected "for individual examination" or "as a voluntary respondent" in a countervailing duty investigation in which Commerce "limited the number of exporters or producers to be individually examined" to "request a review . . . within 30 days of the date of publication in the Federal Register of the countervailing duty order." *Id.* § 351.214(k)(1). A request for an expedited review:

> must be accompanied by a certification that:
> (i) The requester exported the subject merchandise to the United States during the period of investigation;
> (ii) The requester is not affiliated with an exporter or producer that the Secretary individually examined in the investigation; and

---

[6] Canada is a free trade area country pursuant to the North American Free Trade Agreement ("NAFTA"). *Id.* § 1516a(f)(10)(A). Subsection 1516a(g) provides for the exclusive review of an AD or CVD determination involving merchandise from Canada by a binational panel *if* one is requested pursuant to NAFTA article 1904 (with certain exceptions not relevant here). *Id.* § 1516a(g)(2). A request for binational review must be made within 30 days from the date a determination is published in the Federal Register. *See* NAFTA Art. 1904(4), *available at* https://www.nafta-sec-alena. org/Home/Texts-of-the-Agreement/North-American-Free-Trade-Agreement?mvid =1&secid=e1fadb86-4937-4fd0-b4fd-b28d531d0aba#A1904 (last visited Nov. 4, 2019). Because binational panel review is exclusive, an interested party must therefore wait 31 days before initiating an action at the USCIT. 19 U.S.C. § 1516a(a)(5); *see also id.* § 1516a(g)(2) (stating that no U.S. court has jurisdiction to review a determination for which binational panel review is requested pursuant to NAFTA article 1904).

(iii) The requester has informed the government of the exporting country that the government will be required to provide a full response to the Department's questionnaire.

*Id.* § 351.214(k)(1)(i)–(iii).  If requested, an expedited review will be initiated "in the

month following the month in which a request for review is due."  *Id.* § 351.214(k)(2)(i).

Additionally, the expedited review will be conducted "in accordance with the provisions

of this section applicable to new shipper reviews," subject to certain exceptions.  *Id.*

§ 351.214(k)(3).[7]  Those exceptions are:

(i) The period of review will be the period of investigation used by the [agency] in the investigation that resulted in the publication of the countervailing duty order (see § 351.204(b)(2));
(ii) The [agency] will not permit the posting of a bond or security in lieu of a cash deposit under paragraph (e) of this section;
(iii) The final results of a review under this paragraph (k) will not be the basis for the assessment of countervailing duties; and
(iv) The [agency] may exclude from the countervailing duty order in question any exporter for which the [agency] determines an individual net countervailable subsidy rate of zero or de minimis (see § 351.204(e)(1)), provided that the [agency] has verified the information on which the exclusion is based.

*Id.* § 351.214(k)(3)(i)–(iv).

## III.   Parties' Contentions

The Government contends that expedited reviews are exclusively reviewable

pursuant to 28 U.S.C. § 1581(c) and, thus, jurisdiction pursuant to 28 U.S.C.

§ 1581(i)(4) is unavailable.  Def.'s Mot. at 7; Def.'s Reply in Supp. of its Mot. to Dismiss

at 2 ("Def.'s Reply"), ECF No. 84.  The Government contends, however, that (c)

---

[7] Relevant here, subsection 351.214(b) states that an exporter's or producer's request for a new shipper review is "[s]ubject to the requirements of [19 U.S.C. § 1675](a)(2)(B)."  19 C.F.R. § 351.214(b)(1).

jurisdiction is unavailable in this action because Plaintiff failed to wait at least 31 days

from the date of publication of the contested determination in the Federal Register in

accordance with 19 U.S.C. § 1516a(a)(5).  Def.'s Mot. at 7.[8]

Regarding the availability of (c) jurisdiction, the Government advances three

arguments supporting its position.  The Government first contends that expedited

reviews are conducted pursuant to 19 C.F.R. § 351.214(k), subsection (k)(3) of which

incorporates by reference the provisions of subsection(b) applicable to new shipper

reviews, which, in turn, provides that new shipper reviews are "[s]ubject to the

requirements of [19 U.S.C. § 1675](a)(2)(B)," the statutory provision providing for new

shipper reviews.  Def.'s Reply at 2–3.  The Government relies on this chain of cross-

references to conclude that an expedited review is covered by 19 U.S.C. § 1675 and is,

thus, judicially reviewable pursuant to 19 U.S.C. § 1516a(a)(2)(A) and 28 U.S.C.

