**UNITED STATES COURT OF INTERNATIONAL TRADE**
**New York, New York**

| | | |
|---|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Consol. Court No. 19-00122 |
| v. | ) ) | Hon. Mark A. Barnett, Chief Judge |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| FONTAINE INC., ET AL., | ) ) | |
| Defendant-Intervenors. | ) ) | |

**PLAINTIFF'S COMMENTS IN SUPPORT OF FINAL RESULTS OF REDETERMINATION TO COURT REMAND**

Lisa W. Wang
Andrew W. Kentz
David A. Yocis
Nathaniel Maandig Rickard
Whitney M. Rolig
Sophia J.C. Lin
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1750 K Street, NW
Suite 800
Washington, DC 20006
(202) 331-4040
*Counsel to Plaintiff Committee Overseeing Action for Lumber International Trade Investigations or Negotiations*

April 26, 2021

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ......................................................................... ii

I.     BACKGROUND ........................................................................2

II.    ARGUMENT ............................................................................4

    A.    Commerce Properly Determined that the Agency Lacks
         Statutory Authority to Promulgate 19 C.F.R. § 351.214(k) and
         Conduct CVD Expedited Reviews ........................................................4

    B.    The Statute Authorizes Commerce to Assign an "All-Others"
         CVD Rate to Companies Not Individually Examined ......................9

    C.    Reliance Interests Are Irrelevant under the "Firm Rule of
         Retroactivity" of Judicial Decisions .................................................10

    D.    Commerce's Ultra Vires Conduct of the CVD Expedited
         Review Is Not a Harmless Error ........................................................14

III.    CONCLUSION ........................................................................15

## TABLE OF AUTHORITIES

### CASES

Agro Dutch Indus. v. United States, 508 F.3d 1024 (Fed. Cir. 2007) ..................................... 7, 10

Apex Frozen Food Priv. Ltd. v. United States, 862 F.3d 1337 (Fed. Cir. 2017) .......................... 5

Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984) ............................ 4, 5

Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United
    States, 413 F. Supp. 3d 1334 (Ct. Int'l Trade 2019) ................................................... 6

Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United
    States, Court No. 19-00122, Slip Op. 20-167 (Ct. Int'l Trade 2020) ............................. passim

CP Kelco US, Inc. v. United States, 24 F. Supp. 3d 1337 (Ct. Int'l Trade 2016) ...................... 14

Cummins Engine Co. v. United States, 83 F. Supp. 2d 1355 (Ct. Int'l Trade 1999) .................. 14

Dep't of Homeland Sec. v. Regents of the Univ. of Cal., 140 S. Ct. 1891 (2020) ...................... 14

Diamond Sawblades Mfrs. Coalition v. United States, 650 F. Supp. 2d 1331 (Ct. Int'l Trade
    2009) ................................................................................................................. 4

Ford Motor Co. v. United States, 44 F. Supp. 3d 1330 (Ct. Int'l Trade 2015) ........................ 4, 5

Halpern v. Principi, 384 F.3d 1297 (Fed. Cir. 2004) ...................................................... 14

Harper v. VA Dep't of Taxation, 509 U.S. 86 (1993) .............................................. 11, 12, 14

Heartland By-Products, Inc. v. United States, 568 F. 3d 1360 (Fed. Cir. 2009) ....................... 11

Intercargo Ins. Co. v. United States, 83 F.3d 391 (Fed. Cir. 1996) ..................................... 14

James B. Beam Distilling Co. v. Georgia, 501 U.S. 529 (1991) ...................................... 11, 12

La. Pub. Serv. Comm'n v. FCC, 476 U.S. 355 (1986) ....................................................... 7

Landgraf v. USF Film Prods., 511 U.S. 244 (1994) ......................................................... 12

Nat'l Fuel Gas Supply Corp. v. FERC, 59 F.3d 1281 (D.C. Cir. 1995) ................................. 13

NSK Corp. v. United States, 593 F. Supp. 2d 1355 (Ct. Int'l Trade 2008) .............................. 8

Reynoldsville Casket Co. v. Hyde, 514 U.S. 749 (1995) ........................................... 12, 13, 14

RHI Refractories Liaoning Co. v. United States, 752 F. Supp. 2d 1377 (Ct. Int'l Trade 2011) .... 8

Rivers v. Roadway Express, Inc., 511 U.S. 298 (1994) .................................................... 11

