## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| and | ) ) | |
| FONTAINE INC., ET AL., | ) ) | Before:  Hon. Mark A. Barnett, Chief Judge Consol. Court No. 19-00122 |
| Consolidated Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| FONTAINE INC., ET AL., | ) ) | |
| Defendants-Intervenors. | ) ) | |

## JOINT STATUS REPORT

In accordance with the Court's June 16, 2023 order, ECF No. 212, the parties, the United

States, the Committee Overseeing Action for Lumber International Trade Investigations or

Negotiations' ("COALITION"), and the Government of Canada, Government of Québec,

Government of the Province of New Brunswick, Marcel Lauzon Inc. ("MLI"), Les Produits

Forestiers D&G Ltee ("D&G"), North American Forest Products Ltd. ("NAFP"), Parent-Violette

Gestion Ltee, Le Groupe Parent Ltee, Scierie Alexandre Lemay & Fils Inc. ("Lemay"), Fontaine

Inc. ("Fontaine"), and Mobilier Rustique (Beauce) Inc. ("Rustique") (collectively "Canadian Parties") respectfully submit this Joint Status Report.

## BACKGROUND

On April 25, 2023, the United States Court of Appeals for the Federal Circuit issued a decision in an appeal from this Court's prior decisions and held that Commerce possesses the statutory authority to conduct countervailing duty expedited reviews, *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States*, 66 F.4th 968, 977 (Fed. Cir. 2023).

Following the issuance of the Federal Circuit's decision, the Court issued its June 16, 2023 Order in which it requested that the parties confer and address the following issues: (1) "whether any claims previously briefed by the Parties and unaddressed by the court may be dismissed as moot or otherwise need not be decided," (2) "whether Parties believe that additional briefing would be appropriate to address any intervening events prior to the court issuing an opinion on any remaining claims," and (3) "any additional issues . . . that they consider relevant to the court's disposition of the remaining claims." *See* Order, ECF No. 212.

## JOINT STATUS REPORT

In accordance with the Court's instructions, the parties address each issue below.  Where the parties were unable to reach agreement, the parties have separately stated their positions.

1.   Whether any claims previously briefed by the Parties and unaddressed by the court may be dismissed as moot or otherwise need not be decided.  And, if so, whether further briefing is required.

   a.   Remaining claims from COALITION's complaint.  With respect to Counts 2, 3, and 4 of the COALITION's complaint, Ct. No. 19-00122, ECF No. 2, and opening and reply briefs, Ct. No. 19-00122, ECF No. 101–102, 127, the parties agree that the remaining

issues in COALITION's complaint are not moot and, therefore, remain to be decided.  Further, the parties agree that that no additional briefing is necessary.

The Canadian Parties respectfully request that the Court proceed to final judgment on all three counts based on the briefing previously submitted.

Defendant, the United States leaves it to the Court's discretion as to whether oral argument is necessary or desirable.

The COALITION also leaves it to the Court's discretion as to whether oral argument is necessary or desirable for the COALITION's claims.  However, the COALITION respectfully asks that if the Court were to permit an oral argument, such an oral argument should cover all five remaining claims (i.e., the COALITION's and the Canadian Parties' claims) in this consolidated case.

        b.     <u>Claims raised regarding Fontaine and Rustique</u>.  Regarding the issues raised by Fontaine, Ct. No. 19-00154, ECF No. 2, Ct. No. 19-00122, ECF No. 150–151, 152–153, Rustique, 19-00164, ECF No. 6, Ct. No. 19-00122, ECF No. 100, 126, Government of Canada, Ct. No. 19-00170, ECF No. 2, Ct. No. 19-00122, ECF No. 156, 132, and Government of Québec, Ct. No. 19-00168, ECF No. 2, Ct. No. 19-00122, ECF No. 145–147, the parties have agreed that the claims are not moot and, therefore, remain to be decided.  The parties also agree that no additional briefing is required.

The Canadian Parties further request that the Court proceed to oral argument as soon as feasible and note that the claims raised by (1) the Coalition; (2) Rustique, the Government of Canada, and the Government of Québec (Count I); and (3) Fontaine and the Government of Québec (Count II) in their separate complaints are distinct and may be heard and decided on parallel tracks.  The Canadian Parties leave it to the Court's discretion whether it believes these

167708.00612/132289311v.12

cases could be disposed of more efficiently by splitting the consolidated case into three separate

cases.

