# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,<br><br>*Plaintiff*,<br><br>FONTAINE INC., ET AL.,<br><br>*Consolidated Plaintiffs*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*,<br><br>and<br><br>FONTAINE INC., ET AL.,<br><br>*Defendant-Intervenors*. | Consol. Court No. 19-00122 |

## MOTION TO REINSTATE EXCLUSION FROM COUNTERVAILING DUTY ORDER PENDING RESOLUTION OF LITIGATION

| | | |
|---|---|---|
| Yohai Baisburd<br>Jonathan M. Zielinski<br>James E. Ransdell<br><br>CASSIDY LEVY KENT (USA) LLP<br>900 19th Street, N.W.<br>Suite 400<br>Washington, D.C. 20006<br>(202) 567-2300 (phone)<br>(202) 567-2301 (fax)<br>ybaisburd@cassidylevy.com<br><br>*Counsel to Scierie Alexandre Lemay & Fils Inc.* | Rajib Pal<br>James Mendenhall<br>Justin R. Becker<br><br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, DC 20005<br>(202) 736-8000 (phone)<br>(202) 736-8711 (fax)<br>rpal@sidley.com<br><br>*Counsel to North American Forest Products Ltd.* | Edward M. Lebow<br><br>HAYNES AND BOONE, LLP<br>800 17th Street, N.W.<br>Suite 500<br>Washington, DC 20006<br>(202) 654-4514 (phone)<br>(202) 654-4244 (fax)<br>ed.lebow@haynesboone.com<br><br>*Counsel to Marcel Lauzon Inc. and Les Produits Forestiers D&G Ltée* |

Dated: October 6, 2023

**Table of Contents**

Page

I. Procedural Posture ................................................................................................... 2

II. Legal Standard ......................................................................................................... 4

III. Request for Relief .................................................................................................... 5

IV. Conclusion ............................................................................................................... 8

## Table of Authorities

Page(s)

Regulations

19 C.F.R. § 351.214(k) ...................................................................................................2

Court Decisions

*Butler v. Eaton*, 141 U.S. 240 (1891) ..............................................................................5

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 66 F.4th 968 (Fed. Cir. 2023) ....................................................... *passim*

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 393 F. Supp. 3d 1271 (Ct. Int'l Trade 2019).........................................8

*Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v. United States*, 483 F. Supp. 3d 1253 (Ct. Int'l Trade 2020) ................................................................................................................2

*Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v. United States*, 535 F. Supp. 3d 1336 (Ct. Int'l Trade 2021) ..........................................................................................................2, 6

*Horne v. Flores*, 557 U.S. 433 (2009) .........................................................................4, 7

*Invenergy Renewables LLC v. United States*, 450 F. Supp. 3d 1347 (Ct. Int'l Trade 2020) .......................................................................................................................7

*Khadr v. United States*, 529 F.3d 1112 (D.C. Cir. 2008).............................................. 4-5

*Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289 (Fed. Cir. 2013) .................................................................................................................4

*Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642 (1961).................................................................................................................5

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008) .........................................8

Administrative Determinations

*Certain Softwood Lumber Products From Canada: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 347 (Jan. 3, 2018) ................................................................................. *passim*

*Certain Softwood Lumber Products From Canada: Final Results and Final Rescission, in Part, of the Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg. 50,103 (Aug. 1, 2023) ................................................................................ 5-6

*Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty Expedited Review*, 84 Fed. Reg. 32,121 (July 5, 2019) ....................... *passim*

*Certain Softwood Lumber Products From Canada: Notice of Court Decision Not in Harmony With the Final Results of Countervailing Duty Expedited Review; Notice of Rescission of Final Results of Expedited Review; Notice of Amended Cash Deposit Rates*, 86 Fed. Reg. 48,396 (Aug. 30, 2021) ............................. *passim*

Other Court Materials

Rule 1 of the Rules of the U.S. Court of International Trade ....................................................... 1, 5

Rule 7 of the Rules of the U.S. Court of International Trade ........................................................... 1

