UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| **COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,** | |
| Plaintiff, | |
| and | |
| **FONTAINE INC., ET AL.,** | |
| Consolidated Plaintiffs, | **Consol. Court No. 19-00122** |
| v. | |
| **UNITED STATES,** | |
| Defendant, | |
| and | |
| **FONTAINE INC., ET AL.,** | |
| Defendant-Intervenors. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO REINSTATE EXCLUSION FROM COUNTERVAILING DUTY ORDER PENDING RESOLUTION OF LITIGATION**

Andrew W. Kentz
Sophia J.C. Lin
Jessica M. Link
Nathaniel Maandig Rickard
Whitney M. Rolig
Zachary J. Walker
David A. Yocis

**PICARD KENTZ & ROWE LLP**
1750 K Street NW, Suite 800
Washington, DC 20006
(202) 331-4040

*Counsel to the COALITION*

October 27, 2023

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

I.     INTRODUCTION ................................................................................................ 1

II.    LEGAL STANDARD ........................................................................................... 1

III.   ARGUMENT ........................................................................................................ 4

       A.     The Canadian Parties Have Failed to Demonstrate that Changed Circumstances
              Exist .......................................................................................................... 4

       B.     The Canadian Parties Are Not Entitled to Retroactive Relief............................. 6

       C.     The Canadian Parties Have Failed to Demonstrate that the Application of a
              Judgment Is No Longer Equitable ........................................................... 7

       D.     The Canadian Parties' Reliance on USCIT Rule 1 Is Inapposite............................ 9

IV.    CONCLUSION ................................................................................................... 10

## **TABLE OF AUTHORITIES**

### **Cases**

Agostini v. Felton,
    521 U.S. 203 (1997)................................................................................................ 2

Am. Council of the Blind v. Mnuchin,
    878 F.3d 360 (D.C. Cir. 2017) ............................................................................. 6

Ashland Oil, Inc. v. Delta Oil Prod. Corp.,
    806 F.2d 1031 (Fed. Cir. 1986) ................................................................... 3, 4, 5

Blonder-Tongue Lab'ys, Inc. v. Univ. of Illinois Found.,
    402 U.S. 313 (1971).............................................................................................. 4

Church & Dwight Co. v. United States,
    29 CIT 174, 362 F. Supp. 2d 1360 (2005) ......................................................... 4, 9

Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negot. v. United States,
    393 F. Supp. 3d 1271 (Ct. Int'l Tr. 2019).......................................................... 7, 8

CTS Corp. v. Piher Int'l Corp.,
    727 F.2d 1550 (Fed. Cir. 1984) ........................................................................... 3

Daubert v. Schmidt,
    498 F. Supp. 1344 (E.D. Wisc. 1980) ................................................................. 3

De Filippis v. United States,
    567 F.2d 341 (7th Cir. 1977)............................................................................. 3, 4

Delaware Valley Citizens' Council v. Pennsylvania,
    755 F.2d 38 (3rd Cir. 1985).................................................................................. 3

F.T.C. v. Enforma Nat. Prod. Inc.,
    31 F. App'x 349 (9th Cir. 2002) .......................................................................... 3

Horne v. Flores,
    557 U.S. 433 (2009)...................................................................................... 2, 3, 5

Invenergy Renewables LLC v. United States,
    450 F. Supp. 3d 1347 (Ct. Int'l Tr. 2020)......................................................... 3, 5

Lazare Kaplan Int'l, Inc. v. Photoscribe Technologies, Inc.,
    714 F.3d 1289 (Fed. Cir. 2013) ........................................................................... 2

Meridian Prod. LLC v. United States,
    Ct. No. 13-00246, 2014 WL 642975 (Ct. Int'l Trade Feb. 19, 2014) .................... 10

Nat'l Bus. Sys., Inc. v. AM Int'l, Inc.,
　　607 F. Supp. 1251 (N.D. Ill. 1985) .......................................................... 4

