**UNITED STATES COURT OF INTERNATIONAL TRADE**
New York, New York

|  |  |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| FONTAINE INC., ET AL., | ) ) |
| Defendant-Intervenors. | ) ) |

Consol. Court No. 19-00122

Hon. Mark A. Barnett,
Chief Judge

## PROPOSED JUDGMENT

Upon consideration of the Final Results of Redetermination Pursuant to Court Remand ("Remand Redetermination") filed by the U.S. Department of Commerce ("Commerce") on September 10, 2024, and all other papers and proceedings herein, it is hereby

**ORDERED** that judgment is entered in favor of Committee Overseeing Action for Lumber International Trade Investigations or Negotiations.  It is further

**ORDERED** that Commerce's calculation of D&G/Portbec's subsidy rate to account for supplier subsidies is remanded for further consideration consistent with this opinion.

- 2 -

                                                                                                                                                 Mark A. Barnett, Chief Judge

Dated: _____
       New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
New York, New York

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, | PUBLIC VERSION |
| Plaintiff, | Consol. Court No. 19-00122 |
| v. | Hon. Mark A. Barnett, Chief Judge |
| UNITED STATES, | |
| Defendant, | |
| and | |
| FONTAINE INC., ET AL., | |
| Defendant-Intervenors. | |

**PLAINTIFF'S COMMENTS ON FINAL RESULTS OF REDETERMINATION TO COURT REMAND**

Sophia J.C. Lin
Andrew W. Kentz
David A. Yocis
Nathaniel Maandig Rickard
Whitney M. Rolig
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Ave. NW
Suite 700
Washington, DC 20036
(202) 331-4040
*Counsel to Plaintiff Committee Overseeing Action for Lumber International Trade Investigations or Negotiations*

October 10, 2024

## TABLE OF CONTENTS

**TABLE OF CONTENTS** .................................................................................................................. i

**TABLE OF AUTHORITIES** ........................................................................................................... ii

    **I.**      **BACKGROUND** ........................................................................................................ 2

    **II.**     **STANDARD OF REVIEW** ...................................................................................... 4

    **III.**    **ARGUMENT** ............................................................................................................ 4

    **IV.**    **CONCLUSION** ........................................................................................................ 8

**TABLE OF AUTHORITIES**

**CASES**

Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402 (1971)..................................................4

Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United
    States, Court No. 19-00122, Slip Op. 24-50 (Ct. Int'l Trade 2024) ........................................ 1, 2

Hyundai Elecs. Indus. Co. v. ITC, 899 F.2d 1204 (Fed. Cir. 1990) ...............................................4

**STATUTES**

5 U.S.C. § 706(2)(A)......................................................................................................................4

**REGULATIONS**

19 C.F.R. § 351.525(c)...................................................................................................................2

**ADMINISTRATIVE DETERMINATIONS**

Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty
    Expedited Review, 84 Fed. Reg. 32,121 (Dep't Commerce, July 5, 2019)................................. 1

### PLAINTIFF'S COMMENTS ON FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND

On September 10, 2024, the U.S. Department of Commerce ("Commerce" or the "Department") filed the Final Results of Redetermination Pursuant to Court Remand regarding the final results of the countervailing duty ("CVD") expedited review covering softwood lumber products from Canada.  See Final Results of Redetermination Pursuant to Court Remand, Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States (Sept. 10, 2024) ("Remand Redetermination"), ECF No. 255-1.  The Remand Redetermination was prepared in response to the Court's decision in Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States, Court No. 19-00122, Slip Op. 24-50 (Ct. Int'l Trade 2024) ("Remand Opinion and Order"), which remanded Commerce's CVD expedited review determination, published at Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty Expedited Review, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019) ("Final Results"), P.R. 759.[1]

Plaintiff Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("Plaintiff" or "COALITION") supports Commerce's finding that D&G, Portbec, and Rustique should be treated as "trading companies with respect to the subset of sales where they purchased lumber from unaffiliated Canadian suppliers," Remand Redetermination at 17, and that the agency should "account for the subsidy benefits provided to {D&G/Portbec and Rustique's} unaffiliated Canadian suppliers of lumber during the {period of review ("POR")} utilizing 19 CFR 351.525(c)."

