**UNITED STATES COURT OF INTERNATIONAL TRADE**

**New York, New York**

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, ) ) ) | |
| *Plaintiff*, ) | |
| v. ) | Consol. Court No. 19-00122 |
| UNITED STATES, ) | Hon. Mark A. Barnett, Chief Judge |
| *Defendant*, ) | |
| and ) | |
| FONTAINE INC., ET AL., ) | |
| *Defendant-Intervenors* ) | |

**COMMENTS OF DEFENDANT-INTERVENORS LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC LTÉE IN SUPPORT OF FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND**

Edward M. Lebow
Haynes and Boone, LLP
800 17th Street. NW Suite 500
Washington, DC 20006
(202) 654-4514
*Counsel to Les Produits Forestiers D&G Ltée*
*and Les Produits Forestiers Portbec Ltée*

Dated: November 15, 2024

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**New York, New York**

**TABLE OF CONTENTS**

<u>Page No</u>.

Table of Contents………………………………………………………………………………i

Table of Authorities……………………………………………………………………………ii

I.      PROCEDURAL CONTEXT ........................................................................................1

II.     ARGUMENT................................................................................................................1

III.    CONCLUSION............................................................................................................4

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**New York, New York**

**TABLE OF AUTHORITIES**

Page(s)

Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations
   v. United States, Court No. 19-00122, Slip Op. 24-50 (Ct. Int'l Trade 2024) .......................1, 2

Certain Softwood Lumber Products From Canada: Final Results of
   Countervailing Duty Expedited Review, 84 Fed. Reg. 32,121 (Dep't
   Commerce July 5, 2019). Public Administrative Record, ECF No. 99-2, at 759..................1, 3

UNITED STATES COURT OF INTERNATIONAL TRADE

New York, New York

**COMMENTS OF DEFENDANT-INTERVENORS LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC LTÉE IN SUPPORT OF FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND**

## I.     PROCEDURAL CONTEXT

On September 10, 2024, the U.S. Department of Commerce ("Commerce") filed the Final Results of Redetermination Pursuant to Court Remand regarding the countervailing duty ("CVD") expedited review covering softwood lumber products from Canada. *See* Final Results of Redetermination Pursuant to Court Remand, Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States (Sept. 10, 2024) ("Remand Redetermination"). ECF No. 255-1. The Remand Redetermination was prepared in response to the Court's decision in Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States, Court No. 19-00122, Slip Op. 24-50 (Ct. Int'l Trade 2024), which remanded Commerce's CVD expedited review determination, published at Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty Expedited Review, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019) ("Final Results"). Public Administrative Record, ECF No. 99-2, at 759. The Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("Plaintiff") submitted Plaintiff's Comments on Final Results of Redetermination to Court Remand ("Plaintiff's Comments") on October 10, 2024.

## II.    ARGUMENT

Les Produits Forestiers D&G Ltée and Les Produits Forestiers Portbec Ltée (collectively, "D&G/Portbec") support Commerce's ultimate finding that D&G/Portbec continues to receive an overall *de minimis* subsidy rate. Remand Redetermination at 10.[1] More specifically, with respect

---

[1] This support for the stated result does not include agreement with or acquiescence in Commerce's decisions regarding the passthrough of subsidy benefits from unaffiliated suppliers to D&G/Portbec.

1

UNITED STATES COURT OF INTERNATIONAL TRADE

New York, New York

to Commerce's calculation methodology challenged by Plaintiff, D&G/Portbec agrees with Commerce's conclusion that:

> The applied methodology determines the percentage of each company's unaffiliated lumber purchases in relation to their portion of combined sales and then multiplies those shares by the all-others rate to derive a subsidy rate for the unaffiliated lumber producers that is attributable to D&G and Portbec. We find that this calculation best reflects that portion of the unaffiliated lumber producers' subsidies that D&G and Portbec each received based on their own particular quantity of lumber purchased and sales made during 2015. As shown in the draft remand calculations, the subsidy rate calculated for the unaffiliated producers is then added to D&G/Portbec's subsidy rate determined in the Expedited Review Final Results.

Remand Redetermination at 19.

Plaintiff's proposed Approach A (combining separate rates for D&G and Portbec) fails to account for the requirement to calculate a single rate for cross-owned companies and thus is inapplicable to the matter at hand. Plaintiff's Comments and Approach B fail take into account the relative business sizes and sales volumes of D&G and Portbec and thus to reflect that only a small portion of D&G/Portbec's total sales carry the purported subsidy passthrough from upstream unaffiliated lumber suppliers to Portbec. *See* Plaintiff's Comments at 2-7. Commerce correctly determined that each company's share of total sales must be applied to that company's share of total unaffiliated lumber purchases to reflect the relative impact of such purchases on the respective businesses. Memorandum to File, "Final Results of Redetermination Calculations for Les Produits Forestiers D&G Ltée (D&G) and Les Produits Forestiers Portbec Ltée (Portbec)," C-122-858, Attachment (Sept. 10, 2024) ("Remand Calculation"), C.R.R. 4, at Line 22 and Line 24. Thus, contrary to Plaintiff's assertion and contrary to both of its proposed approaches, to calculate the share of the All Others Rate applicable to subsidization received by unaffiliated lumber suppliers, it is necessary to allocate the subsidy in accordance with the proportion of such purchases to total sales. Remand Calculation at Line 26. In other words, as Commerce's calculations demonstrate,

2

it is first necessary to spread the subsidies over the appropriate share of total lumber purchases and then over each company's share of total sales. To have done otherwise would fail to account for D&G's substantially greater sales.

