**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, et al. | |
| Plaintiffs | |
| v. | |
| UNITED STATES | Consol. Case No. 19-122 |
| Defendant, | |
| and | |
| FONTAINE INC., et al., | |
| Defendant-Intervenors | |

**COMMENTS SUPPORTING
THE FINAL RESULTS OF REDETERMINATION
PURSUANT TO COURT REMAND**

Mark B. Lehnardt
Davis & Leiman
1025 Connecticut Ave., N.W., Suite 1012
Washington, D.C. 20036
Tel.: 202.642.4850
Email:  MLehnardt@DLTrade.com

Dated:  November 15, 2024

## TABLE OF CONTENTS

BACKGROUND ................................................................................................................ 2

ARGUMENT .................................................................................................................... 4

    I.    No Party Opposes Commerce's Final Remand Decisions Regarding Fontaine ................ 4

    II.   This Court Should Order Commerce To Provide Effective, Immediate Relief ................. 5

CONCLUSION ................................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**

*AL Tech Specialty Steel Corp. v. United States*, 366 F. Supp. 2d 1236, 29 CIT 276
(2005)................................................................................................................................5

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v.
United States*, 665 F. Supp. 3d 1347 (Ct. Int'l Trade 2023)........................................6

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v.
United States*, 701 F. Supp. 3d 1334 (Ct. Int'l Trade 2023)........................................2

*Novosteel SA v. United States*, 284 F.3d 1261 (Fed. Cir. 2002)........................................5

*NTN Bearing Corp. of Am. v. United States*, 26 CIT 949 (2002)......................................5

*NTN Bearing Corp. of Am. v. United States,* 368 F.3d 1369 (Fed. Cir. 2004) ...............5

*Pac. Giant, Inc. v. United States*, 26 CIT 1331 (2002) ....................................................5

*POSCO v. United States*, 335 F. Supp. 3d 1283 (2018)....................................................5

*Sma Surfaces, Inc. v. United States*, 658 F. Supp. 3d 1325 (Ct. Int'l Trade 2023) .......5

*Viraj Grp., Ltd. v. United States*, 343 F.3d 1371 (Fed. Cir. 2003) .................................4

**Statutes**

19 U.S.C. § 1520(a)(4)................................................................................................1, 6, 7

19 U.S.C. § 1671b(b)(4)(A).................................................................................................3

19 U.S.C. § 1671d(a)(3)......................................................................................................3

**Regulations**

19 C.F.R. § 351.509(b)(1)...................................................................................................2

**Administrative Determinations**

*Certain Softwood Lumber Products From Canada: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 347 (Dep't of Commerce Jan. 3, 2018) ............................................................ 2

*Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty Expedited Review*, 84 Fed. Reg. 32,121 (Dep't of Commerce July 5, 2019) ............................................................................. 2

*Certain Softwood Lumber Products From Canada: Initiation of Expedited Review of the Countervailing Duty Order*, 83 Fed. Reg. 9,833 (Dep't of Commerce Mar. 8, 2018) ............................................................................................. 2

*Certain Softwood Lumber Products From Canada: Preliminary Affirmative Countervailing Duty Determination, and Alignment of Final Determination With Final Antidumping Duty Determination*, 82 Fed. Reg. 19,657 (Dep't of Commerce April 28, 2017) ................................................................................. 7

Plaintiff and defendant-intervenor, Fontaine, Inc., by and through its counsel, hereby submits comments in support of the Department of Commerce *Final Results Of Redetermination Pursuant To Court Remand* ("*Final Remand*"), ECF 221, submitted by defendant, the United States.  Fontaine supports the decision finding *de minimis* benefits received by Fontaine under alleged subsidy programs, and consequently finding that Fontaine should be excluded from the countervailing duty order on *Certain Softwood Lumber Products From Canada*.

Fontaine supports Commerce's decisions (1) to exclude from the countervailing duty order products produced and exported by Fontaine; (2) to instruct U.S. Customs & Border Protection (CBP) to discontinue suspension of liquidation and collection of cash deposits on such entries; and (3) to instruct CBP to liquidate Fontaine's entries without regard to CVD duties and to refund all cash deposits of estimated CVD duties.  Fontaine asks this Court to ensure that defendant, the United States fully enforce the Court's decision in this case through instructions from Commerce to the U.S. Customs and Border Protection (CBP), to immediately refund all Fontaine's duty deposits without waiting for final liquidation, as authorized by 19 U.S.C. § 1520(a)(4).

