UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| **COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,**<br><br>      Plaintiff,<br><br>  and<br><br>**FONTAINE INC., ET AL.,**<br><br>      Consolidated Plaintiffs,<br><br>  v.<br><br>**UNITED STATES,**<br><br>      Defendant,<br><br>  and<br><br>**FONTAINE INC., ET AL.,**<br><br>      Defendant-Intervenors. | **Consol. Court No. 19-00122** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO EXPLICITLY STATE OBLIGATION TO REFUND COUNTERVAILING DUTY CASH DEPOSITS ESTABLISHED BY SLIP OPINION 23-163**

Sophia J.C. Lin
Abraham P. Hendryx
Andrew W. Kentz
Nathaniel Maandig Rickard
Whitney M. Rolig
Zachary J. Walker
David A. Yocis

**PICARD KENTZ & ROWE LLP**

1155 Connecticut Ave. NW, Suite 700
Washington, DC 20036
(202) 331-4040

*Counsel to the COALITION*

December 6, 2024

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. II

I.  INTRODUCTION ........................................................................................................ 1

II. THE COURT DID NOT MAKE ANY CLERICAL ERROR OR MISTAKE IN ITS
    ORDER ......................................................................................................................... 1

    A.  Legal Standard ................................................................................................. 1

    B.  Argument ......................................................................................................... 2

III. THE COURT'S REVIEW OF COMMERCE'S ACTION DOES NOT EXTEND TO
     THE CANADIAN PARTIES' CHALLENGE TO CUSTOMS' PRACTICE .................... 5

IV. CUSTOMS ACTED IN ACCORDANCE WITH THE STATUTE AND REGULATION
    IN NOT ISSUING REFUNDS PRIOR TO LIQUIDATION ............................................ 6

V.  CONCLUSION ............................................................................................................. 8

# **TABLE OF AUTHORITIES**

### Cases

Agro Dutch Indus. Ltd. v. United States,
  589 F.3d 1187 (Fed. Cir. 2009) ................................................................................ 2, 4

Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States,
  578 F. Supp. 3d 1333 (Ct. Int'l Trade 2022) ................................................................. 8

Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v.
  United States, 665 F. Supp. 3d 1347 (Ct. Int'l Trade 2023) ....................................... 3, 4

In re Galiardi,
  745 F.2d 335 (5th Cir. 1984) ......................................................................................... 2

In re Walter,
  282 F.3d 434 (6th Cir. 2002) ......................................................................................... 2

Invenergy Renewables LLC v. United States,
  450 F. Supp. 3d 1347 (Ct. Int'l Trade 2020) ................................................................. 5

Lujan v. Defenders of Wildlife,
  504 U.S. 555 (1992) ....................................................................................................... 6

NTN Bearing Corp. v. United States,
  892 F.2d 1004 (Fed. Cir. 1989) ..................................................................................... 5

Rhodes v. Hartford Fire Ins. Co.,
  548 Fed. Appx. 857 (4th Cir. 2013) ........................................................................... 2, 4

Rivera v. PNS Stores, Inc.,
  647 F.3d 188 (5th Cir. 2011) ................................................................................. 2, 4, 5

### Statutes

19 U.S.C. § 1505(b) .............................................................................................................. 7

19 U.S.C. § 1520(a)(4) ...................................................................................................... 7, 8

28 U.S.C. § 1585 .................................................................................................................. 5

28 U.S.C. § 2401 .................................................................................................................. 6

5 U.S.C. § 701(b)(1) ............................................................................................................. 5

5 U.S.C. § 704 ...................................................................................................................... 6

### Other Authorities

Customs Message 4018411 (Jan. 18, 2024) ......................................................................... 4

**Rules**

Rule 60 of the Federal Rules of Civil Procedure ........................................................................... 2

Rule 60(a) of the U.S. Court of the International Trade ....................................................... 1, 2, 5

Rule 60(b)(5) of the U.S. Court of the International Trade ...................................................... 1, 5, 6

**Regulations**

19 C.F.R. § 159.1 ........................................................................................................................... 7

**Administrative Determinations**

Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty
    Administrative Review and Final Determination of No Shipments; 2020, 87 Fed. Reg. 48,465
    (Dep't Commerce Aug. 9, 2022).............................................................................................. 7

Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty
    Administrative Review and Final Determination of No Shipments; 2021, 88 Fed. Reg. 50,106
    (Dep't Commerce Aug. 1, 2023).............................................................................................. 7

Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty
    Administrative Review, Partial Rescission of Administrative Review, and Final
    Determination of No Shipments; 2022, 89 Fed. Reg. 67,067 (Dep't Commerce Aug. 19,
    2024) ........................................................................................................................................ 7

Certain Softwood Lumber Products from Canada: Final Results of Antidumping Duty
    Administrative Review; 2017–2018, 85 Fed. Reg. 76,519 (Dep't Commerce Nov. 30, 2020) 7

Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty
    Administrative Review; 2019, 86 Fed. Reg. 68,471 (Dep't Commerce Dec. 2, 2021) ............ 7

Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty
    Expedited Review, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019) .............................. 5

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO EXPLICITLY STATE OBLIGATION TO REFUND COUNTERVAILING DUTY CASH DEPOSITS ESTABLISHED BY SLIP OPINION 23-163**

I.     **INTRODUCTION**

Plaintiff, the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations (the "COALITION"), respectfully requests that the Court deny the motion filed by Scierie Alexandre Lemay & Fils Inc., Marcel Lauzon Inc., Les Produits Forestiers D&G Ltee, and North American Forest Products Ltd. with its cross-owned affiliates Parent-Violette Gestion Ltee and Le Groupe Parent Ltee (together, collectively, the "Canadian Parties") seeking an order requiring U.S. Customs and Border Protection ("Customs") to refund countervailing duty ("CVD") cash deposits prior to liquidation.[1] See Mot. to Explicitly State Obligation to Refund Countervailing Duty Cash Deposits Established by Slip Op 23, Nov. 15, 2024, ECF No. 262 ("Canadian Parties' Mot.").

As explained below, the Canadian Parties' motion should be denied as they fail to demonstrate that they are entitled to relief under Rules 60(a) and (b)(5) of the U.S. Court of the International Trade (the "CIT Rules").

II.     **THE COURT DID NOT MAKE ANY CLERICAL ERROR OR MISTAKE IN ITS ORDER**

    A.     **Legal Standard**

The Canadian Parties request relief pursuant to CIT Rule 60(a), which provides that the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever

---

[1] The Government filed its response in opposition to the Canadian Parties' motion on December 4, 2024. See Defendant's Response to the Requests for Partial Liquidation (Dec. 4, 2024), ECF No. 277 ("Government Response to Mot."). The COALITION submits its response in support of the Government's arguments made therein.

1

one is found in a judgment, order, or other part of the record." CIT R.60(a). Thus, as the Canadian Parties acknowledge, this provision applies only when there are "clerical errors in previously issued orders." Canadian Parties' Mot. 8 (citing Agro Dutch Indus. Ltd. v. United States, 589 F.3d 1187, 1192 (Fed. Cir. 2009)). Applying the analogous rule of civil procedure,[2] the Fourth Circuit has held that:

> The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

Rhodes v. Hartford Fire Ins. Co., 548 Fed. Appx. 857, 859-60 (4th Cir. 2013) (quoting In re Walter, 282 F.3d 434, 440 (6th Cir. 2002)). The Fifth Circuit has further held that "{c}lerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation are within Rule 60(a)'s scope; missteps involving substantive legal reasoning are not." Rivera v. PNS Stores, Inc., 647 F.3d 188, 194 (5th Cir. 2011). The Court continued, saying that "{a} Rule 60(a) motion 'can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.'" Id. (quoting In re Galiardi, 745 F.2d 335, 337 (5th Cir. 1984)).

    B.    **Argument**

The Canadian Parties argue that "{t}he requested adjustment to the Order . . . is just such a correction 'needed to comport the order with the original understandings and intent of the court and the parties.'" Canadian Parties' Mot. 9 (quoting Agro Dutch, 589 F.3d at 1192). However,

---

[2] CIT Rule 60 follows Rule 60 of the Federal Rules of Civil Procedure. CIT R., Preface ("The Rules of the United States Court of International Trade . . . are styled, numbered and arranged to the maximum extent practicable in conformity with the Federal Rules of Civil Procedures").

2

nowhere in the motion did they discuss what "mistake" the Court made in its Order that needs to be corrected or adjusted.

