**Before the United States Court of International Trade**
**New York, New York**

| | | |
|---|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, | ) ) ) | |
| *Plaintiff*, | ) | |
| v. | ) | Consol. Court No. 19-00122 |
| UNITED STATES, | ) | Hon. Mark A. Barnett, Chief Judge |
| *Defendant*, | ) | |
| and | ) | |
| FONTAINE INC., ET AL., | ) | |
| *Defendant-Intervenors* | ) | |

**REPLY OF DEFENDANT-INTERVENORS LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC LTÉE TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF D&G AND PORTBEC'S COMMENTS IN SUPPORT OF FINAL RESULTS OF REMAND REDETERMINATION OR ALTERNATIVE MOTION FOR LEAVE TO FILE REPLY TO D&G AND PORTBEC'S COMMENTS IN SUPPORT OF FINAL RESULTS OF REDETERMINATION**

Edward M. Lebow
Haynes and Boone, LLP
800 17th Street. NW Suite 500
Washington, DC 20006
(202) 654-4514
*Counsel to Les Produits Forestiers D&G Ltée*
*and Les Produits Forestiers Portbec Ltée*

Dated: December 16, 2024

**Before the United States Court of International Trade**
**New York, New York**

**REPLY OF DEFENDANT-INTERVENORS LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC LTÉE TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF D&G AND PORTBEC'S COMMENTS IN SUPPORT OF FINAL RESULTS OF REMAND REDETERMINATION OR ALTERNATIVE MOTION FOR LEAVE TO FILE REPLY TO D&G AND PORTBEC'S COMMENTS IN SUPPORT OF FINAL RESULTS OF REDETERMINATION**

**I.      Procedural Context**

On November 15, 2024, pursuant to USCIT Rule 56.2(h)(3), Defendant Intervenors Les Produits Forestiers D&G Ltée and Les Produits Forestiers Portbec Ltée (collectively "D&G/Portbec") submitted comments to support the Department of Commerce ("Commerce") Final Results of Redetermination Pursuant to Court Remand.[1] *See* D&G's Comments in Support of Remand Results, ECF No. 264.  On November 25, the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("Plaintiff" or "Coalition") filed a motion asking that this court strike portions of D&G/Portbec's comments or in the alternative, to grant Plaintiff leave to reply.  D&G/Portbec hereby oppose Plaintiff's motions and ask that they be denied.

**II.     Argument**

The Court should deny Plaintiff's motions because D&G/Portbec's comments were timely comments in support of the Remand Redetermination pursuant to USCIT Rule 56.2(h)(3). To the extent D&G/Portbec's comments were untimely, they do not warrant the 'extraordinary remedy' of striking the comments, and Plaintiff's motion has already made the arguments it wishes to raise in a reply.  *Jimlar Corp. v. United States*, 10 CIT 671, 673 (1986).

D&G/Portbec supports the ultimate conclusion reached by the Department of Commerce in its Remand Redetermination, namely that the alleged subsidization of D&G/Portbec is *de*

---

[1] Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States (Sept. 10, 2024) ("Remand Redetermination"), ECF No. 255-1.

1

*minimis* and that it should not be, nor should it ever have been, included in the countervailing duty order on Softwood Lumber from Canada. D&G/Portbec timely submitted comments to that effect on November 15, 2024. On October 10, 2024, the Coalition had filed comments in opposition to the Remand Redetermination and had proposed that this Court order that "Commerce's calculation of D&G/Portbec's subsidy rate to account for supplier subsidies is remanded for further consideration consistent with this opinion." D&G/Portbec's comments pursuant to Rule 56.2(h)(3), like those of Commerce, point out how and why Commerce's Remand Redetermination calculations were correct. Those of D&G/Portbec's comments with which the Coalition takes issue are not made in opposition to Commerce's Remand Redetermination *per se*, but rather as an ancillary request that, if the court were to agree with the Coalition's critique of Commerce calculation methodology, any further remand allow Commerce to supplement its record to make an accurate calculation. D&G/Portbec is not asking this court to order that particular data be included in such calculation, only that it be accurate and that any further remand not slavishly follow the Coalition's methodology verbatim. To the extent D&G/Portbec indicated any opposition, it was principally to the methodology first advanced in the Coalition's October 10 comments in opposition to the Remand Redetermination. It was only after the Coalition's comments had been filed that D&G/Portbec became aware of the need to call Commerce's data error to the Court's attention. Again, D&G/Portbec supports the Remand Redetermination and points out a need for a modification of the softwood lumber purchase data only in the unlikely event of a further remand. It is not unusual for a party that supports or agrees with the conclusions of Commerce to note certain aspects of a determination that it would prefer were otherwise or to express concerns contingent upon the court accepting an adverse party's argument.

In any event, this court does not favor motions to strike. As Chief Judge Barnett has held (while noting that the court is free to give as little or no weight to arguments as it sees fit), "motions to strike are not favored by the courts and are infrequently granted." *United States v. Sterling Footwear, Inc.*, 279 F. Supp. 3d 1113, 1129 n.22 (2017) (quoting *Jimlar Corp. v. United States*, 10 CIT 671, 673 (1986)); *Jacobi Carbons AB v. United States*, 313 F. Supp. 3d 1308, 1321 n.17 (2018). Seen in the context in which they were made, there is nothing about D&G/Portbec's comments that are in "flagrant disregard of the rules of the court" or that would otherwise require this court to grant the Coalition's motion.

As for the Coalition's request for leave to file a response to D&G's comments, the motion now before the court would already appear to comprise such a response, as it sets forth why the Coalition contends D&G/Portbec's statements are out of order. Accordingly, no additional argument is now necessary. If the matter is again remanded, Commerce would be the appropriate place to consider and dispute which purchase data are to be evaluated.

Respectfully Submitted,

Edward M. Lebow
Haynes and Boone, LLP
800 17th Street. NW Suite 500
Washington, DC 20006
(202) 654-4514
*Counsel to Les Produits Forestiers D&G Ltée
and Les Produits Forestiers Portbec Ltée*

December 16, 2024

3

**Before the United States Court of International Trade**
**New York, New York**

| | | |
|---|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, | ) ) ) | |
| *Plaintiff*, | ) | |
| v. | ) | Consol. Court No. 19-00122 |
| UNITED STATES, | ) | Hon. Mark A. Barnett, Chief Judge |
| *Defendant*, | ) | |
| and | ) | |
| FONTAINE INC., ET AL., | ) | |
| *Defendant-Intervenors* | ) | |

**PROPOSED ORDER**

Upon consideration of Plaintiff COALITION's Motion to Strike Certain Portions of Defendant-Intervenors D&G and Portbec's Comments in Support of Final Results of Redetermination or Alternative Motion for Leave to File Reply to D&G and Portbec's Comments in Support of Final Results of Redetermination and of D&G and Portbec's response thereto, it is hereby

ORDERED, that Plaintiff's Motion and to Strike and Alternative Motion for Leave to File Reply are denied.

_____
Mark A. Barnett, Chief Judge

Dated: _____
New York, New York