**UNITED STATES COURT OF INTERNATIONAL TRADE**
**New York, New York**

| | |
|---|---|
| **COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,** | |
| **Plaintiff,** | **Consol. Court No. 19-00122** |
| **v.** | **Hon. Mark A. Barnett, Chief Judge** |
| **UNITED STATES,** | |
| **Defendant,** | |
| **and** | |
| **FONTAINE INC., ET AL.,** | |
| **Defendant-Intervenors.** | |

# PLAINTIFF'S REPLY TO DEFENDANT-INTERVENORS LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC COMMENTS IN SUPPORT OF THE FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND

Sophia J.C. Lin
Andrew W. Kentz
David A. Yocis
Nathaniel Maandig Rickard
Whitney M. Rolig
Zachary J. Walker
Anjelika D. Jani
Abraham P. Hendryx

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Ave. NW
Suite 700
Washington, DC 20036
(202) 331-4040
*Counsel to Plaintiff Committee Overseeing Action for Lumber International Trade Investigations or Negotiations*

November 25, 2024

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** .......... i

**TABLE OF AUTHORITIES** .......... ii

**I. ARGUMENT** .......... 1

**A. The D&G Companies Failed to Exhaust Its Administrative Remedies** .......... 2

**B. The D&G Companies Failed to Provide A Developed Argument Before This Court** .......... 5

**II. CONCLUSION** .......... 6

# TABLE OF AUTHORITIES

## Cases

Baley v. United States,
942 F.3d 1312 (Fed. Cir. 2019)........ 5
Ceramark Tech., Inc. v. United States,
61 F. Supp. 3d 1371 (Ct. Int'l Trade 2015) ........ 4
Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v. United States, Consol. Court No. 19-00122, Slip Op. 24-50 (Ct. Int'l Trade 2024) ........ 2
Corus Staal BV v. United States,
502 F.3d 1370 (Fed. Cir. 2007)........ 2
McCarthy v. Madigan,
503 U.S. 140 (1992)........ 2
Unicatch Indus. Co. v. United States,
422 F. Supp. 3d 1355 (Ct. Int'l Trade 2019) ........ 2
United States v. Great Am. Ins. Co. of New York,
738 F.3d 1320 (Fed. Cir. 2013)........ 5
United States v. L.A. Tucker Truck Lines, Inc.,
344 U.S. 33 (1952)........ 2
Z.A. Sea Foods Priv. Ltd. v. United States,
606 F. Supp. 3d 1335 (Ct. Int'l Trade 2022) ........ 5
Z.A. Sea Foods Priv. Ltd. v. United States,
No. 2023-1469, 2024 WL 2873428 (Fed. Cir. June 7, 2024) ........ 5

## Statutes

19 U.S.C. § 2637(d) ........ 2

**PLAINTIFF'S REPLY TO DEFENDANT-INTERVENORS LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC COMMENTS IN SUPPORT OF THE FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND**

Plaintiff Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("Plaintiff" or "COALITION") respectfully submits this reply to Defendant-Intervenors Les Produits Forestiers D&G Ltée ("D&G") and Les Produits Forestiers Portbec Ltée's ("Portbec") (collectively "D&G Companies") comments in support of the final results of redetermination pursuant to court remand. See Comments of Defendant Intervenors Les Produits Forestiers D&G Ltée and Les Produits Forestiers Portbec Ltée in Support of Final Results of Redetermination Pursuant to Court Remand ("D&G's Comments in Support of Remand Results"), ECF No. 264 (Nov. 15, 2024). As demonstrated below, the D&G Companies waived their ability to argue that Commerce must make a correction to the companies' supplier subsidy rate calculation. Accordingly, the COALITION respectfully requests that this Court reject this argument presented in D&G's Comments in Support of Remand Results.

## I. ARGUMENT

D&G's Comments in Support of Remand Results include an argument suggesting that Commerce correct the number for Portbec's purchases used in the agency's subsidy rate calculation. Specifically, the D&G Companies claimed that:

> In its calculation of the purported subsidy passed through to Portbec, however, the Department, perhaps inadvertently, used the figure comprising the total of all Portbec's purchases of lumber from unaffiliated suppliers, which includes purchases made in Canada and in the United States although U.S. purchases accounted for the great preponderance of such business. *See* Remand Calculation at cell G16 and derivative cells G10 and G17. Correcting the calculation to reflect only purchases from unaffiliated Canadian suppliers made in Canada would substantially reduce the value set forth in cell G16 and thus in Cells G10 and G17. With this necessary

> correction, a de minimis CVD margin would be revealed, even using Plaintiff's proposed methodology.

D&G's Comments in Support of Remand Results at 3 (citation and emphases original), ECF No. 264.

