IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, *ET AL.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Consol. Ct. No. 19-00122 |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF AND SUPPLEMENTAL BRIEF**

YAAKOV ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

OF COUNSEL:
Alexandra Khrebtukova
Senior Attorney
Office of Chief Counsel
U.S. Customs and Border Protection

STEPHEN C. TOSINI
Senior Trial Counsel
Department of Justice
Civil Division, Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, D.C. 20044
tel.: (202) 616-5196
email: stephen.tosini@usdoj.gov

March 7, 2025

Attorneys for Defendant, the United States

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HONORABLE MARK A. BARNETT, CHIEF JUDGE

_____
                                                                      )
COMMITTEE OVERSEEING ACTION FOR LUMBER      )
INTERNATIONAL TRADE INVESTIGATIONS OR       )
NEGOTIATIONS, *ET AL*.,                                    )
                                                                      )
       Plaintiffs,                                             )
                                                                      )
       v.                                                          )  Consol. Ct. No. 19-00122
                                                                      )
UNITED STATES,                                                )
                                                                      )
       Defendant.                                            )
_____)

**ORDER**

On consideration of defendant's motion for leave to file a supplemental brief, it is hereby

ORDERED the motion is granted.

.

Dated: _____                                    _____
      New York, NY                                                             CHIEF JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR<br>LUMBER INTERNATIONAL TRADE<br>INVESTIGATIONS OR NEGOTIATIONS,<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>     Defendant,<br><br>     and<br><br>FONTAINE, INC., *et al.,*<br><br>     Defendant-Intervenors. | Court No. 19-00122 |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF**

Defendant, the United States, respectfully requests that the Court grant us leave to file a supplemental brief to respond to the joint status report, ECF No. 299, filed by defendant-intervenors, Scierie Alexandre Lemay & Fils Inc., North American Forest Products Ltd, Marcel Lauzon Inc. and Les Produits Forestiers D&G Ltée (collectively "movants").

**BACKGROUND**

Movants filed a "motion to explicitly state obligation to refund countervailing duty cash deposits established by slip op 23-163," ECF No. 262 (Mot.).  After the Court held a status conference on January 17, 2025, ECF No. 284, it issued an order directing that it would "defer consideration of the motion regarding cash deposit refunds . . . to allow time for the parties to discuss resolution of the motion."  ECF No. 285 (Order).  The Court further ordered that,

movants must file a joint status report regarding **[1]** the status of the pending motion.  As discussed during the status conference, such joint status report must be **[2]** accompanied by a document listing all legal bases for suspension of liquidation for the relevant entries covering the time period August 28, 2021, through November 20, 2023, for both the antidumping and countervailing duty proceedings.  **[and 3]** The parties must also provide, as exhibits to that document, relevant Federal Register notices, Customs messages, or other documents relevant to the liquidation status of the entries.

*Id*.  The movants filed a joint status report.  ECF No. 299.

**ARGUMENT**

The Court should grant us leave to file this supplemental brief because the status report violates Fed. R. Evid. 408 and exceeds the scope of the Court's order.  Our supplemental brief responds to the movants' argumentative status report, which misapprehends and mischaracterizes the Government's position.

**I.    The Status Report Violates Rule 408**

First and foremost, the status report "flagrant[ly] disregard[s]" Rule 408, because it attempts to place settlement discussions between the parties before the Court in support of the movants' motion.  *See* Fed. R. Evid. 408.  Here, the Court "defer[red] consideration of the motion regarding cash deposit refunds (ECF No. 262 ) for 30 days to allow time for the parties to *discuss resolution* of the motion."  ECF 285.  "Discuss[ing] resolution" is the essence of settlement discussions.  Indeed, the parties' "meeting[s] w[ere] designed to get together and talk about our interpretation of the [refund issues], and their interpretation of the [refund issues], how the two of us would proceed.  In light of the fact that [plaintiff] had already filed the present action, discussions of how the two [parties] would proceed appear to be settlement talks."  *Trans Union Credit Info. Co. v. Associated Credit Servs., Inc*., 805 F.2d 188, 192 (6th Cir. 1986) (internal quotation marks omitted).  Under this backdrop, Courts should be "mindful… of the policy in favor of protecting settlement negotiations from being admitted as evidence, thus

2

serving to encourage settlements." *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc*., 265 F.3d 1294, 1308 (Fed. Cir. 2001) (citing Fed. R. Evid. 408; 23 Charles Alan Wright & Kenneth W. Graham Jr., Federal Practice and Procedure § 5302 (1980)).

To this end, Judge Kelly, sitting by designation, explained that "Federal Rule of Evidence 408 prohibits the admission of 'statements made during compromise negotiations about the claim' used 'to prove or disprove the validity or amount of a disputed claim or to impeach by prior inconsistent statement or a contradiction.'" *State Farm Mut. Auto. Ins. Co. v. Clark*, 626 F. Supp. 3d 1163, 1171 (D. Idaho 2022) (quoting Fed. R. Evid. 408(a)) (internal bracketing removed).

## II.    The Status Report Disregards The Court's Order

The status report includes argument that goes far beyond that ordered by the Court.  The Court ordered that "movants must file a joint status report regarding the *status of the pending motion*."  The status of the pending motion is that it remains pending.  That is all that the Court requested.  The court's order did not include an invitation or permission to characterize the parties' respective positions during the settlement discussions.  Further, because the Court ordered movants to file the status report regarding their motion, rather than requiring the movants together with the Government to file a joint status report regarding the outcome of the discussions, the order did not permit the movants to represent the government's position or the extent of the parties' agreement or disagreement.

## CONCLUSION

For these reasons, we respectfully request that the Court accept the supplemental brief below for filing.

