# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,<br><br>        *Plaintiff*,<br><br>FONTAINE INC., ET AL.,<br><br>        *Consolidated Plaintiffs*,<br><br>        v.<br><br>UNITED STATES,<br><br>        *Defendant*,<br><br>        and<br><br>FONTAINE INC., ET AL.,<br><br>        *Defendant-Intervenors*. | Consol. Court No. 19-00122 |

## **ORDER**

Upon consideration of the Motion for Leave to File a Supplemental Brief and Supplemental Brief filed by Defendant the United States, the Response in Opposition to the same filed by Defendant-Intervenors Scierie Alexandre Lemay & Fils Inc. ("Lemay"), Marcel Lauzon Inc. ("MLI"), Les Produits Forestiers D&G Ltee ("D&G"), and North American Forest Products Ltd. with its cross-owned affiliates Parent-Violette Gestion Ltée and Le Groupe Parent Ltée (collectively, "NAFP") (together collectively, the "Originally Excluded Parties"), and all other relevant papers and proceedings herein, it is hereby:

**ORDERED**, that the United States' Motion for Leave to File a Supplemental Brief and Supplemental Brief is **DENIED**.

**SO ORDERED.**

Date:_____      Signed:_____
        New York, New York                                                 Mark A. Barnett, Judge

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,<br><br>      *Plaintiff*,<br><br>FONTAINE INC., ET AL.,<br><br>      *Consolidated Plaintiffs*,<br><br>      v.<br><br>UNITED STATES,<br><br>      *Defendant*,<br><br>      and<br><br>FONTAINE INC., ET AL.,<br><br>      *Defendant-Intervenors*. | Consol. Court No. 19-00122 |

**ORIGINALLY EXCLUDED PARTIES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF AND SUPPLEMENTAL BRIEF**

     Pursuant to Rule 7(d) of the Rules of the U.S. Court of International Trade, Defendant-Intervenors Scierie Alexandre Lemay & Fils Inc. ("Lemay"), Marcel Lauzon Inc. ("MLI"), Les Produits Forestiers D&G Ltee ("D&G"), and North American Forest Products Ltd. with its cross-owned affiliates Parent-Violette Gestion Ltée and Le Groupe Parent Ltée (collectively, "NAFP") (together collectively, the "Originally Excluded Parties"), respectfully submit this response in opposition to Defendant's March 7, 2025, Motion for Leave to File a Supplemental Brief and Supplemental Brief (ECF Doc. 300) ("Defendants' Motion"). As the Joint Status Report merely updates the Court concerning the status of Originally Excluded Parties' Motion to Explicitly State Obligation to Refund Countervailing Duty Cash Deposits Established by Slip Op 23-163 and explains the various options that the Originally Excluded Parties considered in attempting to resolve this dispute, it provides no good cause for Defendant's proposed reply.

I.  **DEFENDANT FAILED TO ESTABLISH GOOD CAUSE FOR SUBMITTING A REPLY**

Whether to grant leave to reply is a matter within the Court's discretion. *See, e.g.*, *Retamal v. United States Customs & Border Prot.*, 439 F.3d 1372, 1377 (Fed. Cir. 2006) ("Absent leave of the court, the trial court's rules allow reply briefs only when a dispositive motion is at issue."). Neither of the rationales proffered by Defendant satisfies this standard. Federal Rule of Evidence 408 is simply inapplicable (**Section I.A**), and nothing in the Joint Status Report extends beyond the scope of the Court's order (**Section I.B**).

   A.  **Federal Rule of Evidence 408 Is Not Relevant Here**

The Government first claims that a reply is warranted because the Joint Status Report "disregards" Rule 408 of the Federal Rules of Evidence. Defendants' Motion at 2. The Government focuses its discussion on addressing whether the participants were involved in "compromise negotiations." *See id.* at 2-3. Defendant overlooks, however, that Federal Rule of Evidence 408 only applies with respect to the "admissi{on of evidence}…either to prove or disprove the validity or amount of a dispute claim or to impeach by a prior inconsistent statement or contradiction." FRE 408(a). Even assuming *arguendo* that the discussions in question could be considered compromise negotiations within the meaning of FRE 408, nothing in the Joint Status Report is being proffered as "evidence" to a trier of fact. The rule is simply inapplicable in these circumstances.

