Slip Op. 25-47

## UNITED STATES COURT OF INTERNATIONAL TRADE

COMMITTEE OVERSEEING ACTION
FOR LUMBER INTERNATIONAL TRADE
INVESTIGATIONS OR NEGOTIATIONS,

        Plaintiff,

    and

MOBILIER RUSTIQUE (BEAUCE) INC.,
ET AL.,

        Consolidated Plaintiffs,

    v.

UNITED STATES,

        Defendant,

    and

FONTAINE INC., ET AL.,

        Defendant-Intervenors.

Before: Mark A. Barnett, Chief Judge
Consol. Court No. 19-00122

## OPINION AND ORDER

[Denying motion to explicitly state obligation to refund countervailing duty cash deposits
established by Slip Op. 23-163; granting motion for leave to file a reply; granting motion
for leave to file a supplemental brief.]

Dated: April 18, 2025

Sophia J.C. Lin, Abraham P. Hendryx, Andrew W. Kentz, Nathaniel Maandig Rickard,
Whitney M. Rolig, Zachary J. Walker, and David A. Yocis, Picard Kentz & Rowe LLP, of
Washington, DC, for Plaintiff Committee Overseeing Action for Lumber International
Trade Investigations or Negotiations.

Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division,
U.S. Department of Justice, of Washington, DC, for Defendant United States.  On the

brief were <u>Yaakov Roth</u>, Acting Assistant Attorney General, <u>Patricia M. McCarthy</u>, Director, and <u>Claudia Burke</u>, Deputy Director.  Of counsel on the brief was <u>Alexandra Khrebtukova</u>, Senior Attorney, Office of Chief Counsel, U.S. Customs and Border Protection.

<u>Edward M. Lebow</u>, Haynes and Boone, LLP, of Washington, DC, for Defendant-Intervenors Les Produits Forestiers D&G Ltée and Marcel Lauzon Inc.

<u>Rajib Pal</u> and <u>James Mendenhall</u>, Sidley Austin LLP, of Washington, DC, for Defendant-Intervenors North American Forest Products Ltd, Parent-Violette Gestion Ltée, and Le Groupe Parent Ltée.

<u>Yohai Baisburd</u>, <u>Jonathan M. Zielinski</u>, and <u>James E. Ransdell</u>, Cassidy Levy Kent (USA) LLP, of Washington, DC, for Defendant-Intervenor Scierie Alexandre Lemay & Fils Inc.

Barnett, Chief Judge:  Certain Defendant-Intervenors ("Movants")[1] seek correction for what they assert is a clerical error in, or unintended omission from, a prior court order.  Mot. to Explicitly State Obligation to Refund Countervailing Duty Cash Deposits Est. by Slip Op. 23-163 ("Refund Mot."), ECF No. 262.  Granting this motion would require U.S. Customs and Border Protection ("CBP" or "Customs"), upon request, to issue pre-liquidation refunds of cash deposits paid on the subject entries.  *See id.* (proposed order).  Plaintiff, Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("the Coalition"), and Defendant, United States ("the Government"), each oppose the Refund Motion.  *See* Def.'s Resp. to the Reqs. for Partial Liquidation ("Def.'s Resp."), ECF No. 277; Pl.'s Resp. in Opp'n to [Refund Mot.] ("Pl.'s Resp."), ECF No. 278.  The court exercises jurisdiction in this case pursuant to 28 U.S.C. § 1581(i)(1)(D) (2018 & Supp. II 2020).  For the following reasons, the court will

---

[1] Movants consist of Scierie Alexandre Lemay & Fils Inc., North American Forest Products Ltd., Marcel Lauzon Inc., and Les Produits Forestiers D&G Ltée.

deny the Refund Motion.  The court will grant Movants' request for leave to file a reply and the Government's request for leave to file a supplemental brief.

