UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>    and<br><br>FONTAINE, INC., *et al.,*<br><br>    Defendant-Intervenors. | Court No. 19-00122 |

**SUPPLEMENTAL BRIEF**

Defendant, the United States, respectfully responds to the joint status report, ECF No. 299, filed by defendant-intervenors, Scierie Alexandre Lemay & Fils Inc., North American Forest Products Ltd, Marcel Lauzon Inc. and Les Produits Forestiers D&G Ltée (collectively "movants").

Movants' new unsolicited inadmissible argument lacks merit. As explained in the Amdur declaration, ECF No. 277-2, at ¶¶ 4-10, processing pre-liquidation refunds is an extremely time-consuming and burdensome entry-by-entry process, for which CBP does not have the resources to spare to process preliquidation refunds for the thousands of entries covered by paragraph 2 of Commerce's instructions to CBP in Message No. 4018411. Consistent with 19 U.S.C. §§ 1504 and 1505, CBP will liquidate the entries covered by paragraph 2 of Commerce's instructions to

CBP with refunds of the countervailing duty deposits, along with interest as provided by law, when the entries are no longer subject to other instructions or orders to continue to suspend liquidation.

In their status report, movants contended that "the primary obstacle to this approach appears unrelated to calculating meaningful amounts to be refunded or issuing pre-liquidation refunds. Rather, CBP appears to be concerned about how it might memorialize refunds for each entry." ECF No. 299 at 2-3. This is inaccurate. As explained in detail in the attached declaration of Connor Snitker, Snitker Dec., the administrative burden of providing the refunds that the movants seek would be overwhelming. To process each refund for each entry requires a manual process involving four different CBP specialists. *Id*. at ¶ 7. And then, upon the eventual liquidation, CBP must repeat a similarly burdensome process to calculate the amount of interest due for each entry on the deposited and refunded amounts. *Id*. at ¶ 7, 12.

To be sure, CBP has provided preliquidation refunds before. *Id*. at ¶ 9-10. But those were under a different system and different policies that allowed ad hoc scripting that is unavailable under the current system which was designed in part to mitigate some of the concerns with processing refunds under the old system. *Id*. at ¶¶ 5, 10-12. Specifically, in 2022, CBP implemented its new Automated Commercial Environment (ACE) refunds system, to replace its legacy Automated Commercial System (ACS) for the purpose of duty and estimated duty deposits refunds. *Id*. at ¶¶ 4-5. The legacy system (ACS) allowed for customs scripts to be developed on an *ad hoc*, case-by-case basis, which allowed for more flexibility but also increased the potential for error and inconsistency. *Id*. at ¶ 11. The new system (ACE) is more standardized, and incorporates more mass processing functionalities, as well as greater internal

controls, reducing the opportunity for error by reducing the flexibility for users to deviate from standard processes. *Id*.

In sum, as explained in the Amdur and Snitker declarations, to process preliquidation refunds for the approximately 13,000 entries at issue would be unduly burdensome for the agency, requiring CBP to divert its already strained resources to manually process the refunds over the course of multiple years, and to add on additional weeks if not months to the subsequent liquidation process down the road, whereas the standard process as authorized by law, for refunds with interest upon liquidation, *see* 19 U.S.C. § 1505(b) ("[CBP] shall … refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation.") could be accomplished in a matter of days. Snitker Decl. at ¶ 9. There is no legal basis to impose this burden on CBP. While 19 U.S.C. § 1520(a)(4) *authorizes* the agency to provide preliquidation refunds in its discretion, there is no legal *requirement* to do so, particularly where, as here, the Agency lacks the resources to do so and still be able to execute the full scope of its broad and complex mission. *See* Amdur Decl. at ¶ 10; Snitker Decl. at ¶ 6. Rather, Congress intended that in such situations, the importer who is entitled to a refund of excess estimated duties deposited would be made whole at the time of liquidation (or reliquidation), when the excess duty deposits will be refunded with interest accruing from the date of the deposit to the date of the liquidation (or reliquidation). *See* 19 U.S.C. § 1505(b)-(c).

## CONCLUSION

For these reasons, we respectfully request that the Court deny the motion for refunds.

Respectfully submitted,

YAAKOV ROTH
Acting Assistant Attorney General

3

|  |  |
|---|---|
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ CLAUDIA BURKE<br>Deputy Director |
| OF COUNSEL:<br>Alexandra Khrebtukova<br>Senior Attorney<br>Office of Chief Counsel<br>U.S. Customs and Border Protection | /s/ STEPHEN C. TOSINI<br>Senior Trial Counsel<br>Department of Justice<br>Civil Division, Commercial Litigation Branch<br>PO Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>tel.: (202) 616-5196<br>email: stephen.tosini@usdoj.gov |
| March 7, 2025 | Attorneys for Defendant, the United States |