### UNITED STATES COURT OF INTERNATIONAL TRADE
#### New York, New York

| | | |
|---|---|---|
| **COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,** | ) ) ) ) ) ) ) | |
| **Plaintiff,** | ) ) | **Consol. Court No. 19-00122** |
| **v.** | ) ) | **Hon. Mark A. Barnett, Chief Judge** |
| **UNITED STATES,** | ) ) | |
| **Defendant.** | ) ) ) | |

### PROPOSED ORDER

Upon consideration of the motion (ECF No. 337) filed by Mobilier Rustique (Beauce) Inc. and its cross-owned affiliates (collectively, "Rustique"), and all other papers and proceedings in this action, it is hereby

**ORDERED** that Rustique's motion is denied.

_____
The Honorable Mark A. Barnett, Chief Judge

Dated: _____
      New York, New York

## <u>TABLE OF CONTENTS</u>

I.    FACTUAL BACKGROUND.........................................................................1

II.   LEGAL STANDARD ................................................................................4

III.  RUSTIQUE'S MOTION FOR STATUTORY INJUNCTION
      MUST FAIL BECAUSE THE FINAL RESULTS ARE NOT A
      REVIEWABLE DETERMINATION UNDER 19 U.S.C. §
      1516A(A)(2) ........................................................................................6

IV.   RUSTIQUE'S MOTION FAILS TO DEMONSTRATE THE
      FOUR FACTORS REQUIRED FOR A PRELIMINARY
      INJUNCTION ......................................................................................8

      A.    Rustique Fails to Demonstrate Irreparable Harm ..........................8

      B.    Rustique Failed to Satisfy the Three Other Factors
            Required for a Preliminary Injunction...........................................11

V.    CONCLUSION ...................................................................................15

## TABLE OF AUTHORITIES

### CASES

AGS Company Automotive Solutions v. U.S. Customs and Border Protection, 2025 WL 3634261 (Ct. Int'l Trade December 15, 2025) ................................................................10

Altx, Inc. v. United States, 211 F. Supp. 2d 1378 (Ct. Int'l Trade 2002)............................11

Am. Signature Inc. v. United States, 598 F.3d 816 (Fed. Cir. 2010)....................................14

Ashley Furniture Indus., LLC v. United States, 569 F. Supp. 3d 1261 (Ct. Int'l Trade 2022) .........................................................................................................................................5, 11

Best Mattresses Int'l Co. Ltd. v. United States, 557 F. Supp. 3d 1338 (Ct. Int'l Trade 2022) .........................................................................................................................................5, 9

Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania, 934 F.2d 30 (2d Cir. 1991)6

Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States, 393 F. Supp. 3d 1271 (Ct. Int'l Trade 2019).........................................................8

Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States, 413 F. Supp. 3d 1334 (Ct. Int'l Trade 2019).........................................................10

Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v. United States, 2025 WL 3679030 at *5 (Ct. Int'l Trade December 18, 2025) ...........................................................................................................................7

Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v. United States, 755 F.Supp.3d 1317 (Ct. Int'l Trade 2025).......................3

Harmonia Holdings Grp., LLC v. United States, 166 Fed. Cl. 727 (2023) ...........................6

In re Section 301 Cases, 524 F. Supp. 3d 1355 (Ct. Int'l Trade 2021)..................6, 7, 10, 11

Mosaic Co. v. United States, 540 F. Supp. 3d 1330 (Ct. Int'l Trade 2021)...........................7

Munaf v. Green, 553 U.S. 674 (2008) ..................................................................................12

Nucor Corp. v. United States, 412 F. Supp. 2d 1341 (Ct. Int'l Trade 2005) .......................11

OAO Corp. v. United States, 49 Fed. Cl. 478 (2001)............................................................6

Premier Trading, Inc. v. United States, 144 F.Supp.3d 1354 (Ct. Int'l Trade 2016)............12

Qingdao Taifa Grp. Co. v. United States, 581 F.3d 1375 (Fed. Cir. 2009).....................5, 12

Shandong Huarong Gen. Grp. v. United States,122 F. Supp. 2d 1367 (Ct. Int'l Trade 2000) ..................................................................................................................6

Silfab Solar, Inc. v. United States, 296 F.Supp.3d 1295 (Ct. Int'l Trade 2018) .................12

SKF USA, Inc. v. United States, 512 F.3d 1326 (Fed. Cir. 2008) .........................................9

Sofamore Danek Group, Inc v. DePuy-Motech, Inc., 74 F.3d 1216 (Fed. Cir. 1996) .........11

Trent Tube Div., Crucible Materials Corp. v. United States, 744 F. Supp 1177 (Ct. Int'l Trade 1990) ...............................................................................................................11

U.S. Ass'n of Imps. Of Textiles & Apparel v. Dep't of Commerce, 413 F.3d 1344 (Fed. Cir. 2005) .................................................................................................................12

Ugine & Alz Belg. v. United States, 452 F.3d 1289 (Fed. Cir. 2006) ...................................5

Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008) .....................................5, 8, 11, 14

Wisconsin Gas Co. v. FERC, 758 F.2d 669 (D.C. Cir. 1985) ....................................6, 10, 11

Zenith Radio Corp. v. United States, 710 F.2d 806 (Fed. Cir. 1983) ..............................7, 14

## STATUTES

19 U.S.C. § 1516(a)(2) .............................................................................................................8

19 U.S.C. § 1516a ....................................................................................................................7

19 U.S.C. § 1516a(a)(2) ...........................................................................................................5

19 U.S.C. § 1516a(a)(2)(B) ....................................................................................6, 7, 9, 15

19 U.S.C. § 1516a(c)(2) .................................................................................................4, 5, 7

28 U.S.C. § 1581(c) .................................................................................................................6

28 U.S.C. § 1581(i) ................................................................................................................10

28 U.S.C. § 2643 ....................................................................................................................10

28 U.S.C. § 2643(a)(1) ...........................................................................................................10

28 U.S.C. § 2643(c)(1) ...........................................................................................................10

# REGULATIONS

19 C.F.R. § 351.212(c)(1)(i) ...................................................................................14

19 C.F.R. § 351.214(l)(3)(i) ......................................................................................3

# ADMINISTRATIVE DETERMINATIONS

Certain Softwood Lumber Products From Canada: Amended Final Affirmative
   Countervailing Duty Determination and Countervailing Duty Order, 83 Fed. Reg. 347
   (Dep't Commerce Jan. 3, 2018) ...........................................................................1

Certain Softwood Lumber Products From Canada: Antidumping Duty Order and Partial
   Amended Final Determination, 83 Fed. Reg. 350 (Dep't Commerce Jan. 3, 2018)...........2

Certain Softwood Lumber Products from Canada: Final Results of Antidumping Duty
   Administrative Review; 2017-2018, 85 Fed. Reg. 76,519 (Dep't Commerce Nov. 30,
   2020) .............................................................................................2, 3, 4, 8

Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty
   Expedited Review, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019)......................3, 7

Certain Softwood Lumber Products From Canada: Final Results of the Countervailing Duty
   Administrative Review, 2017-2018, 85 Fed. Reg. 77,163 (Dep't Commerce Dec. 1,
   2020) ...........................................................................................................2

Certain Softwood Lumber Products From Canada: Preliminary Results and Partial
   Rescission of the Countervailing Duty Administrative Review; 2017-2018, 85 Fed. Reg.
   7,273 (Dep't Commerce Feb. 7, 2020) ...............................................................2

# OTHER AUTHORITIES

Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation;
   Opportunity to Request Administrative Review, 84 Fed. Reg. 2,816 (Dep't Commerce
   Feb. 8, 2019) .................................................................................................2

In the Matter of: Certain Softwood Lumber Products From Canada: Final Results of
   Antidumping Duty First Administrative Review; 2017-2018, Order, Secretariat File No.
   USA-CDA-2020-10.12-02 (September 17, 2025) ..................................................4

United States-Mexico-Canada Agreement (USMCA), Article 10.12: Binational Panel
   Review: Notice of Request for Panel Review, 86 Fed. Reg. 5,139 (Dep't Commerce Jan.
   19, 2021) ......................................................................................................4

United States-Mexico-Canada Agreement (USMCA), Article 10.12: Binational Panel
 Reviews: Notice of Completion of Panel Review, 90 Fed. Reg. 52,038 (Dep't Commerce
 Nov. 19, 2025) ....................................................................................................................4

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**New York, New York**

|  |  |
|---|---|
| **COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,** ) ) ) ) ) ) ) | |
| **Plaintiff,** ) | **Consol. Court No. 19-00122** |
| ) | |
| **v.** ) ) | **Hon. Mark A. Barnett, Chief Judge** |
| **UNITED STATES,** ) | |
| ) | |
| **Defendant.** ) ) ) | |

<u>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT INTERVENOR'S MOTION FOR A STATUTORY INJUNCTION**</u>

The Committee Overseeing Action for Lumber International Trade Investigations or Negotiations (the "COALITION"), respectfully requests that the "Motion for Statutory Injunction" filed by Mobilier Rustique (Beauce) Inc. and its cross-owned affiliates (collectively, "Rustique") be denied.  <u>See</u> Partial Consent Mot. for a Statutory Injunction of Mobilier Rustique (Beauce) Inc., Jan. 30, 2026 ("Rustique Mot."), ECF No. 337.

**I.    Factual Background**

Commerce published the antidumping and countervailing duty orders on certain softwood lumber products from Canada on January 3, 2018.  <u>Certain Softwood Lumber Products From Canada: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order</u>, 83 Fed. Reg. 347 (Dep't Commerce Jan. 3, 2018) ("CVD Order"); <u>Certain Softwood Lumber Products From Canada: Antidumping Duty Order and</u>

Partial Amended Final Determination, 83 Fed. Reg. 350 (Dep't Commerce Jan. 3, 2018) ("AD Order").

On February 8, 2019, Commerce issued a notice of opportunity to request administrative reviews for both the CVD and AD Order.  See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review, 84 Fed. Reg. 2,816 (Dep't Commerce Feb. 8, 2019).  Rustique requested a review of the CVD Order but subsequently withdrew its request.  Certain Softwood Lumber Products From Canada: Preliminary Results and Partial Rescission of the Countervailing Duty Administrative Review; 2017-2018, 85 Fed. Reg. 7,273 (Dep't Commerce Feb. 7, 2020) ("CVD AR1 Prelim") ("On July 1, 2019, Fontaine, Inc. and Mobilier Rustique withdrew their respective requests for administrative review.  All withdrawal of review requests were timely submitted . . . .").  In contrast, Rustique did not withdraw its review request for the AD Order and was thus covered under the first administrative review of the AD Order.  Certain Softwood Lumber Products from Canada: Final Results of Antidumping Duty Administrative Review; 2017-2018, 85 Fed. Reg. 76,519, 76,522 (Dep't Commerce Nov. 30, 2020) ("AD AR1 Final Results") (including Rustique in the list of non-selected exporters under review).  The first administrative review of the CVD Order covers the period of April 28, 2017, to December 31, 2018, and the first administrative review of the AD Order covers the period of June 30, 2017, to December 31, 2018.  See Certain Softwood Lumber Products From Canada: Final Results of the Countervailing Duty Administrative Review, 2017-2018, 85 Fed. Reg. 77,163 (Dep't Commerce Dec. 1, 2020) ("CVD AR1 Final Results"); AD AR1 Final Results, 85 Fed. Reg. at 76,519.

Separately, Rustique participated in the expedited review of the CVD Order. Under Commerce's regulation, the period of review ("POR") for the CVD expedited review is the same as the POI used in the underlying investigation. 19 C.F.R. § 351.214(l)(3)(i). For this CVD expedited review on the CVD Order on softwood lumber from Canada, the POR is 2015. Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty Expedited Review, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019) ("Final Results"). On July 5, 2019, Commerce published the final results for the CVD expedited review, finding that Rustique had an above de minimis rate of 1.99%. See Final Results, 84 Fed. Reg. at 32,122. As such, Rustique remains subject to the CVD Order and has been paying cash deposits under the relevant rate for periods covered by the subsequent administration reviews.

The litigation challenging Commerce's Final Results started in July 2019. Rustique's subsidy rate remained above de minimis after the Court considered all issues relevant to the company. Final Results of Redetermination Pursuant to Court Remand, ECF 255 (Sept. 10, 2024) (revising Rustique's subsidy rate upwards to 2.07%). See Committee Overseeing Action for Lumber International Trade Investigations or Negotiations v. United States, 755 F.Supp.3d 1317, 1325 (Ct. Int'l Trade 2025) (stating that "{t}he court will . . . sustain Commerce's Remand Results as to Rustique.")

While the litigation concerning Commerce's Final Results continues, Commerce published its final results of the first administrative review of the AD Order. See AD AR1 Final Results. Interested parties challenged Commerce's decision before a panel constituted under the U.S.-Mexico-Canada Agreement ("USMCA"). United States-Mexico-Canada Agreement (USMCA), Article 10.12: Binational Panel Review: Notice of

Request for Panel Review, 86 Fed. Reg. 5,139 (Dep't Commerce Jan. 19, 2021).  Based on the USMCA panel review, Commerce ordered the continued suspension of liquidation of entries made during the POR of the first administrative review of the AD Order by a number of companies, including Rustique.

In other words, up until this point, Rustique's entries between April 28 and June 29, 2017, were subject to liquidation because they were not subject to review under the CVD Order and because their liquidation was not otherwise suspended under the AD Order.  By contrast, the liquidation of Rustique's entries between June 30, 2017, and December 31, 2018, under the CVD Order was effectively mooted by the suspension of liquidation resulting from the USMCA panel review of Commerce's AD AR1 Final Results.

On September 17, 2025, however, the USMCA panel reviewing the challenges to the AD AR1 Final Results granted a joint motion for voluntary dismissal.  In the Matter of: Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty First Administrative Review; 2017-2018, Order, Secretariat File No. USA-CDA-2020-10.12-02 (September 17, 2025); see also United States-Mexico-Canada Agreement (USMCA), Article 10.12: Binational Panel Reviews: Notice of Completion of Panel Review, 90 Fed. Reg. 52,038 (Dep't Commerce Nov. 19, 2025).  The decision terminated the panel review of the AD AR1 Final Results, which lifted the continued suspension of liquidation for entries covered by the POR of this review.

Rustique now seeks an injunction for the company's entries of subject merchandise from June 30, 2017, to December 31, 2018.

## II.    Legal Standard

Under 19 U.S.C. § 1516a(c)(2), the court "may enjoin the liquidation of some or all entries of merchandise" covered by a "reviewable determination" enumerated in 19 U.S.C.

§ 1516a(a)(2). However, when a case does not derive from a challenge to a "reviewable determination," a statutory injunction provided under 19 U.S.C. § 1516a(c)(2) does not apply. See 19 U.S.C. § 1516a(c)(2).

The court considers four factors when deciding whether to grant or deny a motion for injunction, regardless of whether it is statutorily prescribed or not. Specifically, to obtain an injunction, a party must demonstrate (1) likelihood of success on the merits, (2) irreparable harm absent immediate relief, (3) the balance of interests weighing in favor of relief, and (4) that the injunction serves the public interest. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Best Mattresses Int'l Co. Ltd. v. United States, 557 F. Supp. 3d 1338, 1343 (Ct. Int'l Trade 2022) (discussing the four factors for an injunction of liquidation under 19 U.S.C. § 1516a(c)(2)).

Not all four prongs are weighed equally. The Court of Appeals for the Federal Circuit ("Federal Circuit") has historically applied a "sliding scale" approach, where "the greater the potential harm to the plaintiff, the lesser the burden on Plaintiffs to make the required showing of likelihood of success on the merits." See Qingdao Taifa Grp. Co. v. United States, 581 F.3d 1375, 1381–82 (Fed. Cir. 2009); Ugine & Alz Belg. v. United States, 452 F.3d 1289, 1293 (Fed. Cir. 2006). "The moving party 'bears an extremely heavy burden' to establish that irreparable harm exists." Ashley Furniture Indus., LLC v. United States, 569 F. Supp. 3d 1261, 1275 (Ct. Int'l Trade 2022) (internal citation and quotations omitted). "Failure to establish irreparable harm 'virtually dooms' the motion." Id.

Irreparable harm is a "type of injury that is serious and cannot be undone." Shandong Huarong Gen. Grp. v. United States, 122 F. Supp. 2d 1367, 1370 (Ct. Int'l Trade

2000).  Courts have held that "monetary losses are not irreparable harm."  Harmonia
Holdings Grp., LLC v. United States, 166 Fed. Cl. 727, 740–41 (2023) (citing OAO Corp.
v. United States, 49 Fed. Cl. 478, 480 (2001)); see also Wisconsin Gas Co. v. FERC, 758
F.2d 669, 674 (D.C. Cir. 1985) ("It is also well settled that economic loss does not, in and
of itself, constitute irreparable harm."); Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh,
Pennsylvania, 934 F.2d 30, 34 (2d Cir. 1991) ("Monetary loss alone will generally not
amount to irreparable harm").  Indeed, "{m}ere injuries, however substantial, in terms of
money, time and energy necessarily expended in the absence of a stay are not enough."
Wisconsin Gas Co., 758 F.2d at 674.  "Recoverable monetary loss may constitute
irreparable harm only where the loss threatens the very existence of the movant's business."
Id.  "The possibility that adequate compensatory or other corrective relief will be available
at a later date, in the ordinary course of litigation weighs heavily against a claim of
irreparable harm."  Id.

III.    **Rustique's Motion for Statutory Injunction Must Fail Because the Final
        Results Are Not a Reviewable Determination under 19 U.S.C. §
        1516a(a)(2)**

As this Court has explained, in litigation under 28 U.S.C. § 1581(c), where the
Court reviews a "reviewable determination" enumerated in 19 U.S.C. § 1516a(a)(2)(B),
liquidation generally is sufficient to constitute irreparable harm.  In re Section 301 Cases,
524 F. Supp. 3d 1355, 1374 (Ct. Int'l Trade 2021) (Barnett, J., dissenting).  This is because
the statute "indicates that liquidation in accordance with the agency determination is
generally final and conclusive unless an interested party secures a statutory injunction to
ensure liquidation in accordance with any final court decision reviewing the agency
determination."  Id.  As such, in these situations, "the purpose of an injunction . . . is to

preserve the court's ability to provide relief, should the movant prevail on the merits."

Mosaic Co. v. United States, 540 F. Supp. 3d 1330, 1333 (Ct. Int'l Trade 2021) (internal

citation omitted); see also In re Section 301 Cases, 524 F. Supp. 3d at 1375 (quoting Zenith

Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983)) ("In the absence of a

'provision permitting reliquidation in this case or imposition of higher dumping duties after

liquidation if Zenith Radio Corp. ("Zenith") is successful on the merits,' the appellate court

concluded that, 'once liquidation occurs, a subsequent decision by the trial court on the

merits of Zenith's challenge can have no effect on the dumping duties assessed on subject

entries.'").

In this case, however, the Final Results are not a reviewable determination under 19

U.S.C. § 1516a(a)(2)(B).  Indeed, this Court has confirmed this in its opinion issued in

December 2025 in this case, noting that "{t}his case does not arise under section 1516a

because 'CVD expedited reviews are principally a creature of Commerce's regulations' and

are not among the statutory determinations listed in section 1516a."  Committee Overseeing

Action for Lumber International Trade Investigations or Negotiations v. United States,

2025 WL 3679030 at *5, n.9 (Ct. Int'l Trade December 18, 2025).  For this reason, the

Court found that the standard of review prescribed under 19 U.S.C. § 1516a does not apply.

Id.  Based on the same logic, the statutory injunction available under 19 U.S.C. § 1516a

also does not apply here, given that the provision providing injunctive relief specifically

limits such relief to a case challenging "a determination described in {19 U.S.C. §

1516a(a)(2)}."  19 U.S.C. § 1516a(c)(2).

Accordingly, Rustique is not entitled to a statutory injunction under 19 U.S.C. §

1516a(c)(2) and its citations to cases that found irreparable harm based on the final nature

of liquidation in antidumping and countervailing duty cases arising from a challenge under

19 U.S.C. § 1516(a)(2) are irrelevant to the Court's inquiry here.  See Rustique Mot. at 5-7.

For this reason, the Court must deny Rustique's motion for a statutory injunction.

## IV.    Rustique's Motion Fails to Demonstrate the Four Factors Required for a Preliminary Injunction

It is well established that "{a} preliminary injunction is an extraordinary remedy

never awarded as of right."  Winter, 555 U.S. at 24.  In the event that the Court reviews

Rustique's motion as a request for a preliminary injunction, such a request must also fail

because the company fails to show that it is entitled to such an "extraordinary remedy" by

demonstrating the four factors required for a preliminary injunction.

### A.    Rustique Fails to Demonstrate Irreparable Harm

Rustique claims that the imminent liquidation of its entries for the period of June

30, 2017, to December 31, 2018, due to the completion of the USMCA panel review of the

AD AR1 Final Results would create irreparable harm.  Rustique Mot. at 6.

As an initial matter, the relevant entries are covered under the POR of the first

administrative review of the CVD Order.  Rustique's entries could have been suspended

from liquidation if the company had not withdrawn its request for administrative review.

As such, any harm arising from the completion of the panel review of the AD AR1 Final

Results is self-inflicted.  Comm. Overseeing Action for Lumber Int'l Trade Investigations

or Negots. v. United States, 393 F. Supp. 3d 1271, 1278 (Ct. Int'l Trade 2019)

("COALITION I") ("any harm that arises is self-inflicted as a result of Plaintiff's

withdrawal of its requests for administrative reviews of those companies, maintenance of

which would have continued the suspension of liquidation pending Commerce's final assessment of duties in the administrative review").[1]

Further, Rustique has failed to demonstrate irreparable harm. Rustique has provided no arguments demonstrating the company's irreparable harm other than citing to cases arising from challenges to a "reviewable determination" under 19 U.S.C. § 1516a(a)(2)(B). See Rustique Mot. at 6-7. However, in these cases, the court found irreparable harm because "once liquidation occurs, a subsequent decision by the trial court on the merits of a challenge can have no effect on the {} duties assessed," and thus renders "a court action moot." SKF USA, Inc. v. United States, 512 F.3d 1326, 1329 (Fed. Cir. 2008); see also Best Mattresses Int'l Co. Ltd., 557 F. Supp. 3d at 1343 (explaining that irreparable harm can be established in a motion for an injunction that arises from normal antidumping and countervailing duty issues because of the understanding that "liquidation can render the litigation moot").

This is not the case here. Rustique seeks a preliminary injunction in the event that its future appeals to the Court's decision in this case were successful and Rustique obtains a de minimis subsidy rate upon remand and the company is thus excluded from the CVD Order. As discussed above, Rustique has been paying cash deposits under the CVD Order since April 28, 2017. If Rustique is successful on appeal and receives a de minims rate in the remand redetermination, the company's relief would be the exclusion from the CVD

---

[1] In its Motion, Rustique claims that its "POR1 entries were subject to the POR1 antidumping duty administrative review but, because of the CVD Expedited Review, were not subject to the POR1 CVD administrative review." Rustique Mot. at 2, n.1. This is incorrect. Rustique's participation in the CVD Expedited Review had no bearing on the company's status with respect to administrative reviews under the CVD Order. Rustique's entries were not subject to the first administrative review of the CVD Order because Rustique withdrew its request for review.

Order.  Liquidation of a small portion (i.e., approximately 1.5 years) of Rustique's entries would not moot Rustique's appeal or deprive the reviewing court of the ability to provide relief.  Accordingly, at best, Rustique's claim of irreparable harm amounts to monetary losses if it is unable to recover the liquidated amount.  However, as discussed above, it is "well settled that economic loss does not, in and of itself, constitute irreparable harm." Wisconsin Gas Co., 758 F.2d at 674.

Further, Rustique could potentially recover monetary loss associated with the liquidated entries should it prevail on appeal.  The Court held that it has jurisdiction to review this case under 28 U.S.C. § 1581(i).  Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States, 413 F. Supp. 3d 1334, 1346 (Ct. Int'l Trade 2019) ("COALITION II").  As this Court explains, when a case implicates the court's jurisdiction pursuant to 28 U.S.C. § 1581(i), "the court is within its authority to order reliquidation or other appropriate relief."

> Specifically, the court's remedial authority is set forth in 28 U.S.C. § 2643. The statute provides, *inter alia*, that the CIT "may enter a money judgment ... for or against the United States in any civil action commenced under section 1581 or 1582 of this title," 28 U.S.C. § 2643(a)(1), and . . . may "order *any other form of relief* that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition," id. § 2643(c)(1) (emphasis added).

In re Section 301 Cases, 524 F. Supp. 3d at 1375–76; see also AGS Company Automotive Solutions v. U.S. Customs and Border Protection, 2025 WL 3634261 at *4 (Ct. Int'l Trade December 15, 2025) (holding that where jurisdiction under 28 U.S.C. § 1581(i) has attached, "this court has authority to order reliquidation . . . . Under such circumstances, entitlement to the 'extraordinary remedy' of a preliminary injunction has not been shown.").

In other words, if Rustique is indeed excluded from the CVD Order upon appeal, this Court has the authority to order reliquidation or enter a money judgment at that time. As such, whatever harm Rustique might suffer from the liquidation of its entries made under the POR of the first administrative of the AD Order is not "irreparable" or "beyond remediation." Wis. Gas. Co., 758 F.2d at 674.

### B. Rustique Failed to Satisfy the Three Other Factors Required for a Preliminary Injunction

"Courts may not lessen a movant's burden of demonstrating a likelihood of irreparable harm, regardless of the strength of the other factors." In re Section 301 Cases, 524 F. Supp. 3d at 1362 (citing Winter, 555 U.S. at 22, 129). "Failure to establish irreparable harm 'virtually dooms' the motion." Ashley Furniture Indus., LLC, 569 F. Supp. 3d 1275 (citing Nucor Corp. v. United States, 412 F. Supp. 2d 1341, 1352 (Ct. Int'l Trade 2005); Altx, Inc. v. United States, 211 F. Supp. 2d 1378, 1382 (Ct. Int'l Trade 2002); Trent Tube Div., Crucible Materials Corp. v. United States, 744 F. Supp 1177, 1179 (Ct. Int'l Trade 1990). Given that Rustique failed to demonstrate irreparable harm arising from liquidation of a portion of its entries, the Court should deny the company's motion for an injunction. In addition, Rustique's motion should also be denied because the company fails to satisfy any of the three other factors.

### 1. Rustique Fails to Demonstrate Its Likelihood of Success

The courts have held that the likelihood of success is an important factor in determining whether a preliminary injunction is warranted. See, e.g., Sofamore Danek Group, Inc v. DePuy-Motech, Inc., 74 F.3d 1216, 1219 (Fed. Cir. 1996) ("Central to the movant's burden are the likelihood of success and irreparable harm factors."). "Even where the movant shows that it will be irreparably harmed in the absence of an injunction,

11

'the movant must demonstrate at least a fair chance of success on the merits for a preliminary injunction to be appropriate.'" <u>Qingdao Taifa Group Co., Ltd v. U.S.</u>, 581 F.3d 1375, 1381 (Fed. Cir. 2009) (citing <u>U.S. Ass'n of Imps. Of Textiles & Apparel v. Dep't of Commerce</u>, 413 F.3d 1344, 1347 (Fed. Cir. 2005)) (additional citations and quotations omitted).  In <u>Munaf v. Green</u>, the Supreme Court affirmed the critical nature of demonstrating a likelihood of success on the merits to obtain a preliminary injunction.  <u>See Munaf v. Green,</u> 553 U.S. 674, 690 (2008).  There, the Court overturned a preliminary injunction granted by the district court because the district court failed to analyze the movant's likelihood of success.  <u>Id.</u> at 690-91.  In <u>Premier Trading, Inc. v. United States</u>, this court further underscored the importance of demonstrating a likelihood of success on the merits.  <u>Premier Trading, Inc. v. United States</u>, 144 F.Supp.3d 1354, 1358 (Ct. Int'l Trade 2016).  There, the court began its preliminary injunction analysis with the likelihood of success on the merits prong and found that the movant's lack of legal or factual analysis in this regard weighed heavily in favor of denying the motion.  <u>Id.</u> at 1358-61.  <u>See also</u> <u>Silfab Solar, Inc. v. United States</u>, 296 F.Supp.3d 1295, 1300 (Ct. Int'l Trade 2018) (stating "even were the court to presume, without deciding, that plaintiffs would be able to demonstrate that they will incur irreparable harm absent the relief they seek, and the balance of hardships is in their favor, they would still not qualify for this relief" because the plaintiffs did not demonstrate that they have a fair chance to succeed on the merits).

Rustique has failed to provide any substantive argument to support its claim that it is likely to succeed on the merits.  It asserts that: "Rustique's arguments challenging Commerce's decision {i.e., this Court's decision upholding Commerce's decision} to countervail Logging Tax Rebates would, if embraced by the Federal Circuit, compel

exclusion of Rustique's products *ab initio* from the CVD proceeding."  Rustique Mot. at 8.

However, Rustique does not explain what these arguments are — there is no discussion of

any factual or legal deficiencies in the Court's analysis or any subsequent changes to

relevant laws that would indicate that the Federal Circuit is likely to overturn this Court's

decision.  In other words, Rustique's analysis of the likelihood of success requirement rests

purely on the company's confidence, without any basis whatsoever, that the Federal Circuit

would do as it requested.  As Rustique noted, the standard for demonstrating the likelihood

of success may not be high – the movant only needs to show that its arguments raise

"serious, substantial, difficult, and doubtful questions."  Id. at 9.  And yet, Rustique's

unfounded confidence falls far short of meeting this standard.

2.  <u>**Rustique Fails to Show that the Balance of Hardship Weighs in Its Favor**</u>

Likewise, Rustique has also failed to show that the balance of hardship weighs in its

favor.  Rustique offers no evidence or argumentation to support its claim that "{t}he

significant hardship Rustique would experience should its POR1 entries be liquidated with

CVDs assessed manifestly outweighs any inconvenience delayed liquidation may impose

on the United States."  Rustique does not argue that liquidation of its relevant entries would

impede the company's day-to-day operations or diminish its ability to pursue business

opportunities.  It simply asserts that "such liquidations would cause serious economic

harm."  Rustique Mot. at 9.  However, the cash deposits on those entries were paid in 2017

and 2018—almost ten years ago.  The company has been operating for all these years

without access to those funds and would continue to do so if Rustique obtains a preliminary

injunction here to stop those entries from liquidation.  Further, as discussed above, there is

a possibility that Rustique could obtain a money judgment or reliquidation if those entries

13

were liquidated and Rustique prevails on appeal.  As such, it is unclear how Rustique

would suffer "serious economic harm" if the relevant entries are liquidated now.  Put

differently, Rustique fails to show that the balance of hardship weighs in its favor.

### 3.    An Injunction Does Not Serve the Public Interest

The final prong in a preliminary injunction analysis concerns the public interest.

Courts considering this factor try to ascertain whether the public interest is best served by

granting or denying the injunction.  See Zenith Radio Corp. v. United States, 710 F.2nd

806, 809 (Fed. Cir. 1983).

As Rustique noted, the public interest is best served by the uniform and fair

interpretation and application of the law.  Rustique Mot. at 10 (citing Am. Signature Inc. v.

United States, 598 F.3d 816, 830 (Fed. Cir. 2010)).  The only reason Rustique is in this

current situation is because the company withdrew its request for the first administrative

review of the CVD Order.  Commerce's regulation clearly states that if the agency does not

receive a request for an administrative review, it will instruct U.S. Customs and Border

Protection to "assess antidumping or countervailing duties, as the case may be, on the

subject merchandise . . . equal to the cash deposit rate of . . . estimated antidumping duties

or countervailing duties required on that merchandise at the time of entry."  19 C.F.R.

§ 351.212(c)(1)(i).  Rustique's entries for the 2017-2018 period are to be liquidated because

of the correct and uniform application of this regulation.

Further, the courts have long held that preliminary injunctions are an extraordinary

remedy and are only obtainable when the movant demonstrates that it satisfies the factors

discussed above.  See, e.g., Winter, 555 U.S. at 24.  Rustique has offered little, if any, legal

or factual analysis in support of its motion for a preliminary injunction.  The public interest

is not better served by ignoring well-established case law and granting Rustique this

14

extraordinary relief when the company has failed to show even a colorable theory of irreparable harm and all the while relied on a mere hope that it may prevail on appeal as the basis for the likelihood of success.

For these reasons, the Court should find that an injunction does not serve the public interest.

## V.    CONCLUSION

Because a statutory injunction is only available in a case that arises from a "reviewable determination" under 19 U.S.C. § 1516a(a)(2)(B), which this case is not, and because Rustique fails to demonstrate that it satisfies the four factors for a preliminary injunction, the COALITION respectfully requests that the Court deny its motion.

Respectfully Submitted,

/s/ Sophia J.C. Lin
Sophia J.C. Lin
Jarret Williamson
**PICARD KENTZ & ROWE LLP**
1155 Connecticut Ave. NW
Washington, DC 20036
(202) 331-4040

Dated:  February 6, 2026