**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Consol. Court No. 19-00122 |

# REPLY OF MOBILIER RUSTIQUE (BEAUCE) INC. TO COALITION OPPOSITION TO STATUTORY INJUNCTION

On January 30, 2026, Consolidated Plaintiff/Defendant-Intervenor Mobilier Rustique (Beauce) Inc. ("Rustique") requested,[1] and explained the urgent need for, an injunction to prevent liquidation of entries within the scope of the *Certain Softwood Lumber from Canada* CVD proceeding (Case No. C-122-858) that occurred during the first administrative review period from June 30, 2017 through December 31, 2018 ("Rustique's POR 1 entries").

As explained there, Rustique (in its capacity as a Consolidated Plaintiff) is challenging aspects of the of the U.S. Department of Commerce's final results of CVD Expedited Review, and a favorable ruling on Rustique's claim involving Logging Tax Rebates would result in exclusion *ab initio* of Rustique's products from the CVD proceeding. Rustique is seeking to protect its right to recover, in that scenario, roughly $2 million of CVD deposits posted on POR1 entries (which are now at

---

[1] *See* ECF 337.

immediate risk of liquidation).

Plaintiff/Consolidated Defendant-Intervenor the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("COALITION") has written in opposition to Rustique's Motion. *Plaintiff's Response in Opposition to Defendant Intervenor's Motion for a Statutory Injunction* (Feb. 6, 2026), ECF 342 (hereinafter "*Response*").[2]  The Court might reasonably wonder why the COALITION would assert any interest, or even have an opinion, as to whether relief Rustique might secure in respect of old review periods is complete (as the company is seeking to ensure) or incomplete.  In any event, the *Response* makes four main assertions each of which is either wrong or unavailing.

*1. A party to a CVD Expedited Review ("ER") cannot ask for – and the Court cannot grant – an injunction to block liquidation because ER results are not among the "reviewable determinations" mentioned in 19 U.S.C. § 1516a(a)(2)(B).  Response* at 6-8.  This argument ignores the fact that this Court granted statutory injunctions in the very cases later consolidated under 19-00122,[3] and took no further step (such as dissolving injunctions) after holding that jurisdiction in these appeals rested on 28 U.S.C. § 1581(i).

*2. If Rustique had participated in the CVD administrative review for POR1, its POR1 entries would still be covered by an injunction in that (likewise prolonged) appeal.  Response* at 8-9.  This argument is at once speculative and irrelevant.  The question is not whether Rustique participated in a particular administrative review, but whether it has a right to appeal from a Commerce Department decision.  Rustique does have that right, which it has exercised here, and the requested injunction is

---

[2]     The Court provided Rustique one week to file the instant reply.  ECF 343.

[3]     *See, e.g.*, ECF 11 in 19-00164.

2

required to maintain that right.

*3. Rustique will suffer no irreparable harm from liquidation because 1.5 years of entries isn't very much, and because the Court can always order the POR1 entries to be reliquidated.  Response* at 10-11.  $2 million of CVD deposits, while perhaps a trivial sum in the COALITION's worldview, is quite meaningful to a small business like Rustique.  As for the possibility of reliquidation, the COALITION expresses great confidence on a point that is not entirely clear, and on the basis of statements made in non-AD/CVD cases which are, to say the least, factually distinctive.[4]  Among other things, the Federal Circuit may or may not agree with the CIT panel on reliquidation.  And as the COALITION is aware, when it comes to liquidation and the possibility of foreclosing relief, any risk is unacceptable – which is the precise reason the law provides for statutory injunctions.

*4. Rustique did not, in its Motion, explain at length why it stands a good chance of prevailing at the Federal Circuit on the logging tax issue.  Response* at 11-13.  As the COALITION acknowledges, *id.*, the burden on a party seeking to prevent liquidation during the pendency of an AD/CVD appeal is met by raising "questions which are 'serious, substantial, difficult and doubtful.'"  *See PPG Indus., Inc. v. United States*, 11 C.I.T. 5, 8 (1987); *Mid Continent Steel & Wire, Inc. v. United States*, 427 F. Supp. 3d 1375, 1385 (2020).  It therefore suffices, for immediate purposes, to note that the issue Rustique is litigating involves statutory provisions (on foregone revenue) that have not previously been interpreted at the Federal Circuit level.  Also, if the COALITION's prediction proves accurate and Rustique falls short at the Federal Circuit, then the POR1 entries (along with all others) will eventually liquidate with

---

[4]    *See Response* at 10, citing In Re Section 301 Cases, 524 F. Supp. 3d 1355, 1375–76 (Ct. Int'l Trade 2021).

duties imposed; an injunction blocking liquidation *pendente lite* does nothing to change that.

* * *

In the end, the COALITION has nothing to say on the two core questions presented here: first, whether this Court *has authority* to enjoin liquidation of the POR1 entries (which of course it does), and second, whether the Court *should exercise that authority* for all the same reasons that underpin the routine issuance of statutory injunctions in AD/CVD appeals (it should).

Rustique's arguments challenging Commerce's decision to countervail Logging Tax Rebates would, if embraced by the Federal Circuit, compel exclusion of Rustique's products *ab initio* from the CVD proceeding. Liquidation of the POR1 entries would effectively deny Rustique its right to obtain comprehensive refunds for wrongfully collected duties in that scenario. Rustique has demonstrated that all four factors for entering a statutory injunction are met, and that the injunction should cover Rustique's POR1 entries for the pendency of this litigation, including appeals. We respectfully request that the Court grant Rustique's Motion.

    Respectfully submitted,

    __ */s/ John R. Magnus* __

    TradeWins LLC
    1330 Connecticut Ave. NW
    Washington, D.C. 20036
    Tel: 202.744.0368

    *Counsel for Mobilier Rustique (Beauce) Inc.*

Dated: February 13, 2026