§ 1581(c).  *Id.* at 2–3.[9]  Second, the Government contends that expedited reviews are

"analogous to final determinations" of investigations issued under 19 U.S.C. § 1671d,

---

[8] On August 5, 2019, 31 days after Commerce published the *Final Results of Expedited Review* in the Federal Register, Plaintiff commenced a separate action to preserve its appeal of Commerce's determination in the event the court finds it appropriate to exercise jurisdiction pursuant to 28 U.S.C. § 1581(c).  *See Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States, et al.*, No. 19-cv-00136, Compl. ¶ 6, ECF No. 5 (Ct. Int'l Trade Aug. 5, 2019).

[9] In the Issues and Decision Memorandum accompanying the *Final Results of Expedited Review*, Commerce makes essentially the same argument.  *See* I&D Mem. at 22–23 & n.143 (citing *Irving Paper Ltd., et al. v. United States, et al.*, No. 17-cv-00128, Def.'s Resp. to the Court's Dec. 28, 2017 Order at 2, ECF No. 53 (Ct. Int'l Trade Jan. 30, 2018)).  While similar jurisdictional issues were raised in *Irving Paper*, the plaintiffs voluntarily dismissed the action before the court had the opportunity to address them.  *See Irving Paper Ltd., et al. v. United States, et al.*, No. 17-cv-00128, Stipulation of Dismissal, ECF No. 75 (Ct. Int'l Trade July 30, 2018).

which are judicially reviewable pursuant to 19 U.S.C. § 1516a(a)(2)(B) and the court's

(c) jurisdiction.  *Id.* at 5.  Finally, the Government contends that an expedited review "is

analogous to an agency decision to reconsider a previously closed segment of the

proceeding," i.e., the investigation, that is within the agency's inherent authority and is

reviewable pursuant to the court's (c) jurisdiction.  *Id.*

The Government of Canada and Lemay agree with the Government that

expedited reviews are covered by 19 U.S.C. § 1675 and, thus, are judicially reviewable

pursuant to 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c).  GOC's Resp. at 4–6, 18–19;

Lemay's Resp. at 4–6.  Fontaine equivocates as to whether (c) jurisdiction or (i)

jurisdiction is appropriate and urges the court to consolidate this case with Court No. 19-

00136, which Plaintiff filed pursuant to the court's (c) jurisdiction, and defer ruling on the

jurisdictional question pending full briefing on the merits of Plaintiff's challenge to

Commerce's authority to conduct expedited reviews.  Fontaine's Resp. at 2–3; *see also*

*supra* note 8.  As an alternative to finding (c) jurisdiction at this time, the Government of

Canada urges the court to consider deferring the jurisdictional question until ruling on

the merits of count one of Plaintiff's complaint.  GOC's Resp. at 19–20.[10]

Plaintiff contends that expedited reviews are not covered by 19 U.S.C. § 1675.

Pl.'s Opp'n at 5–11.  In particular, Plaintiff argues that expedited reviews do not meet

---

[10] The Government of Canada also asserts several arguments regarding Commerce's authority to promulgate 19 C.F.R. § 351.214(k), including comity and the *Charming Betsy* doctrine.  *See* GOC's Resp. at 6–18.  These arguments go to the merits of Plaintiff's challenge to 19 C.F.R. § 351.214(k), have not been fully briefed, and are not currently before the court.  Consequently, the court does not now address those arguments.

certain requirements for annual administrative reviews and are distinct from new shipper

reviews. *Id.* at 6–8. Plaintiff argues that all other proceedings identified in 19 U.S.C.

§ 1675 are inapplicable. *Id.* at 8–10. Plaintiff further contends that expedited reviews

are not final investigation determinations pursuant to 19 U.S.C. § 1671d. *Id.* at 10–11.

## IV.   The Court Lacks Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1581(c)

### A. Section 1675 of Title 19 Does Not Cover Expedited Reviews

"The Court of International Trade, like all federal courts, is a court of limited

jurisdiction." *Sakar Int'l, Inc. v. United States*, 516 F.3d 1340, 1349 (Fed. Cir. 2008).

The authority bestowed upon it "by the Constitution and federal statutes . . . is not to be

expanded by judicial decree." *Id.*; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994). Here, the court finds that expedited reviews are not among

the proceedings and determinations covered by section 1675 and, thus, do not fall

within the court's (c) jurisdiction.

First, as Commerce itself acknowledged, an expedited review "is not an

administrative review" conducted pursuant to 19 U.S.C. § 1675(a)(1). I&D Mem. at 28;

*see also id.* at 26 (stating that expedited reviews and administrative reviews "are

separate proceedings that are governed by different regulations, promulgated according

to distinct authorities, and provide different remedies").

Second, and more relevant here, an expedited review is not a new shipper

review. Commerce also acknowledged this fact, explaining:

Section 351.214 sets forth the procedures for conducting new shipper reviews, a
new procedure contained in [19 U.S.C. § 1675(a)(2)]. This section *also
establishes a procedure for conducting an expedited review of exporters that are
not individually examined in countervailing duty investigations*.

*Id.* at 21 & n.136 (quoting *Antidumping Duties; Countervailing Duties*, 61 Fed. Reg.

7,308, 7,317 (Dep't Commerce Feb. 27, 1996) (Notice of proposed rulemaking and

request for Public Comments) ("*Proposed Rule Preamble*")) (emphasis in quotation).

According to Commerce, the emphasized portion of the *Proposed Rule Preamble*

distinguishes new shipper reviews from expedited reviews and is consistent with the

regulation, which "contains rules regarding requests for new shipper reviews and

procedures for conducting such review," and, "*[i]n addition*, . . . contains rules regarding

requests for expedited reviews by noninvestigated exporters in certain countervailing

duty proceedings and procedures for conducting such reviews."  19 C.F.R. § 351.214(a)

(emphasis added); *see* I&D Mem. at 22.  Commerce noted additional differences

between new shipper reviews and expedited reviews with respect to the existence of

shipments of subject merchandise to the United States during the period of investigation

and the inability to post bonds in lieu of cash deposits.  *See* I&D Mem. at 22 (concluding

that "a company qualifying for a CVD expedited review is not a new shipper"); *compare*

19 C.F.R. § 351.214(k)(3)(i), *and id.* § 351.214(k)(3)(ii), *with id.* § 351.214(g)(2), *and id.*

§ 351.214(e).

      The Government (and others) does not assert that expedited reviews *are* new

shipper reviews.  Indeed, they could not, as the foregoing demonstrates the fallacy of

that position and Commerce's express disavowal.  Instead, the Government relies on a

cross-reference to "the requirements of" section 1675(a)(2)(B) in subsection (b)(1) of the

new shipper regulation, applicable to expedited reviews by operation of subsection

(k)(3).  Def.'s Mot. at 7–8; Def.'s Reply at 2; *see also* GOC's Resp. at 5–6 (arguing

same); Lemay's Resp. at 5 (arguing same).  None of these parties, however, cite any

authority for the proposition that an agency determination *not* specifically enumerated in

section 1675 is judicially reviewable as if it were, nor is the court aware of any.

Moreover, the argument defies common sense.  Because expedited reviews are

not new shipper reviews, section 1675(a)(2)(B), which states the procedures for

conducting a new shipper review, is at least partially inapplicable to an expedited

review.  For example, while section 1675(a)(2)(B) requires that the exporter or producer

(or its affiliate) did not export subject merchandise to the United States during the period

of investigation underlying a CVD order, 19 U.S.C. § 1675(a)(2)(B)(i), a respondent

requesting an expedited review must certify that it shipped subject merchandise to the

United States during the period of investigation, 19 C.F.R. § 351.214(k)(1)(i).

Additionally, while section 1675(a)(2)(B) requires Commerce to commence a new

shipper review no sooner than "in the calendar month beginning after [] the end of the 6-

month period beginning on the date of the countervailing duty or antidumping duty order

under review," 19 U.S.C. § 1675(a)(2)(B)(ii), Commerce will initiate an expedited review

no later than the end of the second month following the date of publication in the

Federal Register of the CVD order, 19 C.F.R. § 351.214(k)(2).[11]  Further, while the

results of a new shipper review "shall be the basis for the assessment of countervailing .

---

[11] The regulation contains the following example: "The [agency] publishes a
countervailing duty order on January 15.  An exporter would have to submit a request
for a review by February 14.  The [agency] would initiate a review in March."  19 C.F.R.
§ 351.214(k)(2)(ii).

. . duties on [covered] entries," 19 U.S.C. § 1675(a)(2)(C), the results of an expedited

review "will not be," 19 C.F.R. § 351.214(k)(3)(iii).[12]

The Government seeks to overcome these important distinctions by pointing to

similarities in the "purpose and result of new shipper reviews and expedited reviews."

Gov't's Reply at 3.  According to the Government, "both types of review establish an

individual rate, on an expedited basis, for companies that did not obtain one during the

investigation."  *Id.* at 5.  The Government overlooks the fact that a respondent subject to

an expedited review obtains a cash deposit rate, *see Final Results of Expedited

Review*, 84 Fed. Reg. at 32,122 (issuing cash deposit instructions to CBP), whereas a

new shipper respondent obtains the rate at which final duty liability is assessed on

reviewed entries, *see* 19 C.F.R. § 351.211(b)(1) (explaining that, upon publication of an

antidumping or countervailing duty order, Commerce will instruct CBP "to assess . . .

countervailing duties . . . on the subject merchandise, in accordance with the [agency's]

instructions at the completion of" either an administrative review, new shipper review, or

expedited antidumping review).  That new shipper and expedited review rates are both

obtained on an expedited basis, without more, is insufficient to conflate the

determinations for purposes of this court's jurisdiction.[13]

---

[12] Commerce may, however, "exclude from the countervailing duty order in question any exporter for which the [agency] determines an individual net countervailable subsidy rate of zero or *de minimis*."  *Id.* § 351.214(k)(3)(iv).

[13] Section 1581 waives sovereign immunity for the types of cases specified therein. *See Humane Soc. of U.S. v. Clinton*, 236 F.3d 1320, 1328 (Fed. Cir. 2001).  While the ambiguity respecting the reviewability of expedited reviews pursuant to the court's (c) jurisdiction is not, strictly speaking, found in section 1581, the principle that "ambiguities in a statutory waiver of sovereign immunity must be construed in favor of immunity"

In sum, the mere reference to "the requirements of" section 1675(a)(2)(B) in subsection (b)(1) of the new shipper regulation does not render an expedited review conducted pursuant to subsection (k) of the regulation a section 1675 determination.  In the absence of an explicit or otherwise apparent argument for finding expedited reviews to fall within one of the remaining proceedings or determinations listed in section 1675, the court finds that the *Final Results of Expedited Review* do not constitute a section 1675 determination that is judicially reviewable pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c).[14]

### B.  Section 1671d of Title 19 Does Not Cover Expedited Reviews

The Government argues that expedited reviews are "analogous to final determinations under 19 U.S.C. § 1671d" that are judicially reviewable pursuant to 19 U.S.C. § 1516a(a)(2)(B) and 28 U.S.C. § 1581(c).[15]  Gov't's Reply at 5.  The Government is incorrect.

---

counsels against broadly construing section 1675 to include expedited reviews.  *See Hor Liang Industrial Corp. v. United States*, 42 CIT ___, ___, 337 F. Supp. 3d 1310, 1318 n.11 (2018) (citing *United States v. Williams*, 514 U.S. 527, 531(1995)).

[14] The court declines the Government of Canada's and Fontaine's invitation to defer ruling on this matter pending full briefing on the merits of Commerce's authority to promulgate 19 C.F.R. § 351.214(k).  Notably, Commerce did not promulgate the regulation pursuant to 19 U.S.C. § 1675; rather Commerce relied on section 103(a) of the Uruguay Round Agreements Act ("URAA"), 19 U.S.C. § 3513(a), in conjunction with Article 19.3 of the Agreement on Subsidies and Countervailing Measures incorporated into the Uruguay Round Agreements and the Statement of Administrative Action accompanying the URAA.  I&D Mem. at 19–20.  Thus, the court may decide this question of jurisdiction without reaching the merits of Commerce's authority to promulgate 19 C.F.R. § 351.214(k).

[15] Plaintiff argued that expedited reviews are not section 1671d determinations in its opposition to the Government's motion, Pl.'s Opp'n at 10, and, in addressing this argument in reply, the Government affirmatively raised this argument for the first time,

The Government relies primarily on the court's observation in *Lumber I* that because an expedited review is intended to provide a non-investigated respondent with an individual cash deposit rate, "the results of an expedited review are akin to a final investigation determination." *Id*. (quoting *Lumber I*, 393 F. Supp. 3d at 1278).  That the outcome of an expedited review operates in a manner "akin" to the outcome of a final investigation determination (i.e., exclusion of respondents found to have zero or *de minimis* rates) does not, however, confer on the former determination the statutory authority underlying the latter.

The Government also points to the "similarity of data considered" and the overlapping review periods.  *Id*.  However, Commerce set the period of review for expedited reviews to overlap with the period of investigation used in the underlying CVD investigation to allow the agency to use data from that investigation.  *Antidumping Duties; Countervailing Duties*, 62 Fed. Reg. 27,296, 27,321 (Dep't Commerce May 19, 1997) (final rule).  The overlapping data period is intended to aid in the expeditious completion of the review, *id.*; it was not intended to—and does not—render an expedited review a final determination pursuant to 19 U.S.C. § 1671d (or sufficiently "analogous" for jurisdictional purposes).  There are also certain differences between

---

Gov't's Reply at 5.  Ordinarily, "arguments that are not appropriately developed in a party's briefing may be deemed waived."  *United States v. Great Am. Ins. Co. of New York*, 738 F.3d 1320, 1328 (Fed. Cir. 2013).  The U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") has indirectly suggested that arguments relevant to subject matter jurisdiction cannot be waived.  *See Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006) (finding that when an issue does not implicate the court's subject matter jurisdiction, an argument relevant to that issue may be waived).  Accordingly, the court considers—and rejects—the Government's argument.

expedited reviews and final investigation determinations regarding the time in which

Commerce must issue its determination and the effect of the determination.  *See* 19

U.S.C. § 1671d(a)(1), (c).  The Government does not explain why an expedited review

is analogous to a final investigation determination despite these differences; it simply

ignores them.  *See* Gov't's Reply at 5.  Accordingly, the court rejects the Government's

analogy for jurisdictional purposes.

### C.  An Expedited Review Does Not Constitute the Agency's Reconsideration of a Prior Determination

The Government argues in the alternative that an expedited review is analogous

to the agency's reconsideration of a "previously closed segment of a proceeding."  *Id*.

For this proposition the Government relies on *Tokyo Kikai Seisakusho, Ltd. v. United

States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008).  *Id.* at 6.[16]  *TKS* is inapposite.

In *TKS*, the Federal Circuit recognized Commerce's inherent authority to

reconsider the results of a prior administrative review and revocation of an antidumping

duty order based on evidence of fraud by the respondent.  529 F.3d at 1355–56, 1359–

60.  As the court aptly noted, "[t]he power to reconsider is inherent in the power to

decide."  *Id.* at 1360.  The Government's reliance on *TKS* to aver that Commerce

"merely exercis[ed] its authority to reconsider its decision in a [CVD] investigation,"

Gov't's Reply at 6, represents counsel's impermissible "*post hoc* rationalization[] for

agency action" that has no basis in the record, *Burlington Truck Lines, Inc. v. United

States*, 371 U.S. 156, 168–69 (1962).  In conducting the expedited review, Commerce

---

[16] The Government also raised this argument for the first time in its reply; thus, other parties were denied the opportunity to respond.

did not rely on its inherent authority to reconsider a prior determination issued pursuant

to 19 U.S.C. § 1671d but instead relied on URAA § 103(a), 19 U.S.C. § 3513(a).  *Final

Results of Expedited Review*, 84 Fed. Reg. at 32,122.  Thus, the Government's attempt

to analogize the expedited review to an agency reconsideration of a determination

judicially reviewable pursuant to the court's (c) jurisdiction (or otherwise attempt to

recast as the basis for Commerce's determination) must be rejected.[17]

        In sum, expedited reviews of a CVD order pursuant to 19 C.F.R. § 351.214(k)

do not fall within the statutory provisions identified as a basis for the court's review

pursuant to 19 U.S.C. § 1516a.  Thus, the court's (c) jurisdiction is not available to

Plaintiff.

### V.    The Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1581(i)

        As previously noted, 28 U.S.C. § 1581(i)(4) vests the court with exclusive

jurisdiction over "any civil action commenced against the United States, its agencies, or

its officers, that arises out of any law of the United States providing for . . . [the]

administration and enforcement with respect to the matters referred to in . . .

subsections (a)-(h) of this section."  The instant action arises out of the "administration

and enforcement" of domestic CVD laws, 19 U.S.C. §§ 1671 *et seq.  See* Compl. ¶ 3.

In the absence of any explicit or otherwise apparent argument as to why the court

should not exercise (i) jurisdiction in the absence of (c) jurisdiction, the court finds that it

---

[17] In any event, because Commerce had not previously calculated an individual rate for
the exporters and producers subject to the expedited review, instead assigning them the
all-others rate, *see CVD Order*, 83 Fed. Reg. at 348, Commerce did not, in fact,
reconsider a substantive aspect of its original determination.

has jurisdiction to review the *Final Results of Expedited Review* pursuant to 28 U.S.C.

§ 1581(i)(4).

### CONCLUSION & ORDER

For the reasons discussed herein, the Government's motion to dismiss pursuant

to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction is **DENIED**.  The court will

exercise jurisdiction over this action pursuant to 28 U.S.C. § 1581(i)(4).


                                                    /s/      Mark A. Barnett
                                                    Mark A. Barnett, Judge


Dated: <u>November 4, 2019</u>
            New York, New York