SKF USA, Inc. v. United States, 512 F.3d 1326 (Fed. Cir. 2007) ................................ 11, 12, 14

United States v. Morton, 467 U.S. 822 (1984) ............................................................. 10

United States v. UPS Customhouse Brokerage, Inc., 714 F. Supp. 2d 1296 (Ct. Int'l Trade 2010)
    ......................................................................................................................... 8

YC Rubber Co. (N. Am.) LLC v. United States, 487 F. Supp. 3d 1367 (Ct. Int'l Trade 2020) 4, 5,
    6

### STATUTES

19 U.S.C. § 1671 ..................................................................................................... 10

19 U.S.C. § 1671d ................................................................................................. 3, 5

19 U.S.C. § 1677f-1 ............................................................................................ 5, 9, 10

28 U.S.C. § 1581 .................................................................................................... 13

28 U.S.C. § 2636 .................................................................................................... 13

Uruguay Round Agreements Act, Pub. L. No. 103-465, 108 Stat. 4809 (1994) ............... 2, 4, 7, 8

### REGULATIONS

19 C.F.R. § 351.214(k) ....................................................................................... passim

**RULES**

USCIT Rule 56.2 ........................................................................................................................ 2

USCIT Rule 59 ........................................................................................................................... 8

**ADMINISTRATIVE DETERMINATIONS**

Certain Softwood Lumber Products From Canada: Amended Final Affirmative Countervailing
Duty Determination and Countervailing Duty Order, 83 Fed. Reg. 347 (Dep't Commerce Jan.
3, 2018) .......................................................................................................................... 6, 13

Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty
Expedited Review, 84 Fed. Reg. 32,121 (Dep't Commerce, July 5, 2019) ("Final Results")
.................................................................................................................................... passim

Certain Softwood Lumber Products From Canada: Initiation of Expedited Review of the
Countervailing Duty Order, 83 Fed. Reg. 9,833 (Dep't Commerce Mar. 8, 2018)............. 7, 13

## PLAINTIFF'S COMMENTS IN SUPPORT OF FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND

On February 17, 2021, the U.S. Department of Commerce ("Commerce" or the "Department") filed the Final Results of Redetermination Pursuant to Court Remand regarding the final results of the countervailing duty ("CVD") expedited review covering softwood lumber products from Canada.  See Final Results of Redetermination Pursuant to Court Remand, Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States (Feb. 17, 2021) ("Remand Redetermination"), ECF No. 173-1.  Commerce's Remand Redetermination was prepared in response to the Court's decision in Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States, Court No. 19-00122, Slip Op. 20-167 (Ct. Int'l Trade 2020) ("Remand Opinion and Order"), which remanded the agency's expedited review determination, published at Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty Expedited Review, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019) ("Final Results"), P.R. 759.[1]

Plaintiff Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("Plaintiff" or "COALITION") supports Commerce's conclusion reached on remand that the agency "lacks the statutory authority to promulgate CVD expedited review regulations, currently at 19 CFR 351.214(k), and to conduct CVD expedited reviews."[2]  Remand Redetermination at 12.  Consolidated Defendant-Intervenors

---

[1] Documents from the Public Administrative Record, ECF No. 99-2, are cited as "P.R." while documents from the Remand Administrative Record, ECF No. 177, are cited as "R.R."  No documents from the confidential record are cited in this submission.

[2] In an earlier submission, the COALITION explained why the Court should vacate Commerce's expedited review regulation and all conclusions and findings pursuant to the Final Results.  Commerce's Remand Redetermination expresses the agency's intent not to

("the Canadian Parties") filed comments on March 19, 2021 in opposition to Commerce's Remand Redetermination.  <u>See</u> Consol. Def.-Is' Comments in Response to the Department of Commerce's February 17, 2021 Final Results of Redetermination Pursuant to Court Remand, ECF No. 183 (Mar. 19, 2021) ("CPs' Comments on Remand Redetermination").  Pursuant to Rule 56.2(h)(3) of the Rules of the United States Court of International Trade ("USCIT"), the COALITION respectfully submits these comments in support of Commerce's Remand Redetermination and in response to arguments raised in the Canadian Parties' Comments on Remand Redetermination.

## I.    Background

In its Remand Opinion and Order, the Court held that the plain language of section 103(a) and (b) of the Uruguay Round Agreements Act ("URAA") does not provide Commerce the statutory authority to promulgate 19 C.F.R. § 351.214(k) and conduct CVD expedited reviews.  <u>See</u> Remand Opinion and Order at 17-25.  The Court further found that the statutory scheme and legislative history "{do} not demonstrate congressional intent either to establish CVD expedited reviews specifically or, more broadly, to permit Commerce to promulgate regulations untethered to the URAA."  <u>Id.</u> at 23.  In addition, the Court found that Congress did not and cannot acquiesce to Commerce's construction of section 103(a) of the URAA in promulgating 19 C.F.R. § 351.214(k).  <u>See id.</u> at 28-32.  However, the Court noted that the "Government and Canadian Governmental Parties offered various post hoc justifications for Commerce's regulation and the agency's

---

withdraw its expedited review regulation despite its conclusion on remand that it was issued without statutory authority.  The COALITION challenges this aspect of the Remand Redetermination.  <u>See</u> ECF No. 182 (Mar. 19, 2021).

administration of CVD expedited reviews."[3] Id. at 33.  As such, the Court remanded the Final Results to Commerce for "consideration of these alternative bases." Id.

In its Remand Redetermination, Commerce found that none of these alternative bases provides the agency statutory authority to promulgate a CVD expedited review regulation.  See Remand Redetermination at 12.  Specifically, Commerce found that it does not have authority to conduct CVD expedited reviews under the agency's "inherent authority to reconsider prior decisions," and that 19 U.S.C. §§ 1671d(c), 1675(a), 1675(b), and 1677f-1(e) do not provide Commerce explicit or implicit authority to conduct CVD expedited reviews, either.  See Remand Redetermination at 11-12, 19-21.  Commerce thus concluded that the agency "lacks the statutory authority to promulgate CVD expedited review regulations, currently at 19 CFR 351.214(k), and to conduct CVD expedited reviews." Id. at 12.

In opposing Commerce's Remand Redetermination, the Canadian Parties assert that Commerce has statutory authority for CVD expedited reviews, CPs' Comments on Remand Redetermination at 5-19, and that even if the Court sustains Commerce's Remand Redetermination, the Final Results must still be respected for "equitable reasons."  See id. at 4-5.  These arguments, as discussed below, are meritless.

---

[3]  The COALITION understands the reference to "Canadian Governmental Parties" refers collectively to the Government of Canada and Government of Quebec.

II.     **Argument**

    A.     **Commerce Properly Determined that the Agency Lacks Statutory Authority to Promulgate 19 C.F.R. § 351.214(k) and Conduct CVD Expedited Reviews**

        1.     <u>**The Court Reviews Commerce's Statutory Interpretation under the Chevron Framework**</u>

The Canadian Parties argue that, "with the partial exception of 19 U.S.C. § 1675(a)(1) and section 103(b) of the URAA, the Department failed to follow the Court's remand instructions thoroughly by not engaging meaningfully with each of the alternative bases."  CPs' Comments on Remand Redetermination at 2.  They aver that Commerce "dismissed the relevance of each of the other provisions" after a "perfunctory" analysis, <u>see id.</u> at 2-3, and that "{t}he Department should have engaged in a more thorough and reasoned review of whether the alternative statutory bases conferred the authority the Department had claimed."  <u>Id.</u> at 4.  In doing so, the Canadian Parties appear to suggest that Commerce's Remand Redetermination should fail and the Court should issue another remand because the Remand Redetermination is not supported by substantial evidence.

This argument ignores that "{t}he judiciary is the final authority on issues of statutory construction."  <u>Ford Motor Co. v. United States</u>, 44 F. Supp. 3d 1330, 1342 (Ct. Int'l Trade 2015) (citing <u>Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.</u>, 467 U.S. 837, 842-43 (1984)), and that "{t}he court's review of Commerce's statutory interpretation is guided by the two-prong <u>Chevron</u> framework."  <u>YC Rubber Co. (N. Am.) LLC v. United States</u>, 487 F. Supp. 3d 1367, 1372 (Ct. Int'l Trade 2020); <u>see also</u> <u>Diamond Sawblades Mfrs. Coalition v. United States</u>, 650 F. Supp. 2d 1331, 1352 (Ct. Int'l Trade 2009) ("The court's review of agency determinations issued pursuant to a court-ordered remand is governed by the same standard of review used in reviewing the original determination.");

Remand Opinion and Order at 14-15 (applying the <u>Chevron</u> framework).  Under the

<u>Chevron</u> framework, the Court, <u>not Commerce</u>, determines "whether Congress has directly

spoken to the precise question at issue."  <u>YC Rubber Co.</u>, 487 F. Supp. 3d at 1372 (citing

<u>Apex Frozen Food Priv. Ltd. v. United States</u>, 862 F.3d 1337, 1344 (Fed. Cir. 2017);

<u>Chevron</u>, 467 U.S. at 842-43); <u>Ford Motor Co.</u>, 44 F. Supp. 3d at 1342.  If Congress's

intent is clear, "that is the end of the matter," and the Court "must give effect to the

unambiguously expressed intent of Congress."  <u>Id.</u>  The Court only proceeds to review the

reasonableness of an agency's construction of the statute if the statute is silent or

ambiguous.  <u>Id.</u>  In other words, the Court's review of the Remand Redetermination

concerning these alternative statutory bases is predicated on the Court's analysis of the

statutory text, and not whether Commerce has provided sufficient explanation of its

conclusion under the substantial evidence standard of review.

      Here, as the COALITION explained in its Reply Brief, the plain language of 19

U.S.C. §§ 1671d(c), 1675(b), and 1677f-1(e) is unambiguous that none of these provisions

provides Commerce the statutory authority to conduct CVD expedited reviews, as

described under 19 C.F.R. § 351.214(k).  <u>See</u> COALITION's Reply Brief at 8-12, ECF No.

127 (May 7, 2020).  In its Remand Redetermination, Commerce agrees that these

provisions do not provide the agency statutory authority, explaining that "{t}hese

provisions involve proceedings that are distinct from CVD expedited reviews in that they

have their own separate purposes, procedures, and timelines."  Remand Redetermination at

20-21.  Accordingly, under <u>Chevron</u> step one, the Court should find that these provisions

do not confer statutory authority for Commerce to promulgate the CVD expedited review

regulation and conduct CVD expedited reviews.  See YC Rubber Co., 487 F. Supp. 3d at 1372.

### 2.      19 U.S.C. § 1675(a)(1) Does Not Provide Authority for CVD Expedited Reviews

The Canadian Parties argue that the text of 19 U.S.C. § 1675(a)(1) "is broad enough to confer authority on the Department to issue the 19 CFR § 351.214(k) regulations and to conduct expedited reviews."  CPs' Comments on Remand Redetermination at 9.  However, this Court has explicitly dismissed this argument, holding 19 U.S.C. § 1675 "does not cover expedited reviews," and that "an expedited review 'is not an administrative review' conducted pursuant to 19 U.S.C. § 1675(a)(1)" for purposes of jurisdiction.  Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States, 413 F. Supp. 3d 1334, 1343 (Ct. Int'l Trade 2019).  That is, the plain language of section 1675(a)(1) is clear and unambiguous that it does not provide authority for CVD expedited reviews.

Under 19 U.S.C. § 1675(a)(1), reviews conducted pursuant to this provision are limited to those "beginning on the anniversary of the date of publication of a countervailing duty order under this title."  See 19 U.S.C. § 1675(a)(1).  Accordingly, in order to conduct a review under section 1675(a)(1), Commerce could not have begun its review until at least January 3, 2019, the "anniversary" of the CVD Order, which was published on January 3, 2018.  See Certain Softwood Lumber Products From Canada: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order, 83 Fed. Reg. 347 (Dep't Commerce Jan. 3, 2018) ("CVD Order").  However, Commerce initiated the CVD expedited review from which the Final Results arise on March 8, 2018 – two months after the publication of the CVD Order.  See Certain Softwood Lumber Products From Canada:

<u>Initiation of Expedited Review of the Countervailing Duty Order</u>, 83 Fed. Reg. 9,833

(Dep't Commerce Mar. 8, 2018) ("<u>Initiation of CVD Expedited Review</u>"), P.R. 94.

The Canadian Parties acknowledge this, but aver that "{n}othing in this {statutory}

language precludes reviews prior to the anniversary of the publication of an order{.}"  CPs'

Comments on Remand Redetermination at 8 (emphasis added).  The Court has squarely

rejected the argument that the lack of statutory prohibition confers an agency statutory

authority.  <u>See</u> Remand Opinion and Order at 18-21.  Indeed, as the Court stated,

"Commerce may not rely on statutory silence as a source of authority," because while

Congress may not have affirmatively barred Commerce from certain action, "Congress also

did not authorize Commerce to do so, and under settled principles of statutory construction,

the effect is the same."  <u>Id.</u> at 20 (citing <u>Agro Dutch Indus. v. United States</u>, 508 F.3d 1024,

1033 (Fed. Cir. 2007)).  "An agency literally has no power to act . . . unless and until

Congress confers power upon it."  <u>Id.</u>; <u>La. Pub. Serv. Comm'n v. FCC</u>, 476 U.S. 355, 374

(1986).

Because the language in 19 U.S.C. § 1675(a)(1) is unambiguous, the Court should

affirm that this provision does not provide authority for CVD expedited reviews.

### 3.      Section 103(b) of the URAA Does Not Provide Authority for CVD Expedited Reviews

The Canadian Parties reiterate the argument that section 103(b) of the URAA

confers statutory authority for CVD expedited reviews.  CPs' Comments on Remand

Redetermination at 12-19; <u>see</u> Canadian Governmental Parties Resp. at 12-14, ECF No.

120 (Apr. 10, 2020).  This Court has already rejected this argument, holding that section

103(b) does not confer authority because "the SAA does not propose any action to

implement CVD expedited reviews."  Remand Opinion and Order at 24.  Nevertheless, the

Canadian Parties ask the Court to "reconsider" its finding.  CPs' Comments on Remand Redetermination at 15.

Such a request is equivalent to a motion for reconsideration under USCIT Rule 59. See RHI Refractories Liaoning Co. v. United States, 752 F. Supp. 2d 1377, 1379 (Ct. Int'l Trade 2011).  "The circumstances that will trigger the court to grant the motion include 'an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice.'"  Id. at 1379-80 (quoting NSK Corp. v. United States, 593 F. Supp. 2d 1355, 1361 (Ct. Int'l Trade 2008)).  The motion "does not provide a losing party with a tool 'to repeat arguments or to relitigate issues previously before the court.'"  Id. at 1380 (quoting United States v. UPS Customhouse Brokerage, Inc., 714 F. Supp. 2d 1296, 1301 (Ct. Int'l Trade 2010)).

None of the circumstances that would justify a reconsideration are present here. The Canadian Parties' rationale for a reconsideration rests on two previously raised arguments: (1) section 101 of the URAA approves the SCM Agreement, CPs' Comments on Remand Redetermination at 15-16; Canadian Governmental Parties Resp. at 7-8; and (2) the Court should interpret the URAA to be consistent with the United States' international obligations.  CPs' Comments on Remand Redetermination at 16-19; Canadian Governmental Parties Resp. at 27-28.  Both of these arguments have been considered and explicitly rejected by the Court.  Remand Opinion and Order at 22-23.

As such, the Court should dismiss these arguments and affirm that section 103(b) of the URAA does not provide statutory authority for CVD expedited reviews.

**B.** **The Statute Authorizes Commerce to Assign an "All-Others" CVD Rate to Companies Not Individually Examined**

The Canadian Parties argue that even if the Court sustains Commerce's Remand Redetermination on statutory authority, the companies subject to the <u>Final Results</u> ("expedited review companies") should continue to enjoy the unlawful rates determined in the <u>Final Results</u>.  This is because "{t}he statute precludes the Department from imposing duties in excess of the net countervailable subsidies found to have been conferred on the subject merchandise."  CPs' Comments on Remand Redetermination at 21.  This argument is meritless.

As an initial matter, the statute authorizes Commerce to impose a CVD rate different from the net countervailable subsidies actually received by the company.  Specifically, 19 U.S.C. § 1677f-1(e) states that if "it is not practicable to determine individual countervailable subsidy rates {for each known exporter or producer of the subject merchandise} because of the large number or exporters or producers . . . ," Commerce may either: (1) select a few mandatory respondents and apply an "all-others" rate to the remainder of exporters or producers not individually examined; or (2) "determine a single country-wide subsidy rate to be applied to all exporters and producers." 19 U.S.C. § 1677f-1(e)(2).  In both circumstances, the "all-others" rate or the "country-wide" rate may not reflect the net countervailable subsidy actually received by all producers subject to that rate, because those producers' experiences were not individually examined.

Accordingly, the clear and unambiguous language of the statute authorizes Commerce to determine a CVD rate different from the amount of subsidies actually received by each producer or exporter of the subject merchandise.  To state otherwise

would impermissibly render section 1677f-1(e)(2) superfluous.  Agro Dutch, 508 F.3d at 1032 (holding that "the 'cardinal principle of statutory construction {is} that a statute ought . . . to be construed that . . . no clause, sentence, or word shall be superfluous.'") (internal citation omitted).

In addition, the Canadian Parties' argument is premised on the contention that "these reviews happened and cannot be erased from the record."  CPs' Comments on Remand Redetermination at 22.  But this argument is circular:  a review conducted ultra vires does not become a legitimate constraint on Commerce's other lawful determinations simply because a calculation exists as a result of that ultra vires proceeding.  If that were the case, the fundamental requirement that Commerce act pursuant to—and only pursuant to—the authority granted by Congress would be meaningless.  Section 1677f-1(e)(2) unambiguously allows Commerce to calculate an "all-others" rate and to assign that rate to companies not selected for individual examination in an investigation or administrative review.  The "General Rule" set forth at 19 U.S.C. § 1671(a) must be read in harmony with the overall statutory scheme and does not prevent Commerce from applying that unambiguous provision based on a calculation that had no justification or authority in law.  See, e.g., United States v. Morton, 467 U.S. 822, 828 (1984) ("We do not, however, construe statutory phrases in isolation; we read statutes as a whole.").

### C.     Reliance Interests Are Irrelevant under the "Firm Rule of Retroactivity" of Judicial Decisions

The Canadian Parties argue that even if the Court agrees with Commerce that the agency had acted in excess of its statutory authority in promulgating the CVD expedited review regulation and issuing the Final Results, such a decision should not apply retroactively, and that the expedited review companies should be allowed to retain their

rates and status under the <u>Final Results</u>.  CPs' Comments on Remand Redetermination at 23.  They reason that there are "significant reliance and equitable" interests at play, and the Court should take into account these interests "{i}n exercising its broad authority with respect to remedy."  <u>Id.</u>

These "reliance interest" arguments plainly ignore binding U.S. Supreme Court and U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") precedent that judicial decisions interpreting federal law "must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate {the court's} announcement of the rule."  <u>Harper v. VA Dep't of Taxation</u>, 509 U.S. 86, 97 (1993); <u>see also</u> <u>Rivers v. Roadway Express, Inc.</u>, 511 U.S. 298, 311-12 (1994) ("The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student."); <u>Heartland By-Products, Inc. v. United States</u>, 568 F. 3d 1360, 1365 (Fed. Cir. 2009) ("To the extent that the Court of International Trade held that our decision in <u>Heartland II</u> was not retroactive, the court was mistaken. Under general principles of law, judicial decisions are given retroactive effect.").  As the Federal Circuit explains, "judicial interpretations of existing statutes and regulations are routinely given retroactive application on the theory that courts do not make new law but simply state what the statutes and regulations meant before as well as after the court's decisions."  <u>SKF USA, Inc. v. United States</u>, 512 F.3d 1326, 1330 (Fed. Cir. 2007).

The Supreme Court has also made clear that the rule of retroactivity applies regardless of "'<u>whether litigants actually relied on an old rule or how they would suffer from retroactive application</u>' of a new one."  <u>Harper</u>, 509 U.S. at 96 n.9 (citing <u>James B. Beam Distilling Co. v. Georgia</u>, 501 U.S. 529, 543 (1991)) (emphasis added).  This is

because federal law should not be permitted to "'shift and spring' according to 'the particular equities of individual parties' claims{.}'" Id. at 97 (citing Beam, 501 U.S. at 543).  Similarly, in SKF USA, Inc., the Federal Circuit rejected SKF's argument that applying a prior judicial decision retroactively would "result in manifest injustice."  SKF USA, Inc., 512 F.3d at 1330-31.  The Federal Circuit reasoned that the Supreme Court has "established a firm rule of retroactivity" which does not allow for a "manifest injustice" exception.  Id. (citing Landgraf v. USF Film Prods., 511 U.S. 244, 279 n.32 (1994); Harper, 509 U.S. at 97).

The Supreme Court has also made clear that the "firm rule of retroactivity" applies at the remedial stage as well.  In Reynoldsville Casket Co. v. Hyde, 514 U.S. 749 (1995), Hyde acknowledged that the rule in Harper controlled, but argued that "the Court {may} simply {take} reliance interests into account in tailoring an appropriate remedy for a violation of federal law."  Hyde, 514 U.S. at 752.  The Hyde Court squarely rejected this argument, holding that there is no remedial exemption from the rule of retroactivity, because:

> If Harper has anything more than symbolic significance, how could virtually identical reliance, without more, prove sufficient to permit a virtually identical denial simply because it is characterized as a denial based on "remedy" rather than "nonretroactivity"?

Id. at 754.  The Court further held that "a remedy other than retroactive application of a prior decision can be awarded only in four specific circumstances":

> {there is} (1) an alternative way of curing the constitutional violation, or (2) a previously existing, independent legal basis (having nothing to do with retroactivity) for denying relief, or (3) as in the law of qualified immunity, a well-established general legal rule that trumps the new rule of law, which general rule reflects both reliance interests and other significant policy justifications, or (4) a principle of law . . . that limits the principle of retroactivity itself.

<u>Nat'l Fuel Gas Supply Corp. v. FERC</u>, 59 F.3d 1281 (D.C. Cir. 1995) (quoting and explaining <u>Hyde</u>, 514 U.S. at 759).

Here, the Canadian Parties aver that the expedited review companies participated in the proceeding "in reliance on" Commerce's past practice and statements asserting the agency's authority to conduct CVD expedited reviews, and as a result, incurred significant costs and made subsequent business decisions and decisions regarding their participation in the administrative reviews of the <u>CVD Order</u>.  <u>See</u> CPs' Comments on Remand Redetermination at 24-31.  The Canadian Parties further complain that the COALITION should have initiated this action sooner to help the expedited review companies save costs.[4] <u>Id.</u> at 28-29.

None of these arguments involve any of the four specific circumstances described in <u>Hyde</u> above.  <u>See Hyde</u>, 514 U.S. at 759.  Instead, as in <u>Hyde</u>, these arguments "offer no more than simple reliance . . . as a basis for creating an exception to <u>Harper</u>'s rule of retroactivity{.}"  <u>Id.</u>  In other words, as the <u>Hyde</u> Court stated, this is equivalent to

---

[4]  Under 28 U.S.C. § 2636(i), an action brought pursuant to 28 U.S.C. § 1581(i) "is barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues."  28 U.S.C. § 2636(i).  The COALITION filed the Summons and Complaint on July 15, 2019.  <u>See</u> Summons, ECF No. 1 (July 15, 2019); Complaint, ECF No. 2 (July 15, 2019).  Commerce initiated the CVD expedited review on March 8, 2018.  <u>Initiation of CVD Expedited Review</u>, 83 Fed. Reg. 9,833, P.R. 94.  As such, even if the Court were to determine that the "cause of action" accrued when Commerce initiated the CVD expedited review, the COALITION commenced this action well within the two-year statute of limitation.  Further, the COALITION raised the issue of statutory authority multiple times during the Commerce proceeding, including before Commerce initiated the review.  <u>See</u> Letter from Picard Kentz & Rowe LLP to Commerce, "Objection to the Department's Conduct of Expedited Reviews," C-122-858 (Expedited Review) (Jan. 23, 2018) ("Objection to the CVD Expedited Review"), P.R. 12.  Accordingly, the expedited review companies were placed on notice of such an issue and participated in the proceeding at their own risks.

claiming that "for no special reason, <u>Harper</u> does not apply." <u>Id.</u> Such arguments requesting the Court to simply ignore binding precedent must fail.[5]

### D.    Commerce's <u>Ultra Vires</u> Conduct of the CVD Expedited Review Is Not a Harmless Error

The Canadian Parties argue that Commerce's <u>ultra vires</u> promulgation of the CVD expedited review regulation and conduct of the CVD expedited review are nothing but a harmless error. CP's Comments on Remand Redetermination at 31-33. However, the cases on which the Canadian Parties rely demonstrate that the principle of harmless error applies in limited circumstances, such as when the Court reviews an agency's procedural errors, <u>see</u> <u>Cummins Engine Co. v. United States</u>, 83 F. Supp. 2d 1355, 1378-79 (Ct. Int'l Trade 1999), or when it determines that an agency decision, which the agency has proper statutory authority to issue, satisfies the substantial evidence standard regardless of the error. <u>See</u> <u>CP Kelco US, Inc. v. United States</u>, 24 F. Supp. 3d 1337, 1353-54 (Ct. Int'l Trade 2016).

Indeed, as the Federal Circuit explained in <u>Intercargo Ins. Co. v. United States</u>, 83 F.3d 391, 394 (Fed. Cir. 1996), another case to which the Canadian Parties cite, administrative actions must be set aside "for substantial procedural or substantive reasons."

---

[5]  The Canadian Parties cite to <u>Dep't of Homeland Sec. v. Regents of the Univ. of Cal.</u>, 140 S. Ct. 1891 (2020) to support its assertion that Commerce must take into account any reliance interests. However, the citation concerns the Department of Homeland Security's ("DHS") decision to terminate, among other things, the forbearance part of the Deferred Action for Childhood Arrivals ("DACA") program. <u>Id.</u> The Court noted that the DHS has authority and "considerable flexibility" in determining whether to forbear enforcement of immigration law as to individuals covered by DACA, and the issue turns on whether the DHS made that decision arbitrarily and capriciously. <u>Id.</u> at 1914-15. It is in this context that the Court directed the DHS to consider reliance interests. <u>Id.</u> at 1915. This case is therefore inapposite to the issue at hand. Commerce has no authority to conduct CVD expedited reviews, and the Court's decision interpreting federal law to confirm that Commerce has no statutory authority simply "'proclaims what the statute has meant since enactment.'" <u>SKF USA, Inc.</u>, 512 F.3d at 1330 (quoting <u>Halpern v. Principi</u>, 384 F.3d 1297, 1302 (Fed. Cir. 2004)). As such, the "firm rule of retroactivity" under <u>Harper</u> applies. <u>See</u> <u>Harper</u>, 509 U.S. at 97.

Commerce's promulgation of a regulation to create a whole new proceeding and its subsequent conduct of that proceeding without statutory authority are not a procedural defect, but a substantive unlawful agency action.  As such, the principle of harmless error is irrelevant to the Court's decision at hand.

Finally, the Canadian Parties suggest that the Court may "vacate the reviews" and "order Commerce to initiate new reviews under the appropriate authority (e.g., a changed circumstances review) and adopt the substantive results from the expedited review."  CP's Comments on Remand Redetermination at 32-33.  This argument is entirely circular. Commerce has correctly decided that it does not have statutory authority to conduct CVD expedited reviews (or the type of review described under 19 C.F.R. § 351.214(k)).  Remand Redetermination at 12.  As such, there is no "appropriate authority" for Commerce to initiate new reviews to "adopt the substantive results from the expedited review."  The Court should sustain Commerce' Remand Redetermination and vacate all findings and conclusions made in the <u>Final Results</u>, as discussed in the COALITION's Comments on Commerce's Remand Redetermination filed on March 19, 2021, ECF No. 182 (Mar. 19, 2021).

## III.   CONCLUSION

For the reasons discussed above, the COALITION respectfully requests that this Court sustain the Remand Redetermination finding that Commerce acted in excess of its statutory authority in promulgating 19 C.F.R. § 351.214(k) and in conducting the expedited review of the <u>CVD Order</u> on softwood lumber from Canada.  The COALITION further respectfully requests that this Court grant the relief requested in the proposed judgment attached in the COALITION's Comments on Remand Redetermination filed on March 19, 2021, ECF No. 182 (Mar. 19, 2021).

15

Respectfully Submitted,

/s/ Sophia J.C. Lin

Lisa W. Wang
Andrew W. Kentz
David A. Yocis
Nathaniel Maandig Rickard
Whitney M. Rolig
Sophia J.C. Lin
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1750 K Street NW
Suite 800
Washington, DC 20006
(202) 331-4040

Dated:  April 26, 2021

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**New York, New York**

| | | |
|---|---|---|
| **COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,** | ) ) ) ) ) ) ) | |
| **Plaintiff,** | ) ) | **Consol. Court No. 19-00122** |
| **v.** | ) ) | **Hon. Mark A. Barnett,** |
| **UNITED STATES,** | ) ) | **Chief Judge** |
| **Defendant,** | ) ) | |
| **and** | ) ) | |
| **FONTAINE INC., ET AL.,** | ) ) | |
| **Defendant-Intervenors.** | ) ) | |

## CERTIFICATE OF COMPLIANCE WITH THE WORD LIMITATION

I, Sophia J.C. Lin, hereby certify that these comments, exclusive of the table of contents, table of authorities, certifications of counsel, and counsel's signature block, but including headings, footnotes, and quotations contains 4,443 words, according to the word count function of the word processing program used to prepare this brief, and therefore complies with the word limitations as set forth in the Court's Remand Opinion and Order.

/s/ Sophia J.C. Lin
Sophia J.C. Lin
**PICARD KENTZ & ROWE LLP**
*Counsel to Plaintiff Committee*
*Overseeing Action for Lumber*
*International Trade Investigations or*
*Negotiations*