Defendant, the United States and the COALITION defer to the Court as to whether oral

argument is necessary or desirable, but respectfully submit that they would prefer not to separate

the claims raised by these parties.

2.      Additional issues the parties consider relevant to the Court's disposition of the
        remaining claims.

        a.   Canadian Parties' summary of status under the Court's August 18, 2021 Order

The Canadian Parties respectfully submit their summary of the current status of the

Court's August 18, 2021 Order.  Pursuant to the U.S. Department of Commerce's ("Commerce")

final results in *Certain Softwood Lumber Products from Canada: Final Results of Countervailing*

*Duty Expedited Review*, 84 Fed. Reg. 32,121 (Dep't Commerce Jul. 5, 2019) ("Final Results"),

MLI, D&G, NAFP, and Lemay were excluded from the countervailing duty order on softwood

lumber from Canada, and were not required to post estimated countervailing duties from that

date.  In its August 18, 2021 Order, the Court directed that these four Canadian companies be

reinstated in the countervailing duty order prospectively, and that Commerce impose going

forward a cash deposit requirement based on the all-others rate from the investigation, or the

company-specific rate determined in the most recently completed administrative review in which

the company was reviewed.  *Comm. Overseeing Action for Lumber Int'l Trade Investigations or*

*Negotiations v. United States*, 535 F. Supp. 3d 1336, 1362–63 (Ct. Int'l Trade 2021).  Commerce

implemented the Court's instructions effective as of August 28, 2021.  *Certain Softwood Lumber*

*Products from Canada: Notice of Court Decision Not in Harmony With the Final Results of*

*Countervailing Duty Expedited Review; Notice of Rescission of Final Results of Expedited*

*Review; Notice of Amended Cash Deposit Rates*, 86 Fed. Reg. 48,396, 48,397 (Dep't Commerce

Aug. 30, 2021).  The cash deposit requirements determined in the softwood lumber from Canada order were reinstated prospectively for all four companies from August 28, 2021.

        b.   Canadian Parties' request for restoration of the *status quo ante*

The Canadian Parties submit that because the Federal Circuit has held that Commerce has statutory authority to conduct countervailing duty expedited reviews, *Comm. Overseeing Action for Lumber*, 66 F.4th at 977 (Fed. Cir. 2023), in order to restore the *status quo ante*, this Court should direct Commerce to (1) again exclude MLI, D&G, NAFP, and Lemay from the softwood lumber from Canada order retroactive to August 28, 2021, and (2) immediately instruct CBP to cease collecting countervailing duty cash deposits, consistent with Commerce's Final Results. The Canadian Parties submit that such action is consistent with Commerce's Final Results and the Federal Circuit's decision.

        c.   Government position on Canadian Parties' request

At this time, the Government takes no position regarding the Canadian Parties' request for restoration of the *status quo ante* and their proposed language for any instructions to be issued to CBP.  Commerce will take appropriate action under the appellate court's decision.

        d.   COALITION position on Canadian Parties' request

The COALITION objects to the Canadian Parties' request for restoration of the *status quo ante* and their proposed language for any instructions to be issued to CBP.  In the Court's August 18, 2021 Order, the Court held that "the tripartite interests of domestic producers, foreign exporters/producers, and the U.S. government is a characteristic of trade cases and sets trade cases apart from" other cases that are subject to the general principle of retroactivity of court decisions.  *Comm. Overseeing Action for Lumber*, 535 F.Supp.3d at 1362.  No parties appeal

167708.00612/132289311v.12

this aspect of the decision. As such, it appears that the Court's ruling on the prospective

application of the court's decisions in this case stands.

Nevertheless, the COALITION does not believe that the Joint Status Report is the

appropriate vehicle for litigating (1) whether the Court should issue an order, prior to a final

judgment, to determine the disposition of the companies whose subsidy rates under the Final

Results are still under dispute, or (2) whether such an order or the final judgment should be

applied prospectively or retroactively. The COALITION respectfully asks that the Court require

the Canadian Parties to submit a motion for the additional relief requested and permit the other

parties an opportunity to respond to such a motion, so that all parties may fully present their legal

arguments on these issues for the Court's consideration.

Respectfully submitted,

On behalf of the United States:

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General


/s/Patricia M. McCarthy by Claudia
Burke
PATRICIA M. McCARTHY
Director

6

NIKKI KALBING
Assistant Chief Counsel
U.S. Department of Commerce
Office of the Chief Counsel for
Trade Enforcement & Compliance
Washington, D.C. 20230

/s/ Elizabeth Anne Speck
ELIZABETH ANNE SPECK
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 307-0369
Email: elizabeth.speck@usdoj.gov

*Attorneys for Defendant*

On behalf of the Government of Canada:

/s/ Joanne E. Osendarp
Joanne E. Osendarp
Blank Rome, LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-258
Email:
Joanne.osendarp@blankrome.com

*Counsel to Consolidated-Plaintiff
and Defendant-Intervenor
Government of Canada*

On behalf of the Government of Québec:

/s/ Nancy A. Noonan
Nancy A. Noonan
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006-5344
(202) 857-6479
Fax: (202) 857-6395
Email: nancy.noonan@afslaw.com

*Counsel to Consolidated-Plaintiff
and Defendant-Intervenor
Government of Québec*

167708.00612/132289311v.12

On behalf of Government of the Province of
New Brunswick:

/s/Stephan E. Becker
Stephan E. Becker
Pillsbury Winthrop Shaw Pittman
LLP
1200 17th Street, NW
Washington, DC 20036
(202) 663-8277
Fax: (202) 663-8007
Email:
Stephan.becker@pillsburylaw.com

*Counsel to Defendant-Intervenor
Government of the Province of New
Brunswick*

On behalf of Marcel Lauzon Inc. and Les Produits
Forestiers D&G Ltee:

/s/Edward M. Lebow
Edward M. Lebow
Haynes & Boone, LLP
800 17th Street, NW
Suite 500
Washington, DC 20006
(202) 654-4514
Fax: (202) 654-4244
Email:
ed.lebow@haynesboone.com

*Counsel to Defendant-Intervenors
Marcel Lauzon Inc. and Les Produits
Forestiers D&G Ltee*

On behalf of North American Forest Products Ltd.,
Parent-Violette Gestion Ltee, and Le Groupe Parent
Ltee:

/s/Richard L.A. Weiner
Richard L.A. Weiner/Rajib Pal
Sidley Austin, LLP
1501 K Street, NW
Washington, DC 20005-1401
(202) 736-8711
Email: rweiner@sidley.com

*Counsel to Defendant-Intervenors
North America Forest Products Ltd.,
Parent-Violette Gestion Ltee, and Le
Groupe Parent Ltee*

167708.00612/132289311v.12

On behalf of Scierie Alexandrew Lemay & Fils Inc.:

/s/ Yohai Baisburd
Yohai Baisburd
Cassidy Levy Kent (USA) LLP
900 19th Street, NW
Suite 400
Washington, DC 20006-2110
(202) 567-2319
Fax: (202) 567-2301
Email: ybaisburd@cassidylevy.com

*Counsel to Defendant-Intervenor*
*Scierie Alexandre Lemay & Fils Inc.*

On behalf of Fontaine Inc.:

/s/Mark B. Lenhardt
Mark B. Lehnardt
Law Offices of David L. Simon,
PLLC
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
(202) 642-4850
Email:
MarkLehnardt@DLSimon.com

*Counsel to Consolidated-Plaintiff*
*and Defendant-Intervenor Fontaine*
*Inc.*

On behalf of Mobilier Rustique (Beauce) Inc.:

/s/John R. Magnus
John R. Magnus
Tradewins LLC
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 744-0368
Email: jmagnus@tradewinsllc.net

*Counsel to Consolidated-Plaintiff*
*and Defendant-Intervenor Mobilier*
*Rustique (Beauce) Inc.*

9

On behalf of COALITION:

/s/ Sophia J.C. Lin
Sophia J.C. Lin
Andrew W. Kentz
David A. Yocis
Nathaniel Maandig Rickard
Whitney M. Rolig
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1750 K St., N.W.
Suite 800
Washington, DC 20006
(202) 331-5033

*Counsel to Plaintiff COALITION*

Dated:  August 7, 2023

167708.00612/132289311v.12