Rule 60(b)(5) of the Rules of the U.S. Court of International Trade .................................... *passim*

Rule 60(c) of the Rules of the U.S. Court of International Trade .................................................... 4

Other Materials

36 C.J.S. Federal Courts § 739 ................................................................................................... 4-5

**MOTION TO REINSTATE EXCLUSION FROM COUNTERVAILING DUTY ORDER PENDING RESOLUTION OF LITIGATION**

Pursuant to Rules 1, 7, and 60(b)(5) of the Rules of the U.S. Court of International Trade (the "CIT Rules"), Defendant-Intervenors Scierie Alexandre Lemay & Fils Inc. ("Lemay"), Marcel Lauzon Inc. ("MLI"), Les Produits Forestiers D&G Ltee ("D&G"), and North American Forest Products Ltd. with its cross-owned affiliates Parent-Violette Gestion Ltée and Le Groupe Parent Ltée (collectively, "NAFP") (together collectively, the "Originally Excluded Parties"), hereby move this Court to relieve the Originally Excluded Parties from the effects of certain Orders accompanying this Court's August 18, 2021, Judgment for Plaintiff.  *See* "Judgment," ECF Doc. 194 (Aug. 18, 2021).  The Orders directing the U.S. Department of Commerce ("Commerce") to reinstate the Originally Excluded Parties in the countervailing duty ("CVD") order on certain softwood lumber products from Canada, *Certain Softwood Lumber Products From Canada: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 347, 348 (Jan. 3, 2018) ("*CVD Order*"), and impose cash deposit requirements were "based on an earlier judgment that has been reversed" by the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit").  *See* CIT R.60(b)(5); *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 66 F.4th 968, 979 (Fed. Cir. 2023) ("*Coalition CAFC*").  As such, the Originally Excluded Parties respectfully request that this Court enter a further Order restoring the *status quo ante* that existed prior to this Court's August 18, 2021, Judgment, during the remainder of this litigation. Specifically, the Originally Excluded Parties request that, while this Court considers the remaining claims in this litigation, it restore the final results of Commerce's CVD expedited reviews, *Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty Expedited Review*, 84 Fed. Reg. 32,121 (July 5, 2019) ("*Final Results*"), by directing

Commerce to: (1) again exclude the Originally Excluded Parties from the *CVD Order*, retroactive to August 28, 2021, and (2) immediately instruct U.S. Customs and Border Protection ("CBP") to cease collecting CVD cash deposits. Doing otherwise effectively grants injunctive relief to Plaintiff that this Court denied at the outset of this litigation.

**I.  Procedural Posture**

Responding to requests from the Originally Excluded Parties, Commerce conducted expedited reviews of the *CVD Order* on softwood lumber products from Canada pursuant to 19 C.F.R. § 351.214(k). Relevant to this motion, Commerce's *Final Results* calculated *de minimis* countervailable subsidy rates for each of the Originally Excluded Parties and "determine{d} to exclude D&G, MLI, NAFP,…and Lemay from the CVD order." *Final Results*, 84 Fed. Reg. at 32,122, and accompanying Issues and Decision Memorandum ("IDM"). Consequent to the Originally Excluded Parties' exclusion from the *CVD Order*, Commerce instructed CBP, among other measures, "to discontinue the suspension of liquidation and the collection of cash deposits of estimated countervailing duties on all shipments of softwood lumber produced and exported by D&G, MLI, NAFP,… and Lemay, entered, or withdrawn from warehouse, for consumption on or after {July 5, 2019}." *Id.*

Plaintiff, the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("COALITION"), initiated CIT Ct. No. 19-00122 to challenge Commerce's *Final Results*. Among the COALITION's claims was a challenge to Commerce's statutory authority to conduct CVD expedited reviews. The COALITION prevailed in this claim before this Court. *See Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v. United States*, 483 F. Supp. 3d 1253, 1263-67 (Ct. Int'l Trade 2020); *Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v. United States*, 535 F. Supp. 3d 1336, 1355-63 (Ct. Int'l Trade 2021) ("*Coalition*

2

*IV*").  In relevant part, this Court's Judgment vacated both Commerce's *Final Results* and the regulation under which Commerce had conducted the CVD expedited reviews, and ordered Commerce to "reinstate the {Originally Excluded Parties} in the *CVD Order* prospectively" and begin collecting cash deposits.  *See* "Judgment," ECF Doc. 194 (Aug. 18, 2021) at 1-2.  Commerce took this action, applicable on August 28, 2021.  *Certain Softwood Lumber Products From Canada: Notice of Court Decision Not in Harmony With the Final Results of Countervailing Duty Expedited Review; Notice of Rescission of Final Results of Expedited Review; Notice of Amended Cash Deposit Rates*, 86 Fed. Reg. 48,396, 48,396 (Aug. 30, 2021) ("*Notice of Rescission*").  As a result, the Originally Excluded Parties have been, and continue to be, obligated to pay CVD cash deposits on their entries of softwood lumber into the United States since August 28, 2021.

Defendant-Intervenors appealed this Court's Opinion and Judgment to the Federal Circuit.  *See* "Notice of Appeal," ECF Doc. 199 (Oct. 18, 2021).  After briefing and oral argument, the Federal Circuit issued an opinion "revers{ing} the judgment of the Trade Court" and "hold{ing} that Commerce had statutory authority to adopt the expedited review procedures." *Coalition CAFC*, 66 F.4th at 971, 979.  The Federal Circuit remanded this matter to the CIT for "such further proceedings as required in the consolidated cases as a result of this holding," *id.* at 979, whereupon, pursuant to Order of this Court, the parties issued a joint status report summarizing the outstanding claims, *see* "Joint Status Report," ECF Doc. 220 (Aug. 7, 2023).  Included in the Joint Status Report was a summary previewing the request set forth in this Motion.  *See id.* at 5.

The Originally Excluded Parties now move this Court to reverse the ongoing harm to the Originally Excluded Parties as a result of the Orders contained in this Court's Judgment directing

3

Commerce to "reinstate the {Originally Excluded Parties} in the *CVD Order* prospectively" and begin collecting cash deposits. *See* "Judgment," ECF Doc. 194 (Aug. 18, 2021) at 1-2. This motion is timely filed "within a reasonable time," because the Originally Excluded Parties have submitted this motion shortly after the Court indicated that there might be an oral argument in late January – nearly four months from now. *See* CIT R.60(c).

## II. Legal Standard

In response to a motion, CIT Rule 60(b)(5) permits this Court, in relevant part, to "relieve a party…from…{an} order…for the following reasons: … {(ii)} it is based on an earlier judgment that has been reversed or vacated; or {(iii)} applying it prospectively is no longer equitable…" Clauses (ii) and (iii) are independently sufficient grounds for relief.[1] *Horne v. Flores*, 557 U.S. 433, 454 (2009) (applying the Federal Rules of Civil Procedure). While relief from a court order under CIT Rule 60(b) is generally discretionary, *see, e.g.*, *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1293 (Fed. Cir. 2013) (applying Federal Circuit law), the Originally Excluded Parties respectfully submit that the Judgment represents an "erroneous conclusion{} of law," such that perpetuating the constraints set forth in the Judgment document vis-à-vis the Originally Excluded Parties would be "clearly unreasonable" or "arbitrary." *See id.* (explaining what constitutes an "abuse of discretion"); 36 C.J.S. Federal

---

[1] The Originally Excluded Parties note an open technical question concerning whether they are requesting relief from a "Judgment" or an "Order." The Orders at issue appear listed on this Court's August 18, 2021, Judgment document. The Federal Circuit's opinion characterized its reversal as applicable to both that "judgment" and, more generally, "the Trade Court's decision." *Coalition CAFC*, 66 F.4th at 971 ("We therefore reverse the judgment of the Trade Court…"); *id.* at 979 ("we reverse the Trade Court's decision…"). Insofar as the Orders at issue appear on the Judgment document reversed by the Federal Circuit, this would appear to extend to the Orders themselves. *See* 36 C.J.S. Federal Courts § 739; *Khadr*, 529 F.3d at 1115. Whether this motion is construed as requesting relief from a "judgment" or from "orders" that appear on the judgment document, the rationale for granting the relief sought by the Originally Excluded Parties is materially identical.

Courts § 739 ("The effect of a general and unqualified reversal of a judgment, order, or decree by the court of appeals is to nullify it completely and to leave the cause standing as if it had never been rendered…."); *see also, e.g.*, *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("It has long been well established that the reversal of a lower court's decision sets aside that decision, leaves it 'without any validity, force, or effect,' and requires that it be treated thereafter as though it never existed.") (quoting *Butler v. Eaton*, 141 U.S. 240, 244 (1891)).  As a final note, courts also have inherent power and discretion to modify orders for changed circumstances.  *See, e.g.*, *Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 646-47 (1961).

**III.  Request for Relief**

The CIT Rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  CIT R.1.  At present, despite Commerce having calculated *de minimis* subsidy rates for each of the Originally Excluded Parties in connection with the *Final Results* and thereupon granted exclusions from the *CVD Order*, the Originally Excluded Parties are nevertheless being required to pay cash deposits as if they *were* subject to the *CVD Order*, by operation of "an earlier judgment that has been reversed…."  *See* CIT R.60(b)(5); "Judgment," ECF Doc. 194 (Aug. 18, 2021) at 2; *Notice of Rescission*, 86 Fed. Reg. at 48,396; *Coalition CAFC*, 66 F.4th at 979.  This is inconsistent with CIT Rule 1 because it poses a significant hardship to the Originally Excluded Parties, which are currently required to pay cash deposit rates of 1.79% (for Lemay, MLI, D&G), *see Certain Softwood Lumber Products From Canada: Final Results and Final Rescission, in Part, of the Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg. 50,103, 50,106 (Aug. 1, 2023) ("*CVD AR 2021 Final*"), and 14.19% (for

5

NAFP), *see CVD Order*, 83 Fed. Reg. at 348,[2] in connection with any entries of softwood lumber pending resolution of this litigation. It is, therefore, precisely the sort of situation that CIT Rule 60(b)(5) is designed to empower this Court to relieve.

The rationale for imposing the burdens of the *CVD Order* on the Originally Excluded Parties no longer applies. This Court ordered such action in connection with its Opinion and Judgment that Commerce's CVD expedited reviews exceeded Commerce's statutory authority and must be prospectively vacated. *See Coalition IV*, 535 F. Supp. 3d at 1355-63; "Judgment," ECF Doc. 194 (Aug. 18, 2021). But the Federal Circuit has since reversed that Judgment and held that Commerce in fact had statutory authority to conduct the CVD expedited reviews; and remanded the matter for further proceedings. *Coalition CAFC*, 66 F.4th at 979. As such the "order….is based on an earlier judgment that has been reversed," CIT R.60(b)(5), and the Federal Circuit's remand reinvests this Court with power to issue an order to reverse the steps taken by Commerce and CBP in response to the Orders appearing in this Court's August 18, 2021, Judgment. *See Coalition CAFC*, 66 F.4th at 979; "Mandate," CAFC Ct. Nos. 2022-1021, 2022-1068, 2022-1078 (June 16, 2023).

In the light of the Federal Circuit's reversal and remand, no court has identified any legal infirmity with the *Final Results* that could warrant denying the Originally Excluded Parties the

---

[2] Since being reinstated to the *CVD Order*, NAFP has remained subject to the 14.19% "all others" cash deposit rate established by Commerce's original CVD investigation. NAFP has been unable to obtain a new cash deposit rate in a subsequent administrative review, *see CVD AR 2021 Final*, 88 Fed. Reg. at 50,103 (rescinding the 2021 CVD administrative review as to NAFP due to the lack of evidence of shipments during the period of review). In fact, as a result of the rescission of the 2021 CVD administrative review for NAFP, Commerce issued liquidation instructions to CBP to liquidate NAFP's 2021 entries "at the {CVD} cash deposit rate required at the time of entry." ACE AD/CVD Message No. 3256401 (Sept. 13, 2023). Absent the relief requested from this Court, NAFP's 2021 entries remain at risk of being liquidated at a CVD rate of 14.19% when NAFP should rightfully be excluded from the *CVD Order*.

benefits of those *Final Results* during the pendency of this litigation.  The Originally Excluded Parties therefore submit, in the alternative, that enforcement of the Orders associated with the August 18, 2021, Judgment "is no longer equitable."  CIT R.60(b)(5); *see Invenergy Renewables LLC v. United States*, 450 F. Supp. 3d 1347, 1361 (Ct. Int'l Trade 2020) ("USCIT Rule 60(b)(5) allows the court to relieve a party from a judgment where factual or legal circumstances have sufficiently changed such that continued enforcement of the injunctive relief would be inequitable.").[3]

From an administrative standpoint, reversing the Originally Excluded Parties' inclusion in the *CVD Order* would not pose an undue burden.  For Commerce, it is simply a matter of transmitting updated instructions to CBP.  *See, e.g.*, ACE AD/CVD Message No. 1244401 (Sept. 1, 2021) (Commerce's instructions to CBP effectuating the *Notice of Rescission*).  For CBP, redesignating the Originally Excluded Parties' entries would be easy to accomplish insofar as they are identified by company-specific case numbers (*e.g.*, C-122-858-259 for Lemay) in CBP's Automated Commercial Environment.

To be sure, the COALITON still has outstanding claims that it intends to litigate.[4]  *See* "Joint Status Report," ECF Doc. 220 (Aug. 7, 2023) at 2-3.  From a practical standpoint, the current situation is thus akin to this Court having granted the COALITION a preliminary

---

[3] The "equitability" clause of CIT R. 60(b)(5) specifically concerns "prospective" application of the orders at issue.  *See* CIT R. 60(b)(5).  However, the "equitability" and "reversal" clauses of CIT Rule 60(b)(5) are independent grounds for relief, *Horne*, 557 U.S. at 454, such that relief based on the "reversal" clause is not limited to prospective application.  Because the Originally Excluded Parties consider the reversal of the August 18, 2021, Judgment to warrant relieving the Originally Excluded Parties from the aspects of the August 18, 2021, Orders identified above— both retrospectively and prospectively, the Originally Excluded Parties have raised the "equitability" clause as a basis for relief only in the alternative.

[4] Canadian parties also have claims of their own, *see* "Joint Status Report," ECF Doc. 220 (Aug. 7, 2023) at 3-4, but none of these claims go to the legal authority to conduct expedited reviews.

7

injunction—without the COALITION having ever established its satisfaction of any of the four factors governing such relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Indeed, at the outset of this litigation, this Court previously denied the COALITION's request for an injunction suspending liquidation. In doing so, this Court recognized that:

> If Plaintiff prevails in this case, the {Originally Excluded Parties} excluded from the order by the expedited review would be reinstated in the CVD Order with the concomitant collection of cash deposits and suspension of liquidation. Thus, liquidation of entries during the interim period would not moot Plaintiff's claims and, absent evidence demonstrating specific, irreparable harm from liquidation of those entries, Plaintiff is not entitled to an injunction barring liquidation of such entries.

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 393 F. Supp. 3d 1271, 1278 (Ct. Int'l Trade 2019). This Court should not allow the COALITION to gain by default more than it was due by application of the relevant legal standards nor should the Originally Excluded Parties be subject to additional months of cash deposits because the COALITION requested a delay in any oral argument. Whereas the COALITION may be "made whole" regardless of the outcome of this litigation, there is no reasonable basis for continuing to subject the Originally Excluded Parties to the terms of a *CVD Order* from which they were excluded by Commerce's *Final Results*, an administrative determination that no court has held to be unlawful or unsupported by substantial evidence.

**IV. Conclusion**

The Originally Excluded Parties move this Court for narrow relief necessary to restore the *status quo ante* before this Court issued the August 18, 2021, Judgment that the Federal Circuit recently reversed. *See* CIT R.60(b)(5). Specifically, the Originally Excluded Parties respectfully request this Court to order that Commerce (1) again exclude MLI, D&G, NAFP, and Lemay from the softwood lumber from Canada *CVD Order* retroactive to August 28, 2021, and

8

(2) immediately instruct CBP to cease collecting countervailing duty cash deposits, consistent with Commerce's *Final Results*.

\*     \*     \*

Respectfully submitted,

| /s/ Yohai Baisburd | /s/ Rajib Pal | /s/ Edward M. Lebow |
|---|---|---|
| Yohai Baisburd<br>Jonathan M. Zielinski<br>James E. Ransdell | Rajib Pal<br>James Mendenhall<br>Justin R. Becker | Edward M. Lebow |
| CASSIDY LEVY KENT (USA) LLP<br>900 19th Street, N.W.<br>Suite 400<br>Washington, D.C. 20006<br>(202) 567-2300 (phone)<br>(202) 567-2301 (fax)<br>ybaisburd@cassidylevy.com<br><br>*Counsel to Scierie Alexandre Lemay & Fils Inc.* | SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, DC 20005<br>(202) 736-8000 (phone)<br>(202) 736-8711 (fax)<br>rpal@sidley.com<br><br>*Counsel to North American Forest Products Ltd.* | HAYNES AND BOONE, LLP<br>800 17th Street, N.W.<br>Suite 500<br>Washington, DC 20006<br>(202) 654-4514 (phone)<br>(202) 654-4244 (fax)<br>ed.lebow@haynesboone.com<br><br>*Counsel to Marcel Lauzon Inc. and Les Produits Forestiers D&G Ltée* |

October 6, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,<br><br>        *Plaintiff*,<br><br>FONTAINE INC., ET AL.,<br><br>        *Consolidated Plaintiffs*,<br><br>    v.<br><br>UNITED STATES,<br><br>        *Defendant*,<br><br>    and<br><br>FONTAINE INC., ET AL.,<br><br>        *Defendant-Intervenors*. | Consol. Court No. 19-00122 |

**PROPOSED ORDER**

    The Court, after due deliberation, having considered the Motion to Reinstate Exclusion from Countervailing Duty Order Pending Resolution of Litigation filed by Defendant-Intervenors Scierie Alexandre Lemay & Fils Inc. ("Lemay"), Marcel Lauzon Inc. ("MLI"), Les Produits Forestiers D&G Ltee ("D&G"), and North American Forest Products Ltd. with its cross-owned affiliates Parent-Violette Gestion Ltée and Le Groupe Parent Ltée (collectively, "NAFP"), and all responses thereto, it is hereby

    **ORDERED** that the U.S. Department of Commerce ("Commerce") issue a *Timken*-like Notice excluding Lemay, MLI, D&G, and NAFP from the countervailing duty order on softwood lumber products from Canada, *Certain Softwood Lumber Products From Canada: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 347, 348 (Jan. 3, 2018); and it is further

2

**ORDERED** that Commerce instruct U.S. Customs and Border Protection ("CBP") to discontinue the suspension of liquidation and the collection of cash deposits of estimated countervailing duties on all shipments of softwood lumber produced and exported by Lemay, MLI, D&G, and NAFP, entered, or withdrawn from warehouse, for consumption on or after August 28, 2021, the effective date of *Certain Softwood Lumber Products From Canada: Notice of Court Decision Not in Harmony With the Final Results of Countervailing Duty Expedited Review; Notice of Rescission of Final Results of Expedited Review; Notice of Amended Cash Deposit Rates*, 86 Fed. Reg. 48,396 (Aug. 30, 2021); and it is further

**ORDERED** that Commerce instruct CBP to liquidate, without regard to countervailing duties, all suspended entries of shipments of softwood lumber produced and exported by Lemay, MLI, D&G, and NAFP.

_____
Mark A. Barnett, Judge

Dated: _____
         New York, New York