Opticurrent, LLC v. Power Integrations, Inc.,
　　No. 21-1712, 2022 WL 539158 (Fed. Cir. Feb. 23, 2022)........................ 3

Pennsylvania v. Wheeling & Belmont Bridge Co.,
　　59 U.S. (18 How.) 421 (1855)................................................................. 2

Pirkl v. Wilkie,
　　906 F.3d 1371 (Fed. Cir. 2018) .............................................................. 2

Polites v. United States,
　　364 U.S. 426 (1960).............................................................................. 2, 3

Rufo v. Inmates of Suffolk Cnty. Jail,
　　502 U.S. 367 (1992).............................................................................. 3

United States v. Canex Int'l Lumber Sales Ltd.,
　　35 CIT 1025 (2011)................................................................................ 1

W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.,
　　977 F.2d 558 (Fed. Cir. 1992) ............................................................... 3, 4

Washington Int'l Ins. Co. v. United States,
　　16 CIT 480, 793 F. Supp. 1091 (1992) .................................................. 4

Yancheng Baolong Biochemical Prod. Co. v. United States,
　　28 CIT 578, 343 F. Supp. 2d 1226 (2004) ............................................. 2

## Administrative Determinations

Certain Softwood Lumber Products from Canada: Amended Final Affirmative Countervailing
　　Duty Determination and Countervailing Duty Order, 83 Fed. Reg. 347 (Dep't Commerce Jan.
　　3, 2018) ................................................................................................ 5

Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty
　　Administrative Review; 2019, 86 Fed. Reg. 68,471 (Dep't Commerce Dec. 2, 2021)............ 9

Certain Softwood Lumber Products From Canada: Notice of Court Decision Not in Harmony
　　With the Final Results of Countervailing Duty Expedited Review; Notice of Rescission of
　　Final Results of Expedited Review; Notice of Amended Cash Deposit Rates, 86 Fed. Reg.
　　48,396 (Dep't Commerce Aug. 30, 2021)................................................ 4, 5

Certain Softwood Products from Canada: Final Results and Final Rescission, in Part, of the
　　Countervailing Duty Administrative Review; 2021, 88 Fed. Reg. 50,103 (Dep't Commerce
　　Aug. 1, 2023) ........................................................................................ 6

**Other Authorities**

11 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> (3d ed. 2012) ............................... 2

Rule 1 of the Rules of the U.S. Court of International Trade .................................................. 9, 10

Rule 60 of the Federal Rules of Civil Procedure .................................................... passim

Rule 60 of the Rules of the U.S. Court of International Trade ........................................... passim

<u>**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO REINSTATE**</u>
<u>**EXCLUSION FROM COUNTERVAILING DUTY ORDER PENDING**</u>
<u>**RESOLUTION OF LITIGATION**</u>

## I.   INTRODUCTION

Plaintiff, the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations (the "COALITION"), respectfully requests that the motion filed by Scierie Alexandre Lemay & Fils Inc. ("Lemay"), Marcel Lauzon Inc. ("MLI"), Les Produits Forestiers D&G Ltee ("D&G"), and North American Forest Products Ltd. with its cross-owned affiliates Parent-Violette Gestion Ltee and Le Groupe Parent Ltee (collectively, "NAFP") (together, collectively, the "Canadian Parties") seeking an order excluding the Canadian Parties from the countervailing duty order be denied.  <u>See</u> Mot. to Reinstate Exclusion from Countervailing Duty Order Pending Resolution of Litigation, Oct. 6, 2022 ("Canadian Parties' Mot."), ECF No. 222. As explained below, the Canadian Parties' motion to reinstate exclusion fails to meet the standard for relief set forth in Rule 60(b)(5) of the Rules of the U.S. Court of International Trade (the "USCIT Rules").

## II.   LEGAL STANDARD

The Canadian Parties request relief pursuant to Rule 60(b)(5) of the USCIT Rules. Rule 60, which concerns "Relief from a Judgment or Order," provides that "{o}n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" for various enumerated reasons, including where "{(i)} the judgment has been satisfied, released, or discharged; {(ii)} it is based on an earlier judgment that has been reversed or vacated; or {(iii)} applying it prospectively is no longer equitable."  USCIT Rule 60(b)(5); <u>see also</u> <u>United States v.</u> <u>Canex Int'l Lumber Sales Ltd.</u>, 35 CIT 1025, 1028 (2011).  This Court has previously held that "USCIT Rule 60, like its {Federal Rules of Civil Procedure ("FRCP")} counterpart, allows for

relief only from *final* judgments, *final* orders, or *final* proceedings." Yancheng Baolong Biochemical Prod. Co. v. United States, 28 CIT 578, 343 F. Supp. 2d 1226, 1236 (2004) (emphasis in original), aff'd, 406 F.3d 1377 (Fed. Cir. 2005). "As the language of the rule indicates, any relief provided by a district court is discretionary." Lazare Kaplan Int'l, Inc. v. Photoscribe Technologies, Inc., 714 F.3d 1289, 1295 (Fed. Cir. 2013).

The Supreme Court has explained that each of the three provisions for relief contained in FRCP 60(b)(5) "is independently sufficient" to warrant relief from a judgment. Horne v. Flores, 557 U.S. 433, 454 (2009). With respect to the clause's second ground for relief (i.e., an earlier judgment that has been reversed or vacated), the Federal Circuit has noted that "{t}his ground is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion." Pirkl v. Wilkie, 906 F.3d 1371, 1381 n.6 (Fed. Cir. 2018) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2863 (3d ed. 2012)). With respect to the clause's third ground for relief (i.e., where prospective application of the judgment is no longer equitable), the Supreme Court has observed that it "applies by its terms only to 'judgment{s} hav{ing} prospective application.'" Agostini v. Felton, 521 U.S. 203, 239 (1997) (alternation in original) (citation omitted).

"{I}t was the law long before the promulgation of Rule 60(b) that a change in the law after the rendition of a decree was grounds for modification or dissolution of that decree insofar as it might affect future conduct." Polites v. United States, 364 U.S. 426, 438 (1960) (Brennan, J., dissenting) (citing Pennsylvania v. Wheeling & Belmont Bridge Co., 59 U.S. (18 How.) 421, 431-432 (1855)). "This principle is rooted in the practice of courts of equity . . . . The decisions under Rule 60(b)(5) (adopted by the 1948 amendments as to the Federal Rules of Civil

Procedure) continue this history of equitable adjustment to changing conditions of fact and law." Id. (citations omitted).

USCIT Rule 60(b), like its FRCP counterpart, "provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change in the factual condition or in law' renders continued enforcement 'detrimental to the public interest.'" Horne, 557 U.S. at 447 (quoting Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 384 (1992)).  A balancing "among all of the factors arising in a Rule 60(b) motion is committed to the sound discretion of the district court." W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc., 977 F.2d 558, 562 (Fed. Cir. 1992) (citing Delaware Valley Citizens' Council v. Pennsylvania, 755 F.2d 38, 41 (3rd Cir. 1985) and CTS Corp. v. Piher Int'l Corp., 727 F.2d 1550, 1555 (Fed. Cir. 1984)).

"The party seeking relief bears the burden of establishing that changed circumstances warrant relief." Horne, 557 U.S. at 447 (citing Rufo, 502 U.S. at 383); see also Invenergy Renewables LLC v. United States, 450 F. Supp. 3d 1347, 1361 (Ct. Int'l Tr. 2020).  Further, "a party seeking relief from judgment under {FRCP} 60(b)(5) has the burden to demonstrate that continued operation of the judgment will result in inequity." Ashland Oil, Inc. v. Delta Oil Prod. Corp., 806 F.2d 1031, 1033 (Fed. Cir. 1986) (citing De Filippis v. United States, 567 F.2d 341, 343 (7th Cir. 1977) and Daubert v. Schmidt, 498 F. Supp. 1344, 1346 (E.D. Wisc. 1980)).  In a recent unreported opinion, the Federal Circuit has observed that, in evaluating requests for relief, courts have required "the moving party, when seeking relief under Rule 60(b)(5), to show 'that there has been a significant change in factual conditions such that it is no longer equitable that the judgment have prospective application.'" Opticurrent, LLC v. Power Integrations, Inc., No. 21-1712, 2022 WL 539158, at *7 (Fed. Cir. Feb. 23, 2022) (citing F.T.C. v. Enforma Nat. Prod. Inc., 31 F. App'x 349, 349-50 (9th Cir. 2002) and Rufo, 502 U.S. at 383-84)).

"Th{e} Court will then determine, based on specific facts presented to it" whether these facts and circumstances are "sufficient to grant relief under Rule 60(b)." Church & Dwight Co. v. United States, 29 CIT 174, 177, 362 F. Supp. 2d 1360, 1363 (2005) (citing Washington Int'l Ins. Co. v. United States, 16 CIT 480, 483, 793 F. Supp. 1091, 1093 (1992)).  Thus, a court may evaluate the facts supporting a movant's claim, including a claim of financial hardship, as "each case must be decided on the facts appertaining to the parties before the court." W.L. Gore & Assocs., Inc., 977 F.2d at 563.  Where a movant merely cites to a legal change "without affidavits or other evidence," courts have found this to be "insufficient to prove that continued enforcement of an injunction would work an injustice" and Rule 60(b)(5) motions seeking to modify or dissolve an injunction have been denied. Ashland Oil, Inc., 806 F.2d at 1033 (citing De Filippis, 567 F.2d at 344).  A court "cannot assume, on the basis of the arguments alone" that a movant "will suffer inequity." Id. (citing Blonder-Tongue Lab'ys, Inc. v. Univ. of Illinois Found., 402 U.S. 313, 329 (1971)).  Moreover, "{l}oss of money, possible or actual, does not necessarily require the undoing of a judgment entered before a change of law." Id. at 1034 (citing Nat'l Bus. Sys., Inc. v. AM Int'l, Inc., 607 F. Supp. 1251 (N.D. Ill. 1985)).

## III.    ARGUMENT

### A.    The Canadian Parties Have Failed to Demonstrate that Changed Circumstances Exist

In their motion, the Canadian Parties claim that they are entitled to relief under the second clause of USCIT Rule 60(b)(5) on the basis that this Court's August 18, 2021 Judgment (ECF No. 194) has been reversed by the Federal Circuit.  Canadian Parties' Mot. at 6-7; see also Certain Softwood Lumber Products From Canada: Notice of Court Decision Not in Harmony With the Final Results of Countervailing Duty Expedited Review; Notice of Rescission of Final Results of Expedited Review; Notice of Amended Cash Deposit Rates, 86 Fed. Reg. 48,396

(Dep't Commerce Aug. 30, 2021).  Specifically, the Canadian Parties request relief by means of this Court "restoring the *status quo ante*" by retroactively excluding the movants from the countervailing duty order, see Certain Softwood Lumber Products from Canada: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order, 83 Fed. Reg. 347 (Dep't Commerce Jan. 3, 2018) ("CVD Order"), and directing the U.S. Department of Commerce ("Commerce") to instruct U.S. Customs and Border Protection ("CBP") to cease collection of cash deposits and discontinue the suspension of liquidation.  Canadian Parties' Mot. at 1-2.  The Canadian Parties, however, fail to provide sufficient reasoning as to why relief under USCIT Rule 60(b)(5) is warranted because the motion fails to establish that "changed circumstances" exist as required by this Court.  See Horne, 557 U.S. at 447 (noting that the party seeking relief "bears the burden of establishing that changed circumstances" exist); see also Invenergy Renewables, 450 F. Supp. 3d at 1361 (explaining that USCIT Rule 60(b)(5) enables it to "relieve a party from a judgment where factual or legal circumstances have sufficiently changed").

Instead, the Canadian Parties merely assert "changed circumstances" by pointing to the Federal Circuit's reversal and stating that "hardships" persist because the parties continue "to pay cash deposit rates of 1.79% (for Lemay, MLI, D&G) . . . and 14.19% (for NAFP)."  Canadian Parties' Mot. at 5-6 (citations omitted).  But while the Court's ability to grant relief is discretionary, mere assertions are not sufficient.  For example, in Ashland Oil, Inc., the Federal Circuit sustained the district court's denial of a motion for relief from judgment under Rule 60(b)(5) of the FRCP after noting that the party seeking relief had "submitted no affidavits or other evidence" to support its argument that relief was warranted under the Rule.  Ashland Oil, Inc., 806 F.2d at 1033-34 (holding that a court "cannot assume, on the basis of argument alone,"

that relief should be granted under Rule 60 of the FRCP); see also Am. Council of the Blind v. Mnuchin, 878 F.3d 360, 369-70 (D.C. Cir. 2017) (holding that the lower court's decision pertaining to a Rule 60(b)(5) motion was supported by "insufficient" evidence and that accepting such arguments "without a more nuanced and detailed explanation" constituted an abuse of discretion).  The Canadian Parties' motion provides none of the necessary explanation or evidence demonstrating why the "continued operation of" the Judgment imposes any significant burden that would justify the requested relief.

**B.**      **The Canadian Parties Are Not Entitled to Retroactive Relief**

In their motion, the Canadian Parties request that this Court "again exclude {them} from the CVD Order, retroactive to August 28, 2021."  Canadian Parties' Mot. at 2.  As the Canadian Parties acknowledge, because they are requesting retroactive relief, the second clause of USCIT Rule 60(b)(5) provides the only basis upon which these companies could achieve their objective. See id. at 7 n.3.  But regardless of the standard used, the Canadian Parties have failed to demonstrate that they are entitled to retroactive relief.

To the extent that the issue is addressed at all, the Canadian Parties appear to assert that retroactive relief is necessary because "{a}bsent the relief requested from this Court, NAFP's 2021 entries remain at risk of being liquidated at a CVD rate of 14.19% when NAFP should rightfully be excluded from the CVD Order."  Id. at 6 n.2.  But there is no indication that such "2021 entries" exist at all, as the entire basis for the Canadian Parties' apprehension is the fact that, according to the Canadian Parties, Commerce "rescind{ed} the 2021 CVD administrative review as to NAFP *due to the lack of evidence of shipments during the period of review*."  Id. (emphasis added) (citing Certain Softwood Products from Canada: Final Results and Final Rescission, in Part, of the Countervailing Duty Administrative Review; 2021, 88 Fed. Reg. 50,103 (Dep't Commerce Aug. 1, 2023)).  Having failed to demonstrate to Commerce that there

was a single entry of softwood lumber from NAFP during 2021, there is no basis to assert to this Court that NAFP's "2021 entries" are at risk of liquidation at a 14.19 percent countervailing duty rate.

Moreover, even if there *were* evidence that the Canadian Parties paid countervailing duty deposits on past entries, any possible liquidation of such entries is restrained by the antidumping duty order that applies to the Canadian Parties regardless of this litigation.  As this Court has previously recognized, entries of softwood lumber from the Canadian Parties are suspended by the operation of the antidumping duty order.  See Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negot. v. United States, 393 F. Supp. 3d 1271, 1277 (Ct. Int'l Tr. 2019) ("COALITION I") ("Plaintiff acknowledges that liquidation of entries made on or after June 30, 2017 remains suspended by operation of the AD Order and pending administrative reviews thereof.").  However, in requesting retroactive relief, the Canadian Parties have not addressed, let alone attempted to demonstrate, how the operation of the antidumping duty order would permit the liquidation of past entries.

In the absence of any showing that the Canadian Parties are harmed or potentially harmed by the *status quo*, there is no basis upon which to grant retroactive relief pursuant to USCIT Rule 60(b)(5).

C.    **The Canadian Parties Have Failed to Demonstrate that the Application of a Judgment Is No Longer Equitable**

The Canadian Parties assert that "no court has identified any legal infirmity with the Final Results that could warrant denying the {Canadian Parties} the benefits of those Final Results during the pendency of this litigation" and argue that the "enforcement of the Orders associated with the August 18, 2021, Judgment 'is no longer equitable.'"  Canadian Parties' Mot. at 6-7.  In a footnote, the Canadian Parties recognize that any argument for relief under the third clause of

USCIT Rule 60(b)(5) would apply only to the prospective application of the judgment and would not permit the retrospective relief otherwise requested. See id. at 7 n.3. Nevertheless, even under this alternative argument for limited relief pursuant to USCIT Rule 60(b)(5), the Canadian Parties have failed to demonstrate that any action by the Court is warranted.

To the extent that the Canadian Parties provide any argument in support of the relevance of the third clause of USCIT Rule 60(b)(5), they assert that these companies are not currently enjoying any "benefits" of exclusion from the countervailing duty order on softwood lumber from Canada. Id. at 7. These "benefits" are undefined and unsupported by any factual evidence presented to the Court. At best, the Canadian Parties observe that imports of softwood lumber from three of the companies are subject to a 1.79 percent countervailing duty cash deposit rate, while imports from a fourth company are subject to a 14.19 percent countervailing duty cash deposit rate. See Canadian Parties' Mot. at 5-6. But the Canadian Parties go further and incorrectly assert that their companies "are currently required to pay cash deposit rates." Id. at 5. This is not accurate, as the requirement to pay cash deposit rates applies to the importer of softwood lumber from the Canadian Parties rather than to the softwood lumber exporters themselves. The Canadian Parties have made no showing here that the current cash deposit requirement presents any specific burden on them, particularly where their shipments of softwood lumber may be imported by unrelated entities and purchasers.

In this respect, the Canadian Parties' previously successful arguments in opposition to the COALITION's request for a preliminary injunction are instructive. As this Court noted, "Defendant and Defendant-Intervenors argue{d} that Plaintiff's motion must fail for lack of proof of irreparable harm; Plaintiff will not be harmed by liquidation, revocation, or changes to cash deposit rates; and its assertions regarding circumvention of the CVD Order are speculative."

COALITION I, 393 F. Supp. 3d at 1277.  The Court agreed that the COALITION had failed to meet the burden of demonstrating irreparable harm as required in a motion for preliminary injunction because it had not presented "evidence demonstrating specific, irreparable harm from liquidation of those entries." Id. at 1278.  While the third clause of USCIT Rule 60(b)(5) does not require the movant to show irreparable harm, an evaluation of whether the enforcement of a judgment is "no longer equitable" requires more than speculation.  In the absence of any effort to make a factual showing of harm, the Court does not have specific facts before it that would warrant the grant of this extraordinary relief.  See Church & Dwight Co., Inc., 29 CIT at 177, 362 F. Supp. 2d at 1363.

> **D.** **The Canadian Parties' Reliance on USCIT Rule 1 Is Inapposite**

The Canadian Parties' motion claims that the payment of cash deposits "is inconsistent with USCIT Rule 1 because it poses a significant hardship."  Canadian Parties' Mot. at 5.  This attempt to invoke Rule 1 of this Court fails.  As an initial matter, and as previously discussed, the Canadian Parties offer no evidence demonstrating that they, as producers and exporters of the subject merchandise, make cash deposits.[1]  More importantly, Rule 1 is not relevant to whether the Canadian Parties are entitled to relief under USCIT Rule 60.  USCIT Rule 1, provides

---

[1]     In the event that these companies are responsible for making cash deposits because they elect to act as the importer of record, the Canadian Parties fail to offer any evidence of their supposed "significant hardship."  See Canadian Parties' Mot. at 5 (claiming, without evidentiary support, that payment of cash deposits at 1.79 percent constitutes a significant hardship).  Each of the parties moving for an order reinstating the Final Results are subject to the related antidumping duty order, where the non-selected companies' rate has been several multiples of the 1.79 percent countervailing duty cash deposit rate complained about here.  See Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review; 2019, 86 Fed. Reg. 68,471 (Dep't Commerce Dec. 2, 2021) (assigning a 11.59 percent cash deposit rate Lemay, D&G, MLI, and NAFP).  The Canadian Parties' unilateral assertion of "hardship" is unsubstantiated and the Court should decline to afford any weight to the Canadian Parties' self-serving characterizations.

"guiding principles" relevant to all actions in this Court, see <u>Meridian Prod. LLC v. United States</u>, Ct. No. 13-00246, 2014 WL 642975, *2 (Ct. Int'l Trade Feb. 19, 2014), and states, in part, that the rules of the Court "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." USCIT Rule 1.

Notably, the Canadian Parties' own actions are inconsistent with their attempt to invoke Rule 1. The Canadian Parties assert that their motion is "timely filed 'within a reasonable time,' because the {Canadian} Parties have submitted this motion shortly after the Court indicated that there might be an oral argument in late January – nearly four months from now." Canadian Parties' Mot. at 4 (<u>quoting</u> USCIT Rule 60(c)). But the Canadian Parties do not explain why the scheduling of oral argument is an appropriate benchmark for evaluating whether their actions were timely. Indeed, the CAFC's mandate issued June 16, 2023, and, on the same day, this Court issued an order regarding "the further disposition of this litigation" which directed the parties to file a joint status report by August 7, 2023. <u>See</u> ECF 212. The parties' joint status report was filed two-months prior to the Canadian Parties' pending motion. The Canadian Parties do not attempt to explain why they waited sixty (60) days from the joint status report to file their motion. <u>See</u> Canadian Parties' Mot. at 3 (noting instead that the parties' joint status report included "a summary previewing" the relief requested in the pending motion). This delay runs counter to the Canadian Parties' claimed hardship, their complaint regarding the COALITION's "request{} {for} a delay in any oral argument," and their attempt to invoke USCIT Rule 1. <u>Id.</u> at 8.

## IV. CONCLUSION

The COALITION respectfully requests that this Court deny the Canadian Parties' "motion to reinstate exclusion from countervailing duty order pending resolution of litigation."

For the reasons discussed above, the Canadian Parties have failed to demonstrate that the requirements for relief under Rule 60(b)(5) of the USCIT Rules are met based on the circumstances of this proceeding.

Respectfully submitted,

/s/ Nathaniel Maandig Rickard

Andrew W. Kentz
Sophia J.C. Lin
Jessica M. Link
Nathaniel Maandig Rickard
Whitney M. Rolig
Zachary J. Walker
David A. Yocis

**PICARD KENTZ & ROWE LLP**
1750 K Street NW, Suite 800
Washington, DC 20006
(202) 888-0595

*Counsel to the COALITION*

October 27, 2023

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| **COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,**<br><br>                    Plaintiff,<br><br>     and<br><br>**FONTAINE INC., ET AL.,**<br><br>                    Consolidated Plaintiffs,<br><br>     v.<br><br>**UNITED STATES,**<br><br>                    Defendant,<br><br>     and<br><br>**FONTAINE INC., ET AL.,**<br><br>                    Defendant-Intervenors. | **Consol. Court No. 19-00122** |

**PROPOSED ORDER**

Upon consideration of the motion (ECF No. 222) filed by Scierie Alexandre Lemay & Fils Inc. ("Lemay"), Marcel Lauzon Inc. ("MLI"), Les Produits Forestiers D&G Ltee ("D&G"), and North American Forest Products Ltd. with its cross-owned affiliates Parent-Violette Gestion Ltee and Le Groupe Parent Ltee (collectively, "NAFP") (together, collectively, the "Canadian Parties"), and all other papers and proceedings in this action, it is hereby

**ORDERED** that the motion is **DENIED**.

 

                                 _____
                                 Mark A. Barnett, Chief Judge

Dated: _____
     New York, New York