---

[1] Documents from the Public Administrative Record, ECF No. 99-2, are cited as "P.R." while public documents from the Remand Administrative Record, ECF No. 256, are cited as "P.R.R." and confidential documents are cited as "C.R.R."

Remand Redetermination at 9. However, the COALITION disagrees with how Commerce calculated the amount of supplier subsidies attributable to D&G and Portbec in the Remand Redetermination. Accordingly, the COALITION respectfully submits these comments to explain its opposition to the Remand Redetermination on this issue.

## I. BACKGROUND

In its Remand Opinion and Order, the Court asked Commerce to address subsidies provided to the subject merchandise produced by unaffiliated suppliers that the respondent resold. See Remand Opinion and Order at 31. Following the Court's remand, Commerce issued its Draft Remand Redetermination finding that D&G/Portbec acted as trading companies within the meaning of 19 C.F.R. § 351.525(c) with respect to the unaffiliated suppliers' lumber D&G/Portbec purchased, and that in accordance with that regulatory provision, the agency should "cumulat{e} the benefits from subsidies provided to D&G/Portbec . . . with benefits from subsidies provided to their unaffiliated Canadian lumber suppliers." See Draft Results of Redetermination Pursuant to Remand in the Countervailing Duty Expedited Review of Certain Softwood Lumber Products from Canada, CIT Case No. 19-00122, C-122-858 (July 16, 2024), 9-10 ("Draft Remand Redetermination"), P.R.R. 3. Commerce re-calculated D&G/Portbec's subsidy rate to include subsidies provided to D&G/Portbec's unaffiliated suppliers' lumber but found that "D&G/Portbec continues to receive an overall *de minimis* subsidy rate." Draft Remand Redetermination at 10, P.R.R. 3.

The COALITION submitted comments supporting Commerce's affirmative finding on D&G/Portbec's trading company status and the applicability of 19 C.F.R. § 351.525(c). See Letter from Picard Kentz & Rowe LLP to the Department, "Comments on Draft Results for Redetermination Pursuant to Remand in the Countervailing Duty Expedited

2

Review of Certain Softwood Lumber Products from Canada," C-122-858 (July 25, 2024) ("COALITION Draft Remand Comments"), C.R.R. 9. However, the COALITION pointed out that Commerce made a mathematical error when calculating the new subsidy rate for D&G/Portbec to include subsidies provided to the company's unaffiliated suppliers' lumber. Specifically, the COALITION argued that Commerce's calculation "double-weighted" the value of Portbec and D&G's purchases of unaffiliated suppliers' lumber, and thus arbitrarily reduced the value of unaffiliated supplier lumber purchased by D&G and Portbec, respectively, in the benefit calculation. COALITION Draft Remand Comments at 3-7, C.R.R. 9. When the mathematical error is corrected, D&G/Portbec's subsidy rate should be [           ]. COALITION Draft Remand Comments at 7, C.R.R. 9.

In the Remand Redetermination, Commerce rejected these arguments, stating that:

> The record shows that D&G and Portbec purchased meaningfully different volume of lumber from unaffiliated producers and had notably different sales levels for 2015. We therefore find it necessary to take into account the individual business activities (purchases and sales) of D&G and Portbec to properly attribute the supplier subsidies.
>
> The applied methodology determines the percentage of each company's unaffiliated lumber purchases in relation to their portion of combined sales and then multiples those shares by the all-others rate to derive a subsidy rate for the unaffiliated lumber producers that is attributable to D&G and Portbec. We find that this calculation best reflects that portion of the unaffiliated lumber producers' subsidies that D&G and Portbec each received based on their own particular quantity of lumber purchased and sales made during 2015.

Remand Redetermination at 18-19. As discussed below, Commerce's explanation does not address the mathematical issue in the Remand Redetermination. The Court should find that Commerce acted arbitrarily and capriciously when calculating D&G/Portbec's new subsidy rate and remand the issue back to the agency for further consideration.

3

## II.   STANDARD OF REVIEW

The court sets aside any agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In evaluating whether an agency has abused its discretion, "{t}he touchstone . . . is rationality." <u>Hyundai Elecs. Indus. Co. v. ITC</u>, 899 F.2d 1204, 1209 (Fed. Cir. 1990) (citing <u>Citizens to Preserve Overton Park v. Volpe</u>, 401 U.S. 402, 416 (1971)).

## III.   ARGUMENT

In the Remand Redetermination, Commerce correctly determined that it must account for the subsidies provided to the unaffiliated suppliers' lumber and that the subsidy rate for that lumber is 14.19 percent, the "all-others" rate determined in the investigation of the CVD Order. Draft Remand Redetermination at 10, P.R.R. 3. Because D&G and Portbec are cross-owned companies, Commerce's goal was to calculate a single subsidy rate that includes subsidies provided to the unaffiliated suppliers' lumber D&G and Portbec purchased and resold during the POR.

As Commerce noted in the Remand Redetermination, D&G and Portbec "purchased meaningfully different volumes of lumber from unaffiliated producers and had notably different sales levels for 2015." Remand Redetermination at 18-19. The COALITION does not dispute this. Mathematically, there are two general approaches Commerce may use to correctly calculate a single subsidy rate for the subsidies bestowed upon D&G and Portbec's unaffiliated suppliers' lumber:

**Approach A**: Calculate separate subsidy rates for D&G and Portbec as if the two companies were independent and separate from one another, using <u>each company's total sales</u> as the denominator and that company's supplier lumber purchases (multiplied by 14.19 percent) as the numerator. Add up these two subsidy rates after weighting them

4

based on the each company's sales level in relation to total sales of the two companies combined.

**Approach B**: Calculate one subsidy rate for D&G and Portbec using the two companies' combined total sales as the denominator and their combined supplier lumber purchases (multiplied by 14.19 percent) as the numerator. By using the two companies' combined total sales as the denominator, this approach accounts for the different levels of sales of each company.

Both approaches described above would result in the same subsidy rate for D&G/Portbec and would achieve Commerce's objective, which is to "take into account the individual business activities (purchases and sales of D&G and Portbec to properly attribute the supplier subsidies." Remand Redetermination at 19.

Commerce's calculation in the Remand Redetermination, however, used a portion of Approach A and a portion of Approach B – it first calculated a separate rate for D&G and Portbec by multiplying these two companies' supplier lumber purchases by their respective share of the two companies' total sales (i.e. Approach A) and then used the two companies' combined total sales as the denominator (Approach B) in calculating the subsidy rates. This resulted in "double-weighting" of D&G and Portbec's supplier lumber purchases. Memorandum to File, "Final Results of Redetermination Calculations for Les Produits Forestiers D&G Ltee (D&G) and Les Produits Forestiers Portbec Ltee (Portbec)," C-122-858, Attachment (Sept. 10, 2024) ("D&G/Portbec Remand Calc Memo"), C.R.R. 4.

Specifically, Commerce's methodology is detailed below. The agency:

(1) calculated the percentage of Portbec's sales in relation to D&G/Portbec's total sales, which was [     ] percent;

5

(2) <u>applied that percentage share, [      ] percent, to Portbec's purchases from unaffiliated suppliers ([          ])</u>;

(3) divided the resulting figure of [          ] by <u>D&G/Portbec's total sales</u> again to arrive at what the agency termed "unaffiliated lumber purchases % of total sales"; and

(4) multiplied that percentage by the investigation all-others rate of 14.19 percent to develop the subsidy rate from unaffiliated suppliers' lumber for Portbec.[2] D&G/Portbec Remand Calc Memo, C.R.R. 4.

The same steps were repeated for D&G's purchases of lumber from unaffiliated lumber suppliers. See D&G Remand Calc Memo, C.R.R. 4. After developing a separate subsidy rate for D&G and Portbec, respectively, Commerce added up the two numbers to arrive at the combined subsidy rate for unaffiliated suppliers' lumber attributable to D&G and Portbec. See D&G/Portbec Remand Calc Memo, C.R.R. 4.

This methodology is mathematically incorrect and bears no rational connection to Commerce's stated goal. Specifically, the error occurred in steps (2) and (3): Commerce reduced Portbec's unaffiliated lumber purchases to [    ] percent in step (2), and used

---

[2] In its Draft Remand Comments, the COALITION raised another issue regarding the total sales figures for Portbec and D&G used in Commerce's calculation. COALITION Draft Remand Comments at 7-8, C.R.R. 9. This issue affected the amount of Portbec and D&G's total sales as well as the share size of Portbec and D&G's respective sales in relation to the combined total sales of the two companies. In the Remand Redetermination, Commerce accepted the COALITION's argument in this regard and corrected the total sales figures used for Portbec and D&G in the agency's calculations. Remand Redetermination at 19. However, in the description portion of the calculation memo, Commerce [                                                      ]. Commerce's calculation in the Remand Redetermination is unaffected by this error. See D&G/Portbec Remand Calc Memo, C.R.R. 4. The COALITION's explanation of Commerce's methodology here uses the revised figures based on the correct total sales figures for Portbec and D&G.

only that portion of Portbec's unaffiliated lumber purchases as the numerator and D&G and Portbec's combined total sales as the denominator to develop the "Unaffiliated Lumber Purchases % of Total Sales {i.e., combined sales of D&G and Portbec}" in step (3). This is the wrong math. To calculate Portbec's percentage of unaffiliated supplier lumber purchases in relation to D&G and Portbec's combined total sales, Commerce should simply divide the value of Portbec's unaffiliated lumber purchases over the combined total sales of D&G and Portbec (i.e. Approach B). Alternatively, if Commerce wanted to develop a separate subsidy rate for Portbec first, as described above in Approach A, Commerce should have divided Portbec's purchases of unaffiliated suppliers' lumber over Portbec's total sales, and then multiplied that result by Portbec's share of Portbec and D&G's combined total sales.

Instead, Commerce's methodology in the Remand Redetermination only calculated a subsidy rate for [     ] percent for Portbec's unaffiliated lumber purchases, leaving the remainder of the company's relevant purchases, i.e., [     ] percent of them, unaccounted for in the subsidy calculation.[3] The same error appeared in the calculation with respect to D&G.

Commerce failed to explain why it is reasonable to disregard a portion of Portbec and D&G's purchases of unaffiliated suppliers' lumber in the agency's subsidy rate calculation, or how its calculation is a reasonable means to "take into account the individual businesses activities . . . of D&G and Portbec." As such, the Court should find Commerce' Remand Redetermination on this issue arbitrary and capricious and remand it to the agency for further consideration.

---

[3] Essentially, the Department double-weighted Portbec's (and D&G's) unaffiliated lumber purchases.

## IV. CONCLUSION

The COALITION respectfully requests that this Court sustain the Remand Redetermination finding that D&G and Portbec acted as trading companies when purchasing and reselling subject merchandise from unaffiliated suppliers and that Commerce's subsidy rate calculation must account for subsidies bestowed upon such unaffiliated suppliers' lumber. However, for the reasons discussed above, the COALITION respectfully requests that this Court remand Commerce's calculation of D&G/Portbec's new subsidy rate for further consideration.

Respectfully Submitted,

/s/ Sophia J.C. Lin

Sophia J.C. Lin
Andrew W. Kentz
David A. Yocis
Nathaniel Maandig Rickard
Whitney M. Rolig
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Ave. NW
Suite 700
Washington, DC 20036
(202) 331-4040

Dated: October 10, 2024

8

**UNITED STATES COURT OF INTERNATIONAL TRADE**
New York, New York

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>    and<br><br>FONTAINE INC., ET AL.,<br><br>    Defendant-Intervenors. | Consol. Court No. 19-00122<br><br>Hon. Mark A. Barnett,<br>Chief Judge |

**CERTIFICATE OF COMPLIANCE WITH THE WORD LIMITATION**

    I, Sophia J.C. Lin, hereby certify that these comments, exclusive of the proposed judgment, table of contents, table of authorities, certifications of counsel, and counsel's signature block, but including headings, footnotes, and quotations contains 2,042 words, according to the word count function of the word processing program used to prepare this brief, and therefore complies with the word limitations as set forth in in ¶ 2(B) of the Standard Chambers Procedures of this Court, as amended on October 3, 2016.

                                                /s/ Sophia J.C. Lin
                                                Sophia J.C. Lin
                                                **PICARD KENTZ & ROWE LLP**
                                                *Counsel to Plaintiff Committee Overseeing Action for Lumber International Trade Investigations or Negotiations*