In addition, even if this court were to accept Plaintiff's argument regarding Commerce's calculation methodology and instruct Commerce to use Plaintiff's proposed methodology on a further remand, such a recalculation would need to take into account Commerce's prior, verified determination that:

[O]nly a relatively small proportion of D&G/Portbec's business involves sales of merchandise from Canada to the United States. Thus, as it regards reselling activities, the vast majority of D&G/Portbec's transactions involve **purchasing Canadian lumber on a duty paid basis in the United States** and reselling the lumber to buyers in the United States.

Final Results and accompanying Issues and Decision Mem., C-122-858 (June 28, 2019), ECF No. 99-6 at 39. (Emphasis supplied.)

D&G/Portbec made this point in its comments to Commerce on the Remand Redetermination. *See* Comments of Les Produits Forestiers D&G Ltée and Les Produits Forestiers Portbec Ltée on Draft Remand Redetermination (July 23, 2024). PRR No. 9, at 3. In its calculation of the purported subsidy passed through to Portbec, however, the Department, perhaps inadvertently, used the figure comprising the total of all Portbec's purchases of lumber from unaffiliated suppliers, which includes purchases made in Canada and in the United States although U.S. purchases accounted for the great preponderance of such business. *See* Remand Calculation at cell G16 and derivative cells G10 and G17. Correcting the calculation to reflect only purchases from unaffiliated Canadian suppliers made in Canada would substantially reduce the value set forth in cell G16 and thus in cells G10 and G17. With this necessary correction, a *de minimis* CVD margin would be revealed, even using Plaintiff's proposed methodology.

3

UNITED STATES COURT OF INTERNATIONAL TRADE

New York, New York

III. CONCLUSION

Commerce's calculations should be accepted as should its finding of a continued *de minimis* CVD margin for D&G/Portbec. If, however, this Court were to accede to Plaintiff's request for a remand to recalculate the appropriate subsidy margin using either of Plaintiff's proposed calculation approaches,[2] that recalculation should be consistent with the record and with Commerce's prior determination and reflect that the vast majority of Portbec's purchases are made in the United States on a duty paid basis and thus already include the full CVD in the price paid. To the extent that Commerce is unable to distinguish between U.S. and Canadian lumber purchases by D&G/Portbec, it should be instructed to collect the requisite data to complete a fair and accurate calculation. To do otherwise would result in attributing subsidy passthroughs to lumber purchased in the United States on which all duties, including the applicable countervailing duty, will have been paid at the time of importation.

Respectfully Submitted,

/s/ Edward M. Lebow

Edward M. Lebow
Haynes and Boone, LLP
800 17th Street. NW Suite 500
Washington, DC 20006
(202) 654-4514
*Counsel to Les Produits Forestiers D&G Ltée
and Les Produits Forestiers Portbec Ltée*

Dated: November 15, 2024

---

[2] To emphasize, D&G/Portbec does not agree that any further remand is necessary and strongly opposes Plaintiff's assertion to the contrary.

# UNITED STATES COURT OF INTERNATIONAL TRADE

## New York, New York

|  |  |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, ) ) ) | |
| *Plaintiff*, ) | |
| v. ) | Consol. Court No. 19-00122 |
| UNITED STATES, ) | Hon. Mark A. Barnett, Chief Judge |
| *Defendant*, ) | |
| and ) | |
| FONTAINE INC., ET AL., ) | |
| *Defendant-Intervenors* ) | |

## PROPOSED JUDGMENT

On consideration of the remand results filed by the Department of Commerce, the parties' comments and all other pertinent papers, it is hereby

**ORDERED** the remand redetermination results are sustained; and it is further

**ORDERED** that Commerce instruct U.S. Customs and Border Protection to continue to liquidate, without regard to countervailing duties, all entries of shipments of softwood lumber produced and exported by D&G and Portbec, and to refund immediately all cash deposits of estimated countervailing duties previously collected on all such entries.

_____
Mark A. Barnett, Chief Judge

Dated: _____
New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**New York, New York**

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, ) ) ) | |
| *Plaintiff*, ) | |
| *v.* ) | Consol. Court No. 19-00122 |
| UNITED STATES, ) | Hon. Mark A. Barnett, Chief Judge |
| *Defendant*, ) | |
| and ) | |
| FONTAINE INC., ET AL., ) | |
| *Defendant-Intervenors* ) | |

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITATION**

I, Edward M. Lebow, hereby certify that these comments, exclusive of the proposed judgment, table of contents, table of authorities, certifications of counsel, and counsel's signature block, but including headings, footnotes, and quotations contains 1084 words, according to the word count function of the word processing program used to prepare this brief, and therefore complies with the word limitations as set forth in in ¶ 2(B) of the Standard Chambers Procedures of this Court, as amended on October 3, 2016.

/s/ Edward M. Lebow

Haynes and Boone, LLP
800 17th Street. NW Suite 500
Washington, DC 20006

November 15, 2024