Fontaine further highlights that plaintiff Committee Overseeing Action For Lumber International Trade Investigations Or Negotiations ("Coalition"), in *Plaintiff's Comments On Final Results Of Redetermination To Court Remand* ("*Coalition Cmts*"), ECF 257/258 has not raised any objection to issues involving Fontaine in the *Final Remand* and thus has waived any argument contesting the *Final Remand* as to Fontaine.  Moreover, Commerce did not reach its decision "under protest."  Accordingly, this Court should affirm Commerce's *Final Remand*, and order Commerce to instruct CBP to immediately refund all of Fontaine's duty deposits.

1

## BACKGROUND

After Commerce published the countervailing duty order on softwood lumber from Canada, *Certain Softwood Lumber Products From Canada: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 347 (Dep't of Commerce Jan. 3, 2018) ("*CVD Order*"), Fontaine and several other sawmills requested expedited reviews to determine whether countervailing duties they may have benefitted from would be different than those calculated for mandatory respondents in the investigation. *Certain Softwood Lumber Products From Canada: Initiation of Expedited Review of the Countervailing Duty Order*, 83 Fed. Reg. 9,833 (Dep't of Commerce Mar. 8, 2018) ("*ER Initiation*"). In the expedited review, Commerce calculated a CVD rate of 1.26% for Fontaine. *Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty Expedited Review*, 84 Fed. Reg. 32,121 (Dep't of Commerce July 5, 2019) ("*ER Final*").

Fontaine appealed these results, arguing that Commerce's calculation of benefits received by Fontaine under certain tax programs during the January 1, 2015, to December 31, 2015 period of review (POR) was incorrect because Commerce used Fontaine's 2014 tax return – the tax return filed in 2015 – but should have used Fontaine's 2015 tax return to calculate benefits Fontaine may have received. *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v.United States*, 701 F. Supp. 3d 1334, 1360 (Ct. Int'l Trade 2023) (*Coalition VII*). Commerce's regulation sets the timing of receipt of benefits under tax programs as "the date on which the recipient firm would otherwise have had to pay the taxes," and adds that "{n}ormally, this date will be the date on which the firm filed its tax return." 19 C.F.R. § 351.509(b)(1). Fontaine argued that Commerce must use its 2015 tax return to calculate benefits because, per Fontaine's fiscal year and Canadian and Quebecois tax law, Fontaine "had to pay the {2014} taxes" in 2014 (before the POR), and "had to pay the {2015} taxes" in 2015. *Coalition VII*, 701

2

F. Supp. 3d at 1360-61. This Court rejected Commerce's argument that it relied on a different test – definitive knowledge of tax liability – and Commerce's assertion that "definitive knowledge," in its experience occurs on the date a tax return is filed. *Id.* at 1362. This Court remanded for Commerce to "reconsider or further explain its determination to use Fontaine's FY 2014 tax returns to perform benefit calculations for the 2015 POR." *Id.* at 1363.

Upon reconsideration on remand, Commerce now agrees that it should use Fontaine's 2015 tax return to calculate benefits received under certain tax programs during the POR. ECF 255, *Final Remand*, at 12-13. Using the 2015 tax return, Commerce calculated a *de minimis* countervailing duty rate for Fontaine, 0.88%, stating that "Fontaine's overall subsidy rate is now *de minimis* and, thus, Fontaine should be excluded from the *CVD Order*." *Id.* at 13, 23; *see* 19 U.S.C. § 1671d(a)(3) (requiring that Commerce disregard *de minimis* countervailable subsidies); 19 U.S.C. § 1671b(b)(4)(A) (setting *de minimis* at 1 percent for developed countries). Commerce did not reach this result under protest. Further, Commerce rejected the Coalition's arguments asking Commerce to return to using the 2014 tax return. *Id.* at 19-21.

Fontaine submitted comments on the draft remand, urging Commerce to exclude Fontaine from the *CVD Order*, and to "instruct {CBP} to refund immediately Fontaine's CVD duty deposits." *Id.* at 22. Commerce agreed, explaining that – if upheld – Commerce would instruct CBP to  (1) "exclude from the *Order* subject merchandise produced and exported by Fontaine"; (2) "discontinue the suspension of liquidation and the collection of cash deposits of estimated countervailing duties on all shipments of softwood lumber produced and exported by Fontaine, entered, or withdrawn from warehouse, for consumption on or after April 28, 2017"; (3) "liquidate, without regard to countervailing duties, all suspended entries of shipments of

3

softwood lumber produced and exported by Fontaine"; and (4) "to refund all cash deposits of estimated countervailing duties collected on all such shipments." *Id.* at 22.

## ARGUMENT

Fontaine supports Commerce's decision to use its 2015 tax return to calculate benefits received under tax programs during the POR, and its calculation of the *de minimis* 0.88% CVD duty rate. Fontaine further supports Commerce decision that Fontaine should be excluded from the *CVD Order* and its duty deposits should be refunded. No party opposes Commerce decisions regarding Fontaine. This Court should affirm Commerce's *Final Remand* as to Fontaine issues and order effective, immediate relief.

### I.    No Party Opposes Commerce's Final Remand Decisions Regarding Fontaine

Commerce's *Final Remand*, as to issues regarding Fontaine, should be affirmed because Commerce did not reach its result, "under protest," and no party opposes Commerce's *Final Remand* as to issues regarding Fontaine.

Commerce's recalculation of Fontaine's benefits was conducted after Commerce agreed, "based on the unique facts of this record, that Fontaine was required to pay, and did pay, its final tax liabilities for FY 2015 by the end of the 2015 calendar year." ECF 255, *Final Remand* at 12. At no point in the *Final Remand* did Commerce indicate that its decisions regarding Fontaine were being made "under protest." The Federal Circuit has held that Commerce is in the position of a non-prevailing party when it makes a decision "under protest." *Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003).

Further, although the Coalition raised arguments in comments before Commerce regarding Fontaine, *see* ECF 255, *Final Remand*, at 19-21, the Coalition abandoned those arguments by not raising them in its comments before this Court. *See* ECF 258, *Plaintiff's Comments on Final Results Of Redetermination To Court Remand*. Arguments not raised before

4

both the agency and this Court on remand are waived.  "{I}t is black letter law that—to properly preserve an issue for appeal—a party generally must first exhaust its remedies by making its argument before the agency, then brief that argument before the trial court. Arguments that are not properly preserved are waived." *AL Tech Specialty Steel Corp. v. United States*, 366 F. Supp. 2d 1236, 29 CIT 276, 285 (2005) (*citing Novosteel SA v. United States*, 284 F.3d 1261, 1273-74 (Fed. Cir. 2002)). Further, "{e}ven if an argument has been raised to the agency, the failure to raise that argument before the court on remand generally constitutes waiver." *Sma Surfaces, Inc. v. United States*, 658 F. Supp. 3d 1325, 1329 (Ct. Int'l Trade 2023) (*citing POSCO v. United States*, 335 F. Supp. 3d 1283, 1287 (2018); *NTN Bearing Corp. of Am. v. United States*, 26 CIT 949, 950 n.1 (2002), *aff'd*, 368 F.3d 1369 (Fed. Cir. 2004); *Pac. Giant, Inc. v. United States*, 26 CIT 1331, 1332 n.1 (2002)).

Because Commerce has recalculated Fontaine's CVD margin to *de minimis*, while omitting from the *Final Remand* – as to Fontaine – that the decision was reached "under protest," and the Coalition has waived its rights to appeal by abandoning before this Court the arguments it raised before the agency, this Court should affirm Commerce's *Final Remand* as to issues related to Fontaine.

## II.    This Court Should Order Commerce To Provide Effective, Immediate Relief

If this Court affirms Commerce *Final Remand* such that Fontaine is excluded from the *CVD Order*, this Court should also order Commerce to provide effective and immediate relief to Fontaine.  Effective and immediate relief requires that Commerce instruct CBP to refund Fontaine's CVD duty deposits immediately, without waiting to liquidate Fontaine's entries (that is, without waiting until after the antidumping duties corresponding to its entries are final).

Commerce should do for Fontaine what it did for companies found to have *de minimis* margins in the expedited review. When Commerce calculated *de minimis* rates for several respondents in the expedited review, and determined to exclude them from the *CVD Order*, Commerce explained that it would instruct CBP to (1) "discontinue the suspension of liquidation and the collection of cash deposits of estimated countervailing duties on all shipments of softwood lumber produced and exported by {the excluded companies}, entered, or withdrawn from warehouse, for consumption on or after the date of publication of these final results"; (2) "liquidate, without regard to countervailing duties, all suspended entries of shipments of softwood lumber produced and exported by {the excluded companies}"; and (3) "to refund all cash deposits of estimated countervailing duties collected on all such shipments." *ER Final*, 84 Fed. Reg. at 32,122.

To provide this relief to the excluded companies, Commerce issued instructions to CBP, citing 19 U.S.C. § 1520(a)(4), the statutory provision authorizing refunds prior to liquidation, and authorized CBP to grant refunds if requested by any of the excluded companies. CBP Message 9288315 (Oct. 15, 2019) ("In accordance with 19 U.S.C. 1520(a)(4), CBP is authorized to grant a refund, if requested by the importer, of countervailing duty cash deposits for entries of certain softwood lumber products from Canada which were entered, or withdrawn from warehouse, for consumption on or after 04/28/2017 (date of first suspension of liquidation pursuant to this proceeding) for the excluded producer/exporter chains listed in paragraph 3."). Although entries by these excluded companies were suspended for a short time again, entries by the excluded companies were again excluded upon the Federal Circuit's decision confirming Commerce's authority to conduct expedited reviews, and Commerce again instructed CBP to

refund cash deposits.[1]  *See Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 665 F. Supp. 3d 1347, 1355 (Ct. Int'l Trade 2023) ('*Coalition VI*'). There, this Court cited Commerce's agreement that Commerce no longer had any basis to "retain cash deposits" on shipments from these excluded companies. *Id.*

Section 1520(a)(4) grants authority "to refund duties or other receipts" prior to liquidation "whenever an importer of record declares or it is ascertained that excess duties, fees, charges, or exactions have been deposited or paid."  19 U.S.C. § 1520(a)(4).  Here, Fontaine's CVD rate has been recalculated to *de minimis*; Fontaine will be excluded from the *CVD Order*; and Commerce will instruct CBP "to refund all cash deposits of estimated countervailing duties collected."  *See* ECF 255, *Final Remand*, at 22.  Thus, "it is ascertained that excess duties, fees, charges, or exactions have been deposited or paid" by Fontaine, and refund "prior to liquidation" is authorized by 19 U.S.C. § 1520(a)(4).

Section 1520(a)(4) does not provide any specific method of providing refunds; that is, CBP is not limited to traditional entry-by-entry refund payments, but can sum all deposits paid and provide the refund through a single payment.  Fontaine has – as can be expected of all excluded parties – maintained meticulous records and documentation of the millions of dollars of cash deposits it has been required to pay for the more than 7 years since the April 28, 2017 preliminary determination in the investigation first imposed a duty deposit requirement.  *See Certain Softwood Lumber Products From Canada: Preliminary Affirmative Countervailing Duty*

---

[1] The excluded companies, Defendant-Intervenors Scierie Alexandre Lemay & Fils Inc., Marcel Lauzon Inc., Les Produits Forestiers D&G Ltee, and North American Forest Products Ltd. with its cross-owned affiliates Parent-Violette Gestion Ltée and Le Groupe Parent Ltée., filed a *Motion To Explicitly State Obligation To Refund Countervailing Duty Cash Deposits Established By Slip Op 23-163*, ECF 262, which provides more extensive argument, based upon their experience, establishing why an explicit order is necessary in this case.

*Determination, and Alignment of Final Determination With Final Antidumping Duty Determination*, 82 Fed. Reg. 19,657, 19,658 (Dep't of Commerce April 28, 2017) (requiring CVD deposits at a rate of 19.88% for all non-investigated companies).

Fontaine has been incorrectly subject to countervailing duty deposits for more than 7 years. Equity requires that this Court include in its affirmance of Commerce's decision to exclude Fontaine from the *CVD Order*, direction to Commerce to provide effective and immediate relief. Thus, this Court should order Commerce to instruct CBP under 19 U.S.C. § 1520(a)(4) to refund all Fontaine deposits prior to liquidation and to work directly with Fontaine, as necessary, to determine the total amount of CVD duties deposited so Fontaine can receive full reimbursement without waiting for liquidation of its entries.

## CONCLUSION

Fontaine supports Commerce's recalculation of its countervailing duty rate to *de minimis*, and its decision to exclude Fontaine from the *CVD Order*. To provide effective and equitable relief to Fontaine, this Court should order Commerce to instruct CBP to provide full refunds for all CVD duty deposits paid – which are "excess duties ... {that} have been deposited" – prior to liquidation of the entries under 19 U.S.C. § 1520(a)(4), working directly with Fontaine to calculate total excess duties deposited to provide refund in a single payment.

/s/ Mark B. Lehnardt
Mark B. Lehnardt
Davis & Leiman
1025 Connecticut Ave., N.W., Suite 1012
Washington, D.C. 20036
Tel.: 202.642.4850
Email: MLehnardt@DLTrade.com

Dated: November 15, 2024

8

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 2(b) of the Court's Standard Chambers Procedures, defendant's counsel certifies that this motion complies with the Court's type-volume limitation rules. According to the word count calculated by the word processing system with which the brief was prepared, the brief contains a total of **2,356** words.

/s/Mark B. Lehnardt