In fact, the Court's Order is fully consistent with the relief requested by the Canadian Parties' as evidenced by the proposed order submitted to the Court. Compare <u>Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v. United States</u>, 665 F. Supp. 3d 1347, 1355 (Ct. Int'l Trade 2023) ("<u>Coalition VI</u>"), <u>with</u> Mot. to Reinstate Exclusion from Countervailing Duty Order Pending Resolution of Litigation, Proposed Order, 1-2, Oct. 6, 2022, ECF No. 222 ("Canadian Parties' Proposed Order"). Specifically, the Canadian Parties requested the Court to order that the U.S. Department of Commerce ("Commerce"):

1. "issue a *Timken*-like Notice excluding Lemay, MLI, D&G, and NAFP from the countervailing duty order on softwood lumber products from Canada,"
2. "instruct {Customs} to discontinue the suspension of liquidation and the collection of cash deposits of estimated countervailing duties on all shipments of softwood lumber produced and exported by Lemay, MLI, D&G, and NAFP, entered, or withdrawn from warehouse, for consumption on or after August 28, 2021," and
3. "instruct {Customs} to liquidate, without regard to countervailing duties, all suspended entries of shipments of softwood lumber produced and exported by Lemay, MLI, D&G, and NAFP."

Canadian Parties' Proposed Order at Proposed Order. The Court's Order did exactly what the Canadian Parties proposed, almost verbatim, fully granting the Canadian Parties' motion and ordering that Commerce:

1. "issue a *Timken*-like notice excluding Lemay, MLI, D&G, and NAFP from {the CVD Order},"
2. "instruct {Customs} to discontinue the suspension of liquidation and the collection of cash deposits of estimated countervailing duties on all shipments of softwood lumber produced and exported by Lemay, MLI, D&G, and NAFP, entered, or withdrawn from warehouse, for consumption on or after August 28, 2021," and
3. "instruct {Customs} to liquidate, without regard to countervailing duties, all suspended entries of shipments of softwood lumber produced and exported by Lemay, MLI, D&G, and NAFP."

Coalition VI, 665 F. Supp. 3d at 1355.  Given the verbatim adoption of the Canadian Parties' Proposed Order, there are no "blunders in execution," *see* Rhodes, 548 Fed. Appx. At 859-60, that are correctable under CIT Rule 60(a).

The Canadian Parties assert that under Agro Dutch, the Court can issue revisions to "comport the order with the original understandings and intent of the court and the parties." Canadian Parties' Mot. 9 (quoting Agro Dutch, 589 F.3d at 1192).  However, as discussed above, the Court's Order reflected the understandings and intent of the parties, as demonstrated by its verbatim adoption of the Canadian Parties' Proposed Order.  As such, Agro Dutch is of no relevance here.  Indeed, as the Rivera court made clear, a Rule 60(a) motion "cannot be used to make {a judgment or record} say something other than what originally was pronounced." Rivera, 647 F.3d at 194.

The Canadian Parties further insinuate that Commerce failed to comply with the Court's Order.  See Canadian Parties' Mot. 6 ("Commerce omitted any mention of refunds prior to liquidation").  However, Commerce did what the Court ordered, sending instructions to Customs to "liquidate such entries without regard to countervailing duties."  Customs Message 4018411 (Jan. 18, 2024).  In other words, the Canadian Parties requested a court order for Commerce to instruct Customs to discontinue the collection of cash deposits and suspension of liquidation; they obtained the relief requested.  There is no error on the Court's part and no compliance issue on Commerce's part.

Indeed, as discussed below, it appears that the Canadian Parties' issue concerns their failure to anticipate the well-established ramifications of Customs' regulation and practice regarding the liquidation of entries.  Due to this oversight, they have now decided that they should ask for a different relief.  This represents a "misstep{} involving substantive legal

4

reasoning" on the part of the Canadian Parties. See Rivera, 647 F.3d at 194. This is not a "clerical error" that is correctable under CIT Rule 60(a), and the Court should reject the Canadian Parties' attempt to blame the Court in order to rectify their own deficiency. Accordingly, the Canadian Parties' reliance on CIT Rule 60(a) should be dismissed.

### III. THE COURT'S REVIEW OF COMMERCE'S ACTION DOES NOT EXTEND TO THE CANADIAN PARTIES' CHALLENGE TO CUSTOMS' PRACTICE

The Canadian Parties assert that CIT Rule 60(b)(5) is another ground for relief. Canadian Parties' Mot. 11. The court has held that CIT Rule 60(b)(5) allows the court to relieve a party from an order "where factual or legal circumstances have sufficiently changed such that continued enforcement of the injunctive relief would be inequitable." Invenergy Renewables LLC v. United States, 450 F. Supp. 3d 1347, 1361 (Ct. Int'l Trade 2020). However, the court's injunctive powers "may not be used to create a right but only to enforce an existing right." NTN Bearing Corp. v. United States, 892 F.2d 1004, 1006 (Fed. Cir. 1989); see also 28 U.S.C. § 1585. As discussed below, because the Canadian Parties have not established that they have a right to challenge Customs' action, there is no right for the Court to enforce.

The Canadian Parties' dispute Customs' action of not issuing refunds prior to liquidation, which is a separate agency action from the action under review in this case. See Canadian Parties' Mot. 11-14. Under the Administrative Procedure Act ("APA"), an agency is defined as "each authority of the Government of the United States." 5 U.S.C. § 701(b)(1). This case concerns challenges to *Commerce*'s determination in the Final Results. See Complaint at 1-2, July 15, 2019, ECF No. 2 ("Complaint"); Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty Expedited Review, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019). The Canadian Parties appear to argue that Customs is also a defendant. See Canadian Parties' Mot. 7 ("Defendant has maintained that it is entitled to keep these funds until

5

liquidation"). However, Customs, as a separate authority of the Government of the United States, is not a party to this case. In other words, the Canadian Parties' motion challenges a separate agency action that is not before the Court in this case.

A party challenging an agency action under the APA must, as a baseline, satisfy certain requirements. For example, a party must demonstrate that: (1) it has standing to bring a challenge, see Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992); (2) the challenge was brought within the statute of limitations, 28 U.S.C. § 2401; and (3) the challenged agency's action is a final agency action and is reviewable by the court. 5 U.S.C. § 704. Here, the COALITION satisfied these requirements with respect to its challenge to the Final Results. See Complaint at 1-7. However, the Canadian Parties have not done so with respect to its challenge to Customs' action of not issuing refunds prior to liquidation. As such, the Court should dismiss their argument based on CIT Rule 60(b)(5).

## IV.    CUSTOMS ACTED IN ACCORDANCE WITH THE STATUTE AND REGULATION IN NOT ISSUING REFUNDS PRIOR TO LIQUIDATION

Finally, the Canadian Parties' claim must fail even if the Court were to review Customs' action without a demonstration that the proper pleading requirements have been satisfied. This is because Customs has acted within its statutory mandate and in accordance with its regulations.

According to the Canadian Parties, Customs maintains that it does not issue refunds "until liquidation, which will not occur until the conclusion of litigation connected with the antidumping order on softwood lumber from Canada, and that issuing such refunds would be administratively complex."[3] Canadian Parties' Mot. 7. Customs' position is consistent with U.S.

---

[3] The Government in its response to the Canadian Parties' motion outlined in detail the administrative complexity of issuing refunds prior to liquidation. See Government Response to Mot. 12-14.

6

law.  Under 19 U.S.C. § 1505(b), "Customs…shall collect any increased or additional duties and fees due, together with interest thereon, or refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation."  Liquidation is defined as: "the *final computation* or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1 (emphasis added).  In other words, refunds of excess duties paid on an entry do not occur until all legal proceedings encumbered on that entry have been resolved such that the final duty can be computed.

The Canadian Parties are subject to the antidumping ("AD") order on softwood lumber from Canada, and the relevant entries remain suspended from liquidation pending binational panel reviews of Commerce's final results of those reviews.[4]  As the Canadian Parties themselves acknowledge, liquidation cannot occur until those proceedings are finalized. Canadian Parties' Mot. 10.  As such, Customs acted in accordance with the statute and its regulations by not issuing refunds prior to liquidation.

The Canadian Parties argue that 19 U.S.C. § 1520(a)(4) permits Customs to issue refunds prior to liquidation.  Canadian Parties' Mot. 4.  Section 1520(a)(4), however, simply provides Customs with the authority to issue refunds pre-liquidation; it does not *require* Customs to do so.

---

[4]  See Certain Softwood Lumber Products from Canada: Final Results of Antidumping Duty Administrative Review; 2017–2018, 85 Fed. Reg. 76,519, 76,521-22 (Dep't Commerce Nov. 30, 2020); Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review; 2019, 86 Fed. Reg. 68,471, 68,474 (Dep't Commerce Dec. 2, 2021); Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2020, 87 Fed. Reg. 48,465, 48,468 (Dep't Commerce Aug. 9, 2022); Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2021, 88 Fed. Reg. 50,106, 50,109-10 (Dep't Commerce Aug. 1, 2023); Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review, Partial Rescission of Administrative Review, and Final Determination of No Shipments; 2022, 89 Fed. Reg. 67,067, 67,070 (Dep't Commerce Aug. 19, 2024).

Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States, 578 F. Supp. 3d 1333, 1342 (Ct. Int'l Trade 2022) ("{section} 1520(a)(4) provides Customs with the authority to issue pre-liquidation refunds, but the agency is not required to do so").  In other words, Customs enjoys discretion in determining when it is appropriate to make an exception to its general practice by issuing refunds pre-liquidation.

Here, the Canadian Parties have not demonstrated they are entitled to special treatment, nor have they showed how Customs abused its discretion in determining that the general rule of no refunds prior to liquidation applies.  Accordingly, the Court should dismiss the Canadian Parties' argument in this regard.

## V.    CONCLUSION

For the reasons set forth above, the COALITION respectfully asks the Court to deny the Canadian Parties' Motion to Explicitly State Obligation to Refund Countervailing Duty Cash Deposits Established by Slip Opinion 23-163.

Respectfully submitted,

/s/ Sophia J.C. Lin

Sophia J.C. Lin
Abraham P. Hendryx
Andrew W. Kentz
Nathaniel Maandig Rickard
Whitney M. Rolig
Zachary J. Walker
David A. Yocis

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Ave. NW, Suite 700
Washington, DC 20036
(202) 888-0595

*Counsel to the COALITION*

December 6, 2024

8

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

|  |  |
|---|---|
| **COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,** <br><br> Plaintiff, <br><br> and <br><br> **FONTAINE INC., ET AL.,** <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> **UNITED STATES,** <br><br> Defendant, <br><br> and <br><br> **FONTAINE INC., ET AL.,** <br><br> Defendant-Intervenors. | **Consol. Court No. 19-00122** |

**PROPOSED ORDER**

Upon consideration of the motion (ECF No. 262) filed by Scierie Alexandre Lemay & Fils Inc. ("Lemay"), Marcel Lauzon Inc. ("MLI"), Les Produits Forestiers D&G Ltee ("D&G"), and North American Forest Products Ltd. with its cross-owned affiliates Parent-Violette Gestion Ltee and Le Groupe Parent Ltee (collectively, "NAFP"), and all other papers and proceedings in this action, it is hereby

**ORDERED** that the motion is **DENIED**.

_____
Mark A. Barnett, Chief Judge

Dated: _____
New York, New York

9

# UNITED STATES COURT OF INTERNATIONAL TRADE
New York, New York

|  |  |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, ) ) ) ) ) ) ) |  |
| Plaintiff, ) | Consol. Court No. 19-00122 |
| v. ) ) | Hon. Mark A. Barnett, Chief Judge |
| UNITED STATES, ) |  |
| Defendant, ) |  |
| and ) |  |
| FONTAINE INC., ET AL., ) |  |
| Defendant-Intervenors. ) |  |

## CERTIFICATE OF COMPLIANCE WITH THE WORD LIMITATION

I, Sophia J.C. Lin, hereby certify that these comments, exclusive of the proposed judgment, table of contents, table of authorities, certifications of counsel, and counsel's signature block, but including headings, footnotes, and quotations contains 2,405 words, according to the word count function of the word processing program used to prepare this brief, and therefore complies with the word limitations as set forth in in ¶ 2(B) of the Standard Chambers Procedures of this Court, as amended on October 3, 2016.

/s/ Sophia J.C. Lin
Sophia J.C. Lin
**PICARD KENTZ & ROWE LLP**
*Counsel to Plaintiff Committee Overseeing Action for Lumber International Trade Investigations or Negotiations*