However, as discussed below, the Court should dismiss this argument because the D&G Companies forfeited their ability to raise such a challenge to Commerce's remand redetermination in two ways: (1) they failed to exhaust administrative remedies, and (2) they failed to provide a developed argument before the Court.

**A. The D&G Companies Failed to Exhaust Its Administrative Remedies**

The statute requires that parties exhaust their administrative remedies by first raising their arguments before administrative agencies. See 19 U.S.C. § 2637(d); see also Unicatch Indus. Co. v. United States, 422 F. Supp. 3d 1355, 1360 (Ct. Int'l Trade 2019). When doing so, this Court has held that parties must also raise its arguments "with specificity." Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v. United States, Consol. Court No. 19-00122, Slip Op. 24-50, at 35 (Ct. Int'l Trade 2024) (citing United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 36–37 (1952)) (emphasis added). The underlying principle of the exhaustion doctrine is to provide the agency with an opportunity to respond to challenges raised by parties during administrative proceedings. See, e.g., Corus Staal BV v. United States, 502 F.3d 1370, 1379-80 (Fed. Cir. 2007) ("{T}he Supreme Court noted, the exhaustion doctrine 'acknowledges the commonsense notion of dispute resolution that an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court.'" (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)).

The D&G Companies' argument regarding the numerical figure Commerce should use in calculating D&G/Portbec's supplier subsidy rate was not exhausted before Commerce in the remand proceeding and was instead raised for the first time before the Court. See Letter from Haynes and Boone, LLP to Commerce, "D&G Ltée and Les Produits Forestiers Portbec Ltée on Draft Remand Redetermination," C-122-858 (CVD ER) (July 23, 2024) ("D&G Companies' Draft Remand Comments"), P.R.R. 9.[1] Although the D&G Companies assert otherwise, their argument at the Commerce level relates to a different point. See D&G's Comments in Support of Remand Results at 3 ("D&G/Portbec made this point in its comments to Commerce on the Remand Redetermination."). During the Commerce remand proceeding, the D&G Companies argued that Commerce should not calculate a supplier subsidy rate at all because Commerce did not conduct a pass-through analysis and there is no evidence showing that subsidy benefits from any unaffiliated suppliers passed through. Id. In contrast, the D&G Companies' argument here before the Court does not assert that a pass-through analysis is needed, but that there is a distinction between where the sales are made and that Commerce must "reflect only {Portbec's} purchases from unaffiliated Canadian suppliers made in Canada" in the supplier subsidy rate. D&G's Comments in Support of Remand Results at 3, ECF No. 264.

During the remand proceeding, Commerce issued its draft results of the remand redetermination on July 16, 2024. See Draft Results of Redetermination Pursuant to Remand in the Countervailing Duty Expedited Review of Certain Softwood Lumber Products from Canada, CIT Case No. 19-00122, C-122-858 (July 16, 2024), ("Draft

[1] Documents from the Public Administrative Record, ECF No. 99-2, are cited as "P.R." while public documents from the Remand Administrative Record, ECF No. 256, are cited as "P.R.R." and confidential documents are cited as "C.R.R."

Remand Results"), P.R.R. 3.  The agency provided interested parties with an opportunity to submit comments on the Draft Remand Results by the asserted deadline.  See id. at 14, P.R.R. 3.  While the D&G Companies submitted comments by the deadline, they did not raise the argument they are now raising before this Court.  See D&G Companies Draft Remand Comments, P.R.R. 9.  Commerce responded accordingly to the issues the D&G Companies *did* raise.  See Final Results of Redetermination Pursuant to Court Remand, Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negotiations v. United States, at Comment 2 (Sept. 10, 2024), ECF No. 255-1 (finding that "the upstream subsidy provisions under sections 701(e) and 771A of the Act are not applicable in this case" and that no pass-through analysis is required trading companies' export of subject merchandise).  The Remand Redetermination did not include a discussion with respect to the D&G Companies' current argument regarding whether there is a distinction between the location of where Portbec's purchases were made and whether there is a different figure Commerce should use in calculating the supplier subsidy rate, because the D&G Companies never raised this argument in the remand proceeding and Commerce thus was not provided a chance to respond it.

By failing to exhaust its administrative remedies, the D&G Companies have forfeited their ability to raise this argument before the Court.  See, e.g., Ceramark Tech., Inc. v. United States, 61 F. Supp. 3d 1371, 1374 (Ct. Int'l Trade 2015) (explaining that the plaintiff's failure to comment on Commerce's draft during the remand proceeding was a failure to exhaust its administrative remedies).

**B.     The D&G Companies Failed to Provide A Developed Argument Before This Court**

It is well-established by this court and the U.S. Court of Appeals for the Federal Circuit that arguments that are "'not appropriately developed in a party's briefing may be deemed waived.'" Z.A. Sea Foods Priv. Ltd. v. United States, 606 F. Supp. 3d 1335, 1343–44 (Ct. Int'l Trade 2022), aff'd, No. 2023-1469, 2024 WL 2873428 (Fed. Cir. June 7, 2024) (quoting United States v. Great Am. Ins. Co. of New York, 738 F.3d 1320, 1328 (Fed. Cir. 2013)).  This court further explained that "{i}ssues that are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" Id. at 1344 (quoting Baley v. United States, 942 F.3d 1312, 1331 (Fed. Cir. 2019)).

Thus, even if the Court finds that the D&G Companies did not waive the calculation argument by means of failing to exhaust its administrative remedies, the D&G Companies' argument was still waived because it is not substantiated by any facts or developed legal argumentation.  Here, the D&G Companies did not provide any detail, supported by record evidence, regarding the legal or factual distinction between Canadian suppliers located in Canada and Canadian suppliers located in the United States that is relevant to the issue at hand.  They did not point to any record evidence demonstrating that whatever distinction they believe to exist in fact occurred in reality.  Finally, the D&G Companies failed to provide a figure, which they assert would yield a de minimis result, that Commerce should have used to calculate the D&G Companies' supplier subsidy rate.

Indeed, the D&G companies could not do so because none of these pieces of information, which are crucial for Commerce or the Court to evaluate the validity of the

D&G Companies' argument, exist on the record.[2] The D&G Companies simply argue that if Commerce accepts their arguments and uses an unknown figure that they prefer, the D&G Companies will continue to receive a de minimis rate regardless of whether Commerce corrects the math in the agency's subsidy rate calculation. As such, the D&G Companies have provided unsubstantiated arguments devoid of facts or developed argumentation and their arguments should be deemed waived.

## II. CONCLUSION

For the reasons discussed above, the COALITION respectfully requests that the Court dismiss the D&G Companies' argument regarding Commerce's calculation of the companies' supplier subsidy rate.

Respectfully Submitted,

/s/ Sophia J.C. Lin

Sophia J.C. Lin
Andrew W. Kentz
David A. Yocis
Nathaniel Maandig Rickard
Whitney M. Rolig
Zachary J. Walker

[2] In their draft remand comments, the D&G Companies provided a record cite to its assertion that "the record demonstrates that much of Portbec's purchases of lumber were of duty-paid lumber in the United States and thus not susceptible to any subsidy passthrough." D&G Companies Draft Remand Comments at 3, P.R.R. 9 (citing Letter from Haynes and Boones LLP to Commerce, "Response to Les Produits Forestiers Portbec Ltee to Countervailing Duty Questionnaire," C-122-858 (CVD ER) (Apr. 12, 2018) at 2, A.2.d ("Portbec IQR"), P.R. 232 ). However, the relevant portion of the questionnaire response cited merely stated that "{t}he vast majority of its transactions are made on a back to back basis (buying Canadian lumber from US importers of record and reselling to US buyers). The products sold back to back are softwood lumber of all dimensions and lengths." Portbec IQR at 2, A.2.d, P.R. 232. There was no discussion what "duty" had been paid, given that the countervailing duty order on softwood lumber from Canada was not in place during the period of review, which is the same time frame as the period of investigation. Further, there was no numerical figure for the amount of transactions Portbec made that was of the nature described above.

                Anjelika D. Jani
                Abraham P. Hendryx

                **PICARD KENTZ & ROWE LLP**
                1155 Connecticut Ave. NW
                Suite 700
                Washington, DC 20036
                (202) 331-4040

Dated:  November 25, 2024

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**New York, New York**

| | |
|---|---|
| **COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,** | |
| **Plaintiff,** | **Consol. Court No. 19-00122** |
| **v.** | **Hon. Mark A. Barnett, Chief Judge** |
| **UNITED STATES,** | |
| **Defendant,** | |
| **and** | |
| **FONTAINE INC., ET AL.,** | |
| **Defendant-Intervenors.** | |

**CERTIFICATE OF COMPLIANCE WITH THE WORD LIMITATION**

I, Sophia J.C. Lin, hereby certify that these comments, exclusive of the proposed judgment, table of contents, table of authorities, certifications of counsel, and counsel's signature block, but including headings, footnotes, and quotations contains 1,738 words, according to the word count function of the word processing program used to prepare this brief, and therefore complies with the word limitations as set forth in in ¶ 2(B) of the Standard Chambers Procedures of this Court, as amended on October 3, 2016.

/s/ Sophia J.C. Lin
Sophia J.C. Lin
**PICARD KENTZ & ROWE LLP**
*Counsel to Plaintiff Committee Overseeing Action for Lumber International Trade Investigations or Negotiations*