Respectfully submitted,

YAAKOV ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/  CLAUDIA BURKE
Deputy Director

OF COUNSEL:                                      /s/  STEPHEN C. TOSINI
Alexandra Khrebtukova                            Senior Trial Counsel
Senior Attorney                                  Department of Justice
Office of Chief Counsel                          Civil Division, Commercial Litigation Branch
U.S. Customs and Border Protection               PO Box 480, Ben Franklin Station
                                                 Washington, D.C. 20044
                                                 tel.: (202) 616-5196
                                                 email: stephen.tosini@usdoj.gov

March 7, 2025                                     Attorneys for Defendant, the United States

4

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| _____ ) | |
| COMMITTEE OVERSEEING ACTION FOR ) | |
| LUMBER INTERNATIONAL TRADE ) | |
| INVESTIGATIONS OR NEGOTIATIONS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | |
| ) | Court No. 19-00122 |
| UNITED STATES, ) | |
| ) | |
|     Defendant, ) | |
| ) | |
|     and ) | |
| ) | |
| FONTAINE, INC., *et al.,* ) | |
| ) | |
|     Defendant-Intervenors. ) | |
| _____) | |

**SUPPLEMENTAL BRIEF**

Defendant, the United States, respectfully responds to the joint status report, ECF No. 299, filed by defendant-intervenors, Scierie Alexandre Lemay & Fils Inc., North American Forest Products Ltd, Marcel Lauzon Inc. and Les Produits Forestiers D&G Ltée (collectively "movants").

Movants' new unsolicited inadmissible argument lacks merit.  As explained in the Amdur declaration, ECF No. 277-2, at ¶¶ 4-10, processing pre-liquidation refunds is an extremely time-consuming and burdensome entry-by-entry process, for which CBP does not have the resources to spare to process preliquidation refunds for the thousands of entries covered by paragraph 2 of Commerce's instructions to CBP in Message No. 4018411.  Consistent with 19 U.S.C. §§ 1504 and 1505, CBP will liquidate the entries covered by paragraph 2 of Commerce's instructions to

CBP with refunds of the countervailing duty deposits, along with interest as provided by law, when the entries are no longer subject to other instructions or orders to continue to suspend liquidation.

In their status report, movants contended that "the primary obstacle to this approach appears unrelated to calculating meaningful amounts to be refunded or issuing pre-liquidation refunds.  Rather, CBP appears to be concerned about how it might memorialize refunds for each entry."  ECF No. 299 at 2-3.  This is inaccurate.  As explained in detail in the attached declaration of Connor Snitker, Snitker Dec., the administrative burden of providing the refunds that the movants seek would be overwhelming.  To process each refund for each entry requires a manual process involving four different CBP specialists.  *Id*. at ¶ 7.  And then, upon the eventual liquidation, CBP must repeat a similarly burdensome process to calculate the amount of interest due for each entry on the deposited and refunded amounts.  *Id*. at ¶ 7, 12.

To be sure, CBP has provided preliquidation refunds before.  *Id*. at ¶ 9-10.  But those were under a different system and different policies that allowed ad hoc scripting that is unavailable under the current system which was designed in part to mitigate some of the concerns with processing refunds under the old system.  *Id*. at ¶¶ 5, 10-12. Specifically, in 2022, CBP implemented its new Automated Commercial Environment (ACE) refunds system, to replace its legacy Automated Commercial System (ACS) for the purpose of duty and estimated duty deposits refunds.  *Id*. at ¶¶ 4-5.  The legacy system (ACS) allowed for customs scripts to be developed on an *ad hoc*, case-by-case basis, which allowed for more flexibility but also increased the potential for error and inconsistency.  *Id*. at ¶ 11.  The new system (ACE) is more standardized, and incorporates more mass processing functionalities, as well as greater internal

controls, reducing the opportunity for error by reducing the flexibility for users to deviate from standard processes. *Id*.

In sum, as explained in the Amdur and Snitker declarations, to process preliquidation refunds for the approximately 13,000 entries at issue would be unduly burdensome for the agency, requiring CBP to divert its already strained resources to manually process the refunds over the course of multiple years, and to add on additional weeks if not months to the subsequent liquidation process down the road, whereas the standard process as authorized by law, for refunds with interest upon liquidation, *see* 19 U.S.C. § 1505(b) ("[CBP] shall … refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation.") could be accomplished in a matter of days. Snitker Decl. at ¶ 9. There is no legal basis to impose this burden on CBP. While 19 U.S.C. § 1520(a)(4) *authorizes* the agency to provide preliquidation refunds in its discretion, there is no legal *requirement* to do so, particularly where, as here, the Agency lacks the resources to do so and still be able to execute the full scope of its broad and complex mission. *See* Amdur Decl. at ¶ 10; Snitker Decl. at ¶ 6. Rather, Congress intended that in such situations, the importer who is entitled to a refund of excess estimated duties deposited would be made whole at the time of liquidation (or reliquidation), when the excess duty deposits will be refunded with interest accruing from the date of the deposit to the date of the liquidation (or reliquidation). *See* 19 U.S.C. § 1505(b)-(c).

## CONCLUSION

For these reasons, we respectfully request that the Court deny the motion for refunds.

Respectfully submitted,

YAAKOV ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/  CLAUDIA BURKE
Deputy Director

OF COUNSEL:                             /s/  STEPHEN C. TOSINI
Alexandra Khrebtukova                   Senior Trial Counsel
Senior Attorney                         Department of Justice
Office of Chief Counsel                 Civil Division, Commercial Litigation Branch
U.S. Customs and Border Protection      PO Box 480, Ben Franklin Station
                                        Washington, D.C. 20044
                                        tel.: (202) 616-5196
                                        email: stephen.tosini@usdoj.gov

March 7, 2025                           Attorneys for Defendant, the United States