   B.  **The Joint Status Report Is Consistent With the Court's Order**

The Government otherwise claims that the Joint Status Report overstepped the bounds of the Court's request because "The status of the pending motion is that it remains pending. That is all that the Court requested." Defendants' Motion at 3. Yet, Defendant omits to address the full text of the Court's Minute Order, which provides that the joint status report "regarding the status

2

of the pending motion" was only to be submitted "unless the motion is withdrawn." ECF No. 285 (Jan. 17, 2025). Because the lack of a withdrawal notice *ipso facto* establishes that the motion remains pending, limiting the Joint Status Report concerning the "status of the pending motion" to the fact that it remains pending would be entirely redundant. The Originally Excluded Parties submit that Defendant's reading is unduly narrow. Moreover, the Originally Excluded Parties' understanding from the Court's January 17, 2025, Status Conference was that the Court was interested in potential alternative pathways to resolving the present dispute, such that the Originally Excluded Parties' discussion of their own ideas might prove useful.

Defendant's characterization of the Joint Status Report also lacks foundation, insofar as Defendant implies that the Originally Excluded Parties "represent{ed} the government's position or the extent of the parties' agreement or disagreement," but provides no example of an offending passage. *See* Defendants' Motion at 3. As the Originally Excluded Parties explained, the Joint Status Report describes the Originally Excluded Parties' intentions and ideas in exploring potential pathways to resolve the present dispute. Thus, the Originally Excluded Parties described <u>their own</u> views and ideas. *See* Joint Status Report, ECF Doc. 299 (Mar. 4, 2025) at 2-3. The Originally Excluded Parties provided Defendant with a full opportunity to add Defendant's own ideas to the Joint Status Report, but counsel to Defendant declined this option, favoring the motion and proposed supplemental brief.[1]

In sum, good cause has not been established to permit Defendant's reply.

---

[1] Defendant otherwise relies upon the Minute Order's instruction that "<u>movants</u> must file a joint status report." *See* ECF No. 285 (Jan. 17, 2025); Defendant's Motion at 3 (emphasis supplied). The Originally Excluded Parties understood this instruction as practically oriented, *i.e.*, requiring that Originally Excluded Parties take responsibility for the logistics of preparing and submitting the requested documentation and Joint Status Report. The text does not preclude participation by the Government, which has at least as much to do with the unresolved "status" of the motion at issue as Originally Excluded Parties.

\* \* \*

Respectfully submitted,

| /s/ Yohai Baisburd | /s/ Rajib Pal | /s/ Edward M. Lebow |
|---|---|---|
| Yohai Baisburd<br>Jonathan M. Zielinski<br>James E. Ransdell | Rajib Pal<br>James Mendenhall | Edward M. Lebow |
| CASSIDY LEVY KENT (USA) LLP<br>900 19th Street, N.W.<br>Suite 400<br>Washington, D.C. 20006<br>(202) 567-2300 (phone)<br>(202) 567-2301 (fax)<br>ybaisburd@cassidylevy.com<br><br>*Counsel to Scierie Alexandre Lemay & Fils Inc.* | SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, DC 20005<br>(202) 736-8000 (phone)<br>(202) 736-8711 (fax)<br>rpal@sidley.com<br><br>*Counsel to North American Forest Products Ltd.* | HAYNES AND BOONE, LLP<br>800 17th Street, N.W.<br>Suite 500<br>Washington, DC 20006<br>(202) 654-4514 (phone)<br>(202) 654-4244 (fax)<br>ed.lebow@haynesboone.com<br><br>*Counsel to Marcel Lauzon Inc. and Les Produits Forestiers D&G Ltée* |

March 12, 2025