BACKGROUND

This case arises out of the U.S. Department of Commerce's final results in the countervailing duty ("CVD") expedited review of certain softwood lumber products from Canada.  *See Certain Softwood Lumber Prods. From Can.*, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019) (final results of CVD expedited review) ("*Final Results*"), ECF No. 99-5.  In the *Final Results*, Commerce announced the results of expedited reviews requested by eight Canadian producers and their affiliates that were not selected for individual examination during the investigation and had been assigned the "all-others" rate of 14.19 percent.  Relevant here, Commerce determined *de minimis* rates for Movants and their respective affiliates.  *See id.* at 32,122.  Consequently, Commerce excluded Movants from the underlying CVD order.  *See id.*; *Certain Softwood Lumber Prods. From Can.*, 83 Fed. Reg. 347 (Dep't Commerce Jan. 3, 2018) (am. final affirmative CVD determination and CVD order) ("*CVD Order*").  Following vacatur of a temporary restraining order barring CBP from liquidating Movants' unliquidated entries,[2] Commerce issued liquidation instructions to CBP stating, *inter alia*, that subject merchandise produced and exported by Movants "should be liquidated without regard to countervailing duties (i.e., refund all cash deposits)."  Message No. 9234309 (Aug. 22,

---

[2] The court also denied Plaintiff's motion for a preliminary injunction seeking suspension of liquidation.  *See generally Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition I*), 43 CIT __, 393 F. Supp. 3d 1271 (2019).

2019) ¶ 4.  Commerce further noted CBP's authority "to grant a refund, if requested by the importer, of countervailing duty cash deposits for [the subject] entries."  Message No. 9288315 (Oct. 15, 2019) ¶ 2 (citing 19 U.S.C. § 1520(a)(4)).[3]

On August 18, 2021, this court vacated the regulation[4] on which Commerce relied to conduct the CVD expedited review, vacated the *Final Results*, and entered judgment in this case.  *See Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition IV*), 45 CIT __, 535 F. Supp. 3d 1336 (2021); J., ECF No. 194.  The Judgment required Commerce to reinstate Movants in the *CVD Order* prospectively and "impose a cash deposit requirement based on the all-others rate from the investigation or the company-specific rate determined in the most recently completed administrative review in which the company was reviewed."  J. at 2.  Commerce then instructed CBP to reimpose cash deposits for entries made on or after August 28, 2021.[5]  Message No. 1244401 (Sept. 1, 2021) ¶ 4.  The U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") subsequently reversed this court's

---

[3] That provision states: "The Secretary of the Treasury is authorized to refund duties or other receipts" when, "[p]rior to the liquidation of an entry or reconciliation, . . . an importer of record declares or it is ascertained that excess duties, fees, charges, or exactions have been deposited or paid."  19 U.S.C. § 1520(a)(4) (2018).

[4] The regulation at issue was 19 C.F.R. § 351.214(k) (2020).  On October 20, 2021, subsection (k) was redesignated as subsection (l) without material change. *See Regulations to Improve Admin. and Enforcement of Antidumping and Countervailing Duty Laws*, 86 Fed. Reg. 52,300, 52,371, 52,373–74 (Dep't Commerce Sept. 20, 2021).

[5] August 28, 2021, is the effective date of Movants' reinstatement in the *CVD Order* after this court's August 18, 2021, entry of Judgment.  *See Certain Softwood Lumber Prods. From Can.*, 86 Fed. Reg. 48,396 (Dep't Commerce Aug. 30, 2021) (notice of ct. decision not in harmony with the [*Final Results*]; notice of rescission of [*Final Results*]; notice of am. cash deposit rates).

decision to vacate the regulation and the *Final Results*.  *See Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition V*), 66 F.4th 968, 979 (Fed. Cir. 2023).

Following *Coalition V*, and while this court considered challenges to substantive aspects of the *Final Results*, Movants were again excluded from the *CVD Order*.  *See Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition VI*), 47 CIT __, 665 F. Supp. 3d 1347 (2023) (granting motion for relief from court's August 18, 2021, Judgment and reinstating the exclusion from the *CVD Order*).[6]  The Government did not oppose reinstatement of the exclusion or the terms of the requested relief.  *See* Def.'s Resp. to the Ct.'s Order to Respond to [Mot. to Exclude], ECF No. 228.  The Government noted in its response filing "that certain of the entries covered by this proposed order are subject to administrative suspensions of liquidation under the North American Free Trade Agreement or United States Mexico Canada Agreement, and Commerce will be required to modify those administrative suspensions to give effect to the proposed order."  *Id.* at 10.

In granting Movants' request, the court ordered Commerce to: 1) issue a Federal Register notice excluding Movants from the *CVD Order*; 2) "instruct CBP to discontinue

---

[6] To date, the court has issued two opinions on the substantive merits of the *Final Results*.  *See Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition VII*), 48 CIT __, 701 F. Supp. 3d 1334 (2024) (sustaining *Final Results* in part and remanding in part); *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition VIII*), 49 CIT __, 755 F. Supp. 3d 1317 (2025) (sustaining Remand Results in part and remanding in part).  Familiarity with the background information set forth in opinions in this case is presumed.

Consol. Court No. 19-00122                                              Page 6

the suspension of liquidation and the collection of cash deposits of estimated

countervailing duties on all shipments of softwood lumber produced and exported by

[Movants], entered, or withdrawn from warehouse, for consumption on or after August

28, 2021"; and 3) "instruct CBP to liquidate, without regard to countervailing duties, all

suspended entries of shipments of softwood lumber produced and exported by

[Movants]." *Coalition VI*, 665 F. Supp. 3d at 1355.  That relief reflected the terms of the

order proposed by Movants.  *Compare id.*, *with* Proposed Order, ECF No. 222

(accompanying the motion to reinstate the exclusion from the *CVD Order*).  Thereafter,

Commerce instructed CBP to "discontinue the suspension of liquidation for all

shipments of softwood lumber produced and exported" by Movants and entered on or

after August 28, 2021, and "liquidate such entries without regard to countervailing duties

(i.e., refund all cash deposits)."  Message No. 4018411 (Jan. 18, 2024) ¶ 2.  Commerce

noted that the court order reinstating Movants' exclusion from the *CVD Order*

"supersedes the suspension of liquidation related to the Binational Panel (USMCA

Secretariat File No.: USA-CDA-2023-10.12-01) review . . . covering the period

1/01/2021 through 12/31/2021 and nullifies the continued suspension of liquidation

instruction with respect to the companies identified in paragraph 2" of the instructions

relevant to that administrative suspension.[7]  *Id.* ¶ 4.  Commerce stated: "Thus, there are

no injunctions applicable to the entries covered by this instruction."  *Id.*

---

[7] It may be helpful to the reader to note that there are multiple binational panel
proceedings underway covering various review periods.  The identified proceeding
relates to a review of the countervailing duty order for the period January 1, 2021,

The foregoing notwithstanding, judicial and administrative proceedings associated with the parallel antidumping duty order have resulted in the continued suspension of liquidation of the subject entries.  *See* Refund Mot. at 7.  Movants were "unable to rectify the issue," i.e., obtain pre-liquidation refunds, "through direct engagement with [the Government]."  *Id.*  Movants' inability to obtain pre-liquidation refunds precipitated the Refund Motion.  *See id.* at 2 (stating that the Government "continues to withhold its collection of millions of dollars' worth of CVD cash deposits previously obtained from [Movants]").[8]

On January 17, 2025, the court held a status conference with the parties regarding the Refund Motion.  Docket Entry, ECF No. 284.  That day, the court deferred consideration of the Refund Motion "for 30 days to allow time for the parties to discuss resolution of the motion."  Order (Jan. 17, 2025), ECF No. 285.  The court further ordered:

---

through December 31, 2021, and, consistent with 19 C.F.R. § 356.8, the suspension of liquidation of the relevant entries had been continued by Commerce.  Upon reinstatement of the exclusion from the *CVD Order*, Commerce revised that suspension of liquidation during the panel proceeding to exclude Movants' entries.  Nevertheless, Movants' entries over several review periods remain suspended as a result of ongoing challenges to the results of the antidumping duty administrative reviews before the U.S. Court of International Trade and other binational panels.

[8] Movants also seek leave to file a reply in support of their Refund Motion.  *See* Mot. for Leave to Reply in Supp. of [Refund Mot.] ("Reply Mot."), ECF No. 280; Reply in Supp. of [Refund Mot.] ("Reply"), ECF No. 280-1.  No party filed responses thereto.  Absent leave of court, parties may not file a reply to a non-dispositive motion.  USCIT Rule 7(d); *see also Volkswagen of Am. v. United States*, 22 CIT 280, 282 n.1, 4 F. Supp. 2d 1259, 1261 n.1 (1998) (leave of court is required before filing a reply in support of a non-dispositive motion).  The court will grant Movants' request for leave to file a reply to respond to the Government's factual assertions regarding the refund process.

> [U]nless the motion is withdrawn, on February 18, 2025, movants must file a *joint* status report regarding the status of the pending motion.  As discussed during the status conference, such joint status report must be accompanied by a document listing all legal bases for suspension of liquidation for the relevant entries covering the time period August 28, 2021, through November 20, 2023, for both the antidumping and countervailing duty proceedings.  The parties must also provide, as exhibits to that document, relevant Federal Register notices, Customs messages, or other documents relevant to the liquidation status of the entries.

*Id.* (emphasis added).  Following the court's grant of an extension request, Order (Feb. 18, 2025), ECF No. 298, on March 4, 2025, Movants filed the status report and required documentation, Jt. Status Rep., ECF No. 299.  Shortly thereafter, the Government moved for leave to file a supplemental brief to respond to the Joint Status Report.  Def.'s Mot. for Leave to File a Suppl. Br., ECF No. 300; *see also* Suppl. Br., ECF No. 300; Decl. of Connor Snitker ("Snitker Decl."), ECF No. 300-1.  Movants opposed the Government's motion.  [Movants'] Resp. in Opp'n to Def.'s Mot. for Leave to File a Suppl. Br. and Suppl. Br., ECF No. 302.[9]

**DISCUSSION**

I.    **Parties' Contentions**

Movants contend that USCIT Rule 60(a) permits the court to amend the *Coalition VI* order to require CBP to refund cash deposits paid on the subject entries prior to liquidation.  Refund Mot. at 2, 9–11.  Movants argue that such an amendment would

---

[9] The court will grant the Government's motion.  The court intended for the Joint Status Report to reflect the views of all relevant parties.  Insofar as it apparently did not, the court will accept the Government's Supplemental Brief and accompanying Snitker Declaration in order to hear the Government's considered views on the status of the Refund Motion.

reflect the intent of the parties at the time the court reinstated Movants' exclusion from the *CVD Order* and is consistent with Commerce's acknowledgement in Message No. 9288315 that CBP has authority to issue pre-liquidation refunds. *Id.* at 9. In the alternative, Movants seek the same relief pursuant to USCIT Rule 60(b)(5) for reasons of equity. *Id.* at 2–3. Movants argue that CBP's retention of the cash deposits pending liquidation that will await resolution of binational panel reviews is "deeply unfair." *Id.* at 12. They assert that "the deprivation" to which Movants are currently subject outweighs any administrative burden imposed on CBP from issuing pre-liquidation refunds. *Id.* at 14.

  The Government contends that Rule 60(a) provides no basis for granting Movants' requested relief because the parties' intent was accurately captured in the *Coalition VI* order. Def.'s Resp. at 8. The Government further argues that the issuance of refunds with interest following liquidation is consistent with the governing statutes and regulations. *Id.* at 9. Although 19 U.S.C. § 1520(a)(4) permits CBP to issue pre-liquidation refunds, the Government contends, CBP is never required to do so and CBP's decision not to is neither protestable nor judicially reviewable. *Id.* at 10. With respect to Rule 60(b)(5), the Government argues that Movants have not identified the requisite changed circumstances or inequity that rule requires. *Id.* at 10–12. The Government further avers, with support from a declaration by a CBP official, that issuing pre-liquidation refunds would be extremely burdensome. *Id.* at 12–14; *see also* Decl. of Alexander Amdur ("Amdur Decl."), ECF No. 277-2; Snitker Decl. (providing additional information).

The Coalition contends that Movants failed to identify any "mistake" in the *Coalition VI* order as required by Rule 60(a).  Pl.'s Resp. at 3.  Instead, the Coalition argues, Movants simply "fail[ed] to anticipate the well-established ramifications of Customs' regulation and practice regarding the liquidation of entries" and are now seeking "different relief."  *Id.* at 4.  Regarding Rule 60(b)(5), the Coalition contends that Movants are not entitled to relief because this case concerns a Commerce determination, whereas Movants' current dispute over refunds lies with Customs and they have not established standing to challenge Customs' action.  *Id.* at 5–6.[10]  If the court disagrees, then the Coalition argues that Movants have not shown that CBP abused its discretion pursuant to 19 U.S.C. § 1520(a)(4).  *Id.* at 6–8.

Movants counter that 28 U.S.C. § 2643(c)(1) authorizes the court to order CBP to issue pre-liquidation refunds of cash deposits.  Reply at 2, 4.  Movants argue that the parties intended for the *Coalition VI* order to require CBP to issue refunds.  *Id.* at 2.  Movants seek to rebut the Government's assertions regarding the burden that issuing refunds would place on CBP, arguing that Movants' prior experience obtaining refunds in 2019 and 2020 indicates that any such burden is manageable.  *Id.* at 4–5.

---

[10] Movants seek to respond to the Coalition's standing-based argument in their motion for leave to file a reply, but not in the proposed reply.  *See* Reply Mot. at 5–6 (stating that the Coalition's argument "falls below the threshold of significance warranting a reply" while requesting the court to consider the counterpoints raised by Movants if the court considers the Coalition's argument).  The court does not reach the question of standing, and, thus, does not address Movants' response or whether that response is properly before the court.

## II.    Analysis

### A.    Legal Standards

Rule 60 governs "relief from a judgment or order."  Rule 60(a) permits the court

to "correct a clerical mistake or a mistake arising from oversight or omission whenever

one is found in a judgment, order, or other part of the record," USCIT Rule 60(a), in

order for the relevant document to conform with "the intentions of the court and the

parties," *Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1192 (Fed. Cir. 2009)

(citing USCIT Rule 60(a)).  Errors correctible under this rule are "minor"; Rule 60(a) is

not intended "to substantially alter the rights of the parties thereto."  *Patton v. Sec'y of*

*Dep't of Health and Human Servs.*, 25 F.3d 1021, 1029 (Fed. Cir. 1994).[11]  "Errors of a

more substantial nature are more appropriately correctable under subdivision (b)."  *Id.*

Rule 60(b)(5) permits the court to "relieve a party or its legal representative from

a final judgment, order, or proceeding" when "applying [the judgment or order]

prospectively is no longer equitable."  USCIT Rule 60(b)(5); *see also Horne v. Flores*,

557 U.S. 433, 447 (2009).[12]  A motion filed pursuant to Rule 60(b)(5) "must be made

within a reasonable time."  USCIT Rule 60(c)(1).  Rule 60(b)(5) "is rooted in the

---

[11] *Patton* addressed Rule 60(a) of the Rules of the Court of Federal Claims, which is
identical to USCIT Rule 60(a).  The *Patton* court looked to sources discussing both
USCIT Rule 60(a) and Federal Rule of Civil Procedure 60(a) to understand the rule's
parameters.  25 F.3d at 1029–30.  Likewise, this court may refer for guidance to the
rules of other courts.  USCIT Rule 1.

[12] "[A] final judgment or order has prospective application for purposes of Rule 60(b)(5)
only where it is executory or involves the supervision of changing conduct or
conditions."  *Tapper v. Hearn*, 833 F.3d 166, 170–71 (2nd Cir. 2016) (citation and
quotation marks omitted).  "The court's [April 28, 2021,] judgment was prospective for
purposes of this rule."  *Coalition VI*, 665 F. Supp. 3d at 1354.

'traditional power of a court of equity to modify its decree in light of changed circumstances.'"  *Tapper*, 833 F.3d at 170 (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004)).  While the rule "may not be used to challenge the legal conclusions on which a prior judgment or order rests," it "provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest."  *Horne*, 557 U.S. at 447 (citation and quotation marks omitted).  Regardless of the basis, the decision whether to grant relief is discretionary.  *See Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1295 (Fed. Cir. 2013).

### B.    USCIT Rule 60(a)

Movants have not demonstrated any mistake, clerical or otherwise, in the *Coalition VI* order.  Thus, Rule 60(a) is not a basis for the requested relief.  Movants effectively seek an affirmative injunction requiring CBP to issue, on request, pre-liquidation refunds.  *See* Refund Mot. at 15 (requesting the court to clarify that the *Coalition VI* order "includes the obligation to promptly refund all countervailing duty cash deposits . . . upon request by [Movants]").  But that is a substantially different form of relief from the issuance of refunds via liquidation in the normal course.

The parties' filings instead suggest that Movants were mistaken in their expectations as to what CBP would do as a result of the *Coalition VI* order.  In the motion to reinstate their exclusion from the *CVD Order*, Movants sought "to restore the *status quo ante*" that existed before the court entered its August 18, 2021, Judgment.

Mot. to Reinstate Exclusion from [CVD] Order Pending Resolution of Litigation at 8,

ECF No. 222.  The liquidation instructions in effect prior to the August 18, 2021,

Judgment stated that subject merchandise suspended on or after April 28, 2017,

"should be liquidated without regard to countervailing duties (i.e., refund all cash

deposits)."  Message No. 9234309 ¶ 4.  The cash deposit instructions noted the

exclusion from the *CVD Order* and referenced CBP's refund authorization pursuant to

19 U.S.C. § 1520(a)(4).  Message No. 9288315 ¶¶ 2–3.  The *Coalition VI* order was

entirely consistent with these instructions.[13]  While CBP may have granted previous

requests for pre-liquidation refunds, *see* Reply Exs. 1–3 (attesting to Movants'

respective receipt of pre-liquidation refunds in 2019 and 2020), neither now, nor then,

was CBP required to make such pre-liquidation refunds.

      Indeed, in their reply, Movants noted their "*expectation* that the Court's most

recent order to reinstate [Movants'] exclusion *would yield* similar pre-liquidation refunds"

as Movants obtained in 2019 and 2020.  Reply at 5 (emphases added).  Similarly,

Movants averred it was not "unreasonable . . . *to expect* that pre-liquidation refunds

would be forthcoming, given CBP's *prior conduct* in processing such refunds related to

this matter."  *Id.* at 7 (emphases added).  Movants' erroneous expectations are not,

---

[13] Movants assert that CBP is not giving full effect to the *Coalition VI* order by retaining
the cash deposits.  Refund Mot. at 10.  For this proposition, Movants rely on "the court's
reference to 'discontinu[ing]' cash deposits."  *Id.* (alteration in the motion).  However, the
court ordered Commerce to instruct CBP to "discontinue . . . the collection of cash
deposits" on entries made on or after August 28, 2021.  *Coalition VI*, 665 F. Supp. 3d at
1355.  Movants do not assert CBP is continuing to collect cash deposits for the relevant
time period.

however, a basis for relief under Rule 60(a).  Accordingly, relief under this rule will be denied.

### C.     USCIT Rule 60(b)(5)

In the alternative, Movants urge the court to exercise its authority pursuant to Rule 60(b)(5) to order the refund of cash deposits as a form of relief from the August 18, 2021, Judgment.  Refund Mot. at 2–3.  In *Coalition VI*, the court granted Movants relief under this rule.  665 F. Supp. 3d at 1353–55.  This time, the equities do not favor granting Movants their requested further relief.

There has been no legal change since *Coalition VI*.  What has changed, however, is the system CBP uses to process pre-liquidation refunds.  "Specifically, in 2022, CBP implemented its new Automated Commercial Environment (ACE) refunds system, to replace its legacy Automated Commercial System (ACS) for the purpose of duty and estimated duty deposits refunds."  Suppl. Br. at 2; Snitker Decl. ¶¶ 4–5.  Within the ACE system, processing pre-liquidation refunds "is a manual, entry-by-entry process that requires" several instances of approval and review before "an Entry Specialist manually process[es] each entry and certif[ies] the refund to the Department of Treasury."  Snitker Decl. ¶ 7.  Even then, "a different Entry Specialist is required to review each refund," ensuring procedural compliance, before "a different Entry Supervisor . . . manually certif[ies] each refund."  *Id.*  While CBP's "normal semi-automated liquidation processes" would result in "refunds plus interest, for all 13,000 [subject entries] in a matter of days," processing "preliquidation refunds for the same

entries would [now] take [CBP] *years* to complete, and would add weeks to the

liquidation process down the road as well."  *Id.* ¶ 9 (emphasis added).

Movants fail to persuade the court that any harm arising from the Government's

retention of cash deposits pending liquidation outweighs this administrative burden.

Movants' assertions of harm are conclusory and unsupported by affidavits or other

evidence.  Refund Mot. at 13; *see also* Reply at 7.[14]  The court is aware that suspension

of the subject entries remains in place, and may remain for some time, pending the

conclusion of challenges to parallel antidumping duty review results.  *See* Jt. Status

Rep., Ex. 1 (listing the current bases for suspension and status thereof).  The interest

on any excess cash deposits paid will continue to accrue until liquidation, providing the

statutorily provided offset to any harm arising from the unavailability of the funds until

that time.  *See* 19 U.S.C. § 1505(b), (c).

Movants identify the *Trans Texas Tire* litigation as an example of the court

exercising its authority pursuant to 28 U.S.C. § 2643(c)(1) "to fashion a remedy that

included pre-liquidation refunds."  Reply at 2 (citing *Trans Texas Tire, LLC v. United

States* (*Trans Texas I*), 45 CIT __, __, 519 F. Supp. 3d 1275, 1289 (2021)).  There,

---

[14] Movants assert this court previously "recognized in *Coalition VI*" that, "'given that the
Federal Circuit reversed the very basis upon which movants were included in the CVD
Order,' it would be 'inequitable' to force [Movants] to await the resolution of unrelated
litigation for the affected entries to liquidate and refunds to issue."  Refund Mot. at 13
(citation omitted).  The judicial statements quoted by Movants were made in the context
of determining that it would be inequitable to continue enforcing the August 18, 2021,
Judgment against Movants and of determining the effective date for the requested relief.
*Coalition VI*, 665 F. Supp. 3d at 1354–55.  Movants did not present the question
whether they must await the conclusion of parallel proceedings before obtaining refunds
and, thus, the court did not address that question.

however, the court did not explicitly rely on 28 U.S.C. § 2643(c)(1).  Rather, while

sustaining Commerce's scope determination, the court found Commerce's "decision to

assess duties retroactive to the date of the Preliminary Determination" to be unlawful

"because the language in the Initiation Notice and Preliminary Determination did not

provide adequate notice of the inclusion of [the plaintiff's merchandise]" in the relevant

order.  519 F. Supp. 3d at 1289 (underline omitted).  The court required "Commerce to

reformulate its instructions consistent with this opinion."  *Id.*  On remand, Commerce

issued revised instructions that "indicated that it will 'order the continuation of the

suspension of liquidation of the entries at issue' but also instruct CBP to 'give effect to

[*Trans Texas I*] by allowing for the importer to seek refunds pursuant to 19 U.S.C.

1520(a)(4).'"  *Trans Texas Tire, LLC v. United States* (*Trans Texas II*), 45 CIT __, __,

545 F. Supp. 3d 1374, 1377 (2021).  The court sustained Commerce's remand

redetermination after finding that the instructions "properly ensure access to interim

remedies pursuant to 19 U.S.C. § 1520(a)(4)."  *Id.*  The court did not require CBP to

provide pre-liquidation refunds but ensured that such relief *could* be made available.

     As the Government here points out, "preliquidation refunds of AD/CVD deposits

are rare and generally limited to situations involving very few entries."  Amdur Decl. ¶ 4.

Significantly, the *Trans Texas Tire* litigation and Commerce's revised instructions

considered in that case predate CBP's transitioning of the collections portion of ACS to

ACE.[15]  Whether or to what extent CBP exercises its discretionary authority pursuant to

19 U.S.C. § 1520(a)(4) in any given case is not a basis for requiring CBP to do so here.

Accordingly, the court will deny Movants relief under this rule.

### CONCLUSION AND ORDER

The court encourages the parties to continue discussing suitable methods for

resolving Movants' reasonable concerns with the delay in obtaining cash deposit

refunds due to the ongoing suspensions of liquidation.  However, Movants have not met

their burden, pursuant to USCIT Rules 60(a) or 60(b)(5), to establish a basis for the

court to order CBP to engage in the highly burdensome process of issuing pre-

liquidation refunds for the roughly 13,000 subject entries.  Accordingly, it is hereby

**ORDERED** that the motion to explicitly state an obligation to refund

countervailing duty cash deposits established by Slip Op. 23-163 (ECF No. 262) is

**DENIED**; it is further

---

[15] As of "August 29, 2022, all duty or estimated duty refunds must be processed by CBP using the ACE Collections module, and ACS is no longer available and cannot be used."  Snitker Decl. ¶ 5.  As discussed above, the Government has sufficiently documented the burden associated with providing pre-liquidation refunds for some 13,000 entries under ACE.  While the court acknowledges the Government's assertions regarding the improved security of ACE over ACS, it is unfortunate that the additional security has come at the expense of significantly constraining CBP's ability to provide pre-liquidation refunds in what the Government does not contest is an otherwise appropriate circumstance (particularly in light of CBP's prior actions in this very proceeding).  While requests for pre-liquidation refunds in all likelihood will remain limited, there may be future situations in which the equities will be more favorable to the importers seeking refunds and the court encourages CBP to explore reasonable methodologies to provide such refunds within its more secure ACE system.

Consol. Court No. 19-00122                                                              Page 18

      **ORDERED** that the motion for leave to reply in support of motion to explicitly

state an obligation to refund countervailing duty cash deposits established by Slip Op.

23-163 (ECF No. 280) is **GRANTED**, and the reply brief is accepted for filing; and it is

further

      **ORDERED** that the motion for leave to file a supplemental brief (ECF No. 300) is

**GRANTED**, and the supplemental brief is accepted for filing.


                       /s/      Mark A. Barnett
                       Mark A. Barnett, Chief Judge

Dated:      April 18, 2025
          New York, New York