**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | | |
|---|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, | ) | |
| *Plaintiff*, | ) | |
| UNITED STATES, | ) | Consol. *Court* No. 19-00122 |
| *Defendant*, | ) | |
| and | ) | |
| FONTAINE, ET AL., | ) | |
| *Defendant-Intervenors*. | ) | |

**DEFENDANT-INTERVENORS D&G/PORTBEC RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE JUDGMENT**

Edward M. Lebow
Haynes and Boone, LLP
888 16th Street NW, Suite 300
Washington, DC 20006
(202) 654-4514
*Counsel to Les Produits Forestiers D&G Ltée and Les Produits Forestiers Portbec Ltée*

Dated: October 15, 2026

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,

*Plaintiff*,

UNITED STATES,

*Defendant*,

and

FONTAINE INC., ET AL.,

*Defendant-Intervenors*.

Consol. Court No. 19-00122

**PROPOSED ORDER**

Upon consideration of Plaintiff's Motion to Enforce Judgment, the responses thereto, and all other pertinent papers, it is hereby

**ORDERED** that Plaintiff's Motion to Enforce Judgment is **DENIED**.

____________________________
Mark A. Barnett, Chief Judge

Dated: ______________________
New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

# Table of Contents

INTRODUCTION ........................................ 1

ARGUMENT ........................................ 2

**I.** COMMERCE COMPLIED WITH THE JUDGMENT, AND THE RELIEF SOUGHT WOULD MODIFY A JUDGMENT NOW ON APPEAL ........................................ 2

**II.** THE RELIEF SOUGHT IS A NEW, UNEXHAUSTED APA CLAIM AGAINST A SEPARATE AGENCY ACTION ........................................ 5

**III.** THE REGULATION THE COALITION RELIES ON GOVERNS ASSESSMENT, NOT CASH DEPOSITS ........................................ 7

**IV.** THE AR4 RATE IS A NON-SELECTED RATE FOR A PERIOD FOR WHICH THIS COURT REINSTATED D&G’S EXCLUSION ........................................ 8

**V.** THE AGENCY NOTICES THE COALITION RELIES ON DO NOT SUPPORT THE RELIEF REQUESTED ........................................ 9

CONCLUSION ........................................ 11

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

# Table of Authorities

**Page(s)**

**Cases**

*B.F. Goodrich Co. v. United States*,
843 F. Supp. 713 (Ct. Int'l Trade 1994) ....................5

*City of Cookeville v. Upper Cumberland Elec. Membership Corp.*,
484 F.3d 380 (6th Cir. 2007) ....................4

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition IV*),
535 F. Supp. 3d 1336 (Ct. Int'l Trade 2021) ....................7, 9

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition V*),
66 F.4th 968 (Fed. Cir. 2023) ....................8

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition VI*),
665 F. Supp. 3d 1347 (Ct. Int'l Trade 2023) ....................9, 10

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition VII*),
701 F. Supp. 3d 1334 (Ct. Int'l Trade 2024) ....................8

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition XI*),
Slip Op. (Ct. Int'l Trade July 21, 2026)....................2, 3

*Gilda Indus., Inc. v. United States*,
511 F.3d 1348 (Fed. Cir. 2008)....................4

*GPX Int'l Tire Corp. v. United States*,
70 F. Supp. 3d 1266 (Ct. Int'l Trade 2015) ....................2, 3, 5

*Griggs v. Provident Consumer Discount Co.*,
459 U.S. 56 (1982)....................4

*Heraeus-Amersil, Inc. v. United States*,
638 F. Supp. 342 (Ct. Int'l Trade 1986) ....................5

*Koyo Seiko Co. v. United States*,
95 F.3d 1094 (Fed. Cir. 1996)....................10

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

*Nicol v. Gulf Fleet Supply Vessels, Inc.*,
743 F.2d 298 (5th Cir. 1984) ....................5

*NLRB v. Cincinnati Bronze, Inc.*,
829 F.2d 585 (6th Cir. 1987) ....................4

*Otter Products, LLC v. United States*,
532 F. Supp. 3d 1345 (Ct. Int'l Trade 2021) ....................2, 3

*SEC v. Chenery Corp.* (*Chenery II*),
332 U.S. 194 (1947)....................10

*United States Steel Corp. v. United States*,
348 F. Supp. 3d 1248 (Ct. Int'l Trade 2018) ....................6, 10

*United States v. Hanover Ins. Co*.,
869 F. Supp. 950 (Ct. Int'l Trade 1994), *aff'd*, 82 F.3d 1052 (Fed. Cir. 1996)....................5

*Wedbush, Noble, Cooke, Inc. v. SEC*,
714 F.2d 923 (9th Cir. 1983) ....................5

*Williamson v. Recovery Ltd. Partnership*,
731 F.3d 608 (6th Cir. 2013) ....................5

**Statutes**

19 U.S.C. § 1516a....................2

19 U.S.C. § 1671d....................6

28 U.S.C. § 2637....................6

**Other Authorities**

19 C.F.R. § 351.212....................7, 8

19 C.F.R. § 351.214 (2020) ....................7

19 C.F.R. § 351.221 ....................8

86 Fed. Reg. 52,373-74 (Dep't Commerce Sept. 20, 2021) ....................7

88 Fed. Reg. 50,096 (Dec. 13, 1988)....................6, 8

*Certain Hot-Rolled Steel Flat Products From Japan*, 91 Fed. Reg. 55,513 (Dep't
Commerce Aug. 28, 2026)....................10

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

*Certain Softwood Lumber Prods. from Can.*, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019) .....2

*Certain Softwood Lumber Prods. From Can.*, 91 Fed. Reg. 50,793 (Dep't Commerce Aug. 6, 2026) .....3

*Certain Softwood Lumber Prods. from Can.*, 88 Fed. Reg. 50,103 (Dep't Commerce Aug. 1, 2023) .....3

*Certain Softwood Lumber Prods. From Can.*, 83 Fed. Reg. 347 (Dep't Commerce Jan. 3, 2018) .....3

*Circular Welded Carbon-Quality Steel Pipe From the United Arab Emirates*, 91 Fed. Reg. 55,839 (Dep't Commerce Aug. 31, 2026) .....9

*Common Alloy Aluminum Sheet from the Republic of Turkiye*, 91 Fed. Reg. 40,977 (Dep't Commerce July 6, 2026) .....9

USCIT Rule 60 .....8, 10

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

# DEFENDANT-INTERVENORS D&G/PORTBEC RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE JUDGMENT

## INTRODUCTION

Defendant-Intervenors Les Produits Forestiers D&G Ltée and Les Produits Forestiers Portbec Ltée (together, "D&G") respectfully submit this response in opposition to the motion of Plaintiff Committee Overseeing Action for Lumber International Trade Investigations or Negotiations (the "COALITION") to enforce this Court's July 21, 2026 Judgment. *See* Pl.'s Mot. to Enforce J., ECF No. 363 (Sept. 17, 2026) ("Mot.").

The motion is styled as a motion to enforce, but it identifies no term of the Judgment with which the U.S. Department of Commerce ("Commerce") has failed to comply. Commerce assigned D&G the 1.05 percent rate calculated in the remand redetermination the Judgment sustained. The COALITION asks the Court to replace that rate with the 1.79 percent all-others rate from the fourth administrative review, while conceding that "the issue regarding the correct cash deposit rate for D&G when it is once again subject to the CVD Order is not directly litigated in this case." Mot. at 12. The motion therefore mounts a new challenge to a separate agency determination – the Amended Final Results published on August 6, 2026 – asserted for the first time after judgment and after D&G noticed its appeal. The motion should be denied.

D&G submits this response without prejudice to, and expressly reserving, every issue presented in its pending appeal, No. 26-2291 (Fed. Cir.). Nothing in this response concedes the correctness of the 1.05 percent subsidy rate, of the Amended Final Results, or of any aspect of the Judgment that D&G has appealed.

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

## ARGUMENT

### I. Commerce Complied With the Judgment, and the Relief Sought Would Modify a Judgment Now on Appeal

Under the standard the COALITION recites, a motion to enforce is granted "when a prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it, even if the noncompliance was due to misinterpretation of the judgment." *GPX Int'l Tire Corp. v. United States*, 70 F. Supp. 3d 1266, 1272 (Ct. Int'l Trade 2015); *Otter Products, LLC v. United States*, 532 F. Supp. 3d 1345, 1349 (Ct. Int'l Trade 2021); Mot. at 7. The COALITION cannot satisfy that standard. Commerce applied the deposit rate that flows from the determination the Judgment sustained. The 1.79 percent rate the COALITION seeks instead was generated in a separate segment of the proceeding.

The Judgment sustains Commerce's final results in D&G's CVD expedited review, *see Certain Softwood Lumber Prods. from Can.*, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019) ("Final Results"), as amended by the second, third, and fourth redeterminations on remand, the last of which calculated an above-de minimis rate of 1.05 percent for D&G. The Judgment also orders that the subject entries "be liquidated in accordance with the final court decision, including all appeals," consistent with 19 U.S.C. § 1516a(e). *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition XI*), Slip Op. 26-77 (Ct. Int'l Trade July 21, 2026). Because cash deposits are based on the subsidy rate assigned, a judgment sustaining a remand redetermination ordinarily carries the rate that determination sets, which *GPX* described as "the most current and accurate estimate of the duties to be paid" because the court had sustained that rate as supported by substantial evidence in preference to one it had held unsupported. 70 F. Supp. 3d at 1278. The deposit rate the Judgment establishes

for D&G is therefore the 1.05 percent rate calculated in the fourth remand redetermination, and that is the rate Commerce applied. *See Certain Softwood Lumber Prods. From Can.*, 91 Fed. Reg. 50,793, 50,794-95 (Dep't Commerce Aug. 6, 2026) ("Amended Final Results"). What the Judgment nowhere establishes is a rate drawn from a different segment of the proceeding, which is what the COALITION asks the Court to supply. *See* Mot. at 12 (urging the Court to "enforce its judgment in *COALITION XI* by directing Commerce to impose on D&G the cash deposit rate calculated in the fourth administrative review"). Establishing an obligation the Judgment never imposed is not enforcement of that Judgment.

AR4 is a separate segment of the proceeding, with its own record, period of review, and final results. *See Certain Softwood Lumber Prods. from Can.*, 88 Fed. Reg. 50,103 (Dep't Commerce Aug. 1, 2023) ("AR4"); *Certain Softwood Lumber Prods. From Can.*, 83 Fed. Reg. 347 (Dep't Commerce Jan. 3, 2018) ("CVD Order"). Substituting its rate for the rate the sustained redetermination produced would require a determination the Court was never asked to make. The COALITION concedes that "the issue regarding the correct cash deposit rate for D&G when it is once again subject to the CVD Order is not directly litigated in this case." Mot. at 12.

Nothing in *GPX* or *Otter Products*, which the COALITION cites for the enforcement standard, supplies that determination. *GPX* ordered Commerce to apply the rate the court's judgment had sustained, rejecting the agency's theory that an intervening determination had superseded it. 70 F. Supp. 3d at 1278. *Otter Products* declined "to expand its Judgment beyond the entries that were the subject of OtterBox's protest listed on the Summons," 532 F. Supp. 3d at 1349.

Separately, the relief the COALITION seeks lies beyond what the Court may order while the Judgment is on appeal. Three appeals from this action are pending. Mobilier Rustique (Beauce) Inc. filed a notice of appeal on September 2, 2026, ECF No. 360, docketed as No. 26-2240; D&G filed its notice of appeal from the July 21, 2026 Judgment on September 17, 2026, ECF No. 362, docketed as No. 26-2291; and the governments of Canada and Quebec also filed a notice of appeal on September 17, 2026, ECF No. 364, docketed as No. 26-2998. The COALITION addresses only Rustique's, observing that it "concerns a separate and distinct judgment (*i.e.*, judgment of April 22, 2024)." Mot. at 8. That observation does not answer D&G's appeal, which is taken from the judgment the COALITION asks the Court to supplement.

The filing of a notice of appeal "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) (applying *Griggs*). The subsidy calculation that produced the 1.05 percent rate, and the rate that is its output, are squarely aspects of the case involved in D&G's appeal. *Cincinnati Bronze,* which the COALITION cites, turned on the "crucial distinction between enforcement and expansion," and upheld the order there because it "required production of nothing outside the scope of the original subpoena" and so "did not represent an expansion outside the jurisdiction of the district court." 829 F.2d 585, 589 (6th Cir. 1987). *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, which the COALITION cites as one of the decisions underlying *Williamson*, Mot. at 7-8, vacated an injunction because it "expanded the district court's previous order on appeal . . . instead of merely enforcing it." 484 F.3d 380, 394 (6th Cir. 2007).

The COALITION's remaining jurisdictional authorities do not reach the relief it seeks. *GPX* applied *Williamson v. Recovery Ltd. Partnership*, 731 F.3d 608, 626 (6th Cir. 2013), for the proposition that a court "retains jurisdiction to enforce its judgment and to adjudicate matters unrelated to the issues on appeal," but only after finding that the issues before it "pertain to the enforcement of the court's order and are unrelated to the parties' claims that were appealed and subsequently affirmed." 70 F. Supp. 3d at 1271-72. That condition is not satisfied here. And *Wedbush, Noble, Cooke, Inc. v. SEC*, 714 F.2d 923, 924 (9th Cir. 1983), and *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 n.2 (5th Cir. 1984), establish only that an unstayed judgment remains enforceable while an appeal is pending. Neither addresses the modification or supplementation of a judgment.

The COALITION's remaining citations from this Court – *United States v. Hanover Insurance Co*., 869 F. Supp. 950 (Ct. Int'l Trade 1994), *aff'd*, 82 F.3d 1052 (Fed. Cir. 1996), *Heraeus-Amersil, Inc. v. United States*, 638 F. Supp. 342 (Ct. Int'l Trade 1986), and *B.F. Goodrich Co. v. United States*, 843 F. Supp. 713 (Ct. Int'l Trade 1994) – establish that the Court possesses enforcement jurisdiction, which D&G does not contest. *See* Mot. at 6-7. None authorizes a court to supply a term the judgment does not contain.

## II. The Relief Sought Is a New, Unexhausted APA Claim Against a Separate Agency Action

The motion apparently asks the Court to declare that Commerce's rate selection is "arbitrary and capricious and not in accordance with law." Mot. at 12. That is a merits review of the Amended Final Results – a discrete agency determination, published after the Judgment, and subject to its own avenue of review. The sole question on a motion to enforce is whether Commerce complied with the Judgment. The COALITION addresses a different determination altogether.

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

The COALITION also had notice of the rate before it was published and did nothing. Commerce circulated the draft Amended Final Results on July 30, 2026, containing the same 1.05 percent deposit language it ultimately published. The COALITION's counsel contacted Commerce officials about that language and was told the rate selection was deliberate. Mot. at 5-6. The COALITION neither submitted comments on the draft nor sought reconsideration from Commerce, and it did not commence an action challenging the Amended Final Results. It waited until September 17, 2026 – six weeks after publication, and the day D&G noticed its appeal – to raise the objection in this Court. A party that is adverse to the agency's stated position and has actual notice of it should press its objection with the agency or in an action directed to that determination rather than reserve it for a post-judgment motion in a concluded case. *See* 28 U.S.C. § 2637(d).

*United States Steel Corp. v. United States*, 348 F. Supp. 3d 1248 (Ct. Int'l Trade 2018), on which the COALITION principally relies, requires a direct connection between the judgment and the rate sought. There, in an antidumping investigation, the all-others rate was a direct arithmetic function of the mandatory respondent rates that judicial review had changed. By statute that rate is the "weighted average of the estimated weighted average dumping margins established for exporters and producers individually investigated, excluding any zero and de minimis margins." *Id.* at 1253 (citing 19 U.S.C. § 1673d(c)(5)(A)); *see* 19 U.S.C. § 1671d(c)(5)(A) (parallel provision for countervailing duty investigations). Enforcement reached that rate because it was the mechanical output of the court's own decisions in the same segment, notwithstanding that the judgment never mentioned it. *Id.* at 1260. No comparable relationship exists here. The 1.79 percent figure is the all-others rate Commerce assigned to companies not selected for individual examination in AR4, a review of a different period conducted on a separate record. *See* 88 Fed.

Reg. at 50,104. The COALITION identifies no formula or other provision tying that rate to the rate this Court sustained, and an objection to it belongs in an action directed to the determination that announced it.

**III. The Regulation the Coalition Relies On Governs Assessment, Not Cash Deposits**

The COALITION describes 19 C.F.R. § 351.212(a) as a "regulatory mandate" requiring Commerce to apply the AR4 rate. Mot. at 8, 13. The regulation does no such thing. It describes the "retrospective" system under which "final liability for antidumping and countervailing duties is determined after merchandise is imported," and the sentence the COALITION quotes is conditional and addressed to assessment: "[i]f a review is not requested, duties are ***assessed*** at the rate established in the completed review covering the most recent prior period or, if no review has been completed, the cash deposit rate applicable at the time merchandise was entered." 19 C.F.R. § 351.212(a) (emphasis added). As this Court has explained, assessment under that provision is "retrospective because it covers past entries," in contrast to "the prospective nature of cash deposits." *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition IV*), 535 F. Supp. 3d 1336, 1359 (2021). Section 351.212(a) does not set prospective deposit rates.

The expedited review regulation provides that the final results of such a review "will not be the basis for the assessment of countervailing duties." 19 C.F.R. § 351.214(k)(3)(iii) (2020) (redesignated as § 351.214(l) without material change, *see* 86 Fed. Reg. 52,373-74 (Dep't Commerce Sept. 20, 2021)). This Court has held that the assessment provision of § 351.212(b)(2) accordingly does not reach CVD expedited reviews, and that companies receiving an above-de minimis rate in such a review "are not, at the time, assessed duties based on the results of the expedited review but are assigned a new cash deposit rate based on those results pending

assessment pursuant to a subsequent administrative review." *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition VII*), 701 F. Supp. 3d 1334, 1347 (2024).

The provision addressed to cash deposits following a review is 19 C.F.R. § 351.221(b)(7), which directs that where a review "involves a revision to the cash deposit rates for estimated antidumping duties or countervailing duties," Commerce will "instruct U.S. Customs and Border Protection to collect cash deposits at the revised rates on future entries." That provision contains no counterpart to the period-based selection in § 351.212(a): the rates to be collected are the revised rates produced by the review at hand. Commerce followed it, issuing cash deposit instructions at the 1.05 percent rate on August 7, 2026. Mot. at 6.

Finally, the COALITION's complaint that the 1.05 percent rate rests on 2015 information, Mot. at 8, is a complaint about the regulation rather than about Commerce's compliance with the Judgment. Section 351.214(k)(3)(i) fixes the period of an expedited review as the original period of investigation, which here was calendar year 2015, and the Federal Circuit sustained Commerce's authority to promulgate that regulation. *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition V*), 66 F.4th 968 (Fed. Cir. 2023).

## IV. The AR4 Rate Is a Non-Selected Rate for a Period for Which This Court Reinstated D&G's Exclusion

Even on its own terms, the rate the COALITION seeks is not what its authorities describe. The 1.79 percent figure is the all-others rate assigned to companies not selected for individual examination in AR4, not a company-specific rate calculated from D&G's own subsidy experience. 88 Fed. Reg. at 50,104. On November 20, 2023, this Court granted D&G relief under USCIT Rule 60(b)(5), reinstating its exclusion from the CVD Order and directing Commerce to instruct CBP

to discontinue the collection of cash deposits on D&G's entries made on or after August 28, 2021 and to liquidate those entries without regard to countervailing duties. *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States* (*Coalition VI*), 665 F. Supp. 3d 1347, 1355 (2023). AR4 covers calendar year 2021, a period during which D&G was either excluded from the CVD Order or relieved by this Court of any obligation to pay countervailing duties.

The COALITION's reliance on *Coalition IV* for the proposition that the operative rate is the one from "the most recent review in which the company was reviewed," Mot. at 11, is misplaced. The court directed Commerce to "impose a cash deposit requirement based on the all-others rate from the investigation or the company-specific rate determined in the most recently completed administrative review in which the company was reviewed," 535 F. Supp. 3d at 1363, and it describes a company-specific rate rather than a non-selected all-others rate. Additionally, the judgment containing that direction, and the vacatur it implemented, were reversed in *Coalition V*. Its remedial premise cannot supply a mandate binding Commerce now that this Court has sustained the Final Results as amended.

**V. The Agency Notices the COALITION Relies On Do Not Support the Relief Requested**

The COALITION devotes much of its motion to three Federal Register notices in which Commerce declined to issue revised cash deposit instructions because the respondent had "a superseding cash deposit rate, *i.e.*, there have been final results published in a subsequent administrative review." Mot. at 9-11 (discussing *Common Alloy Aluminum Sheet from the Republic of Turkiye*, 91 Fed. Reg. 40,977 (Dep't Commerce July 6, 2026); *Circular Welded Carbon-Quality Steel Pipe From the United Arab Emirates*, 91 Fed. Reg. 55,839 (Dep't

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

Commerce Aug. 31, 2026); and *Certain Hot-Rolled Steel Flat Products From Japan*, 91 Fed. Reg. 55,513 (Dep't Commerce Aug. 28, 2026)).

In each of those proceedings the intervening administrative review validly covered the respondent, so the later review genuinely supplied a superseding rate. Here it did not. This Court's Rule 60(b)(5) order displaced the application of the intervening review to D&G by reinstating its exclusion and discontinuing the collection of cash deposits on entries made on or after August 28, 2021. *Coalition VI*, 665 F. Supp. 3d at 1355. A rate cannot supersede a company's deposit obligation for a period in which the Court had relieved the company of that obligation.

In any event, these notices are agency statements of practice in unrelated proceedings. They do not bind this Court, and the COALITION identifies no judicial decision holding that a rate from a separate administrative review must displace the rate established in a determination the reviewing court has sustained.

Even accepting the COALITION's premise, its own authority requires no more than that Commerce follow its practice or explain a deviation. *See U.S. Steel*, 348 F. Supp. 3d at 1260-61. Rate selection involves the exercise of agency discretion. *SEC v. Chenery Corp*. (*Chenery II*), 332 U.S. 194, 196 (1947), precludes a court from affirming agency action "on a basis containing any element of discretion - including discretion to find facts and interpret statutory ambiguities - that is not the basis the agency used," because doing so would "remove the discretionary judgment from the agency to the court." *Koyo Seiko Co. v. United States*, 95 F.3d 1094, 1101 (Fed. Cir. 1996) (citing *Chenery II*). If a court may not sustain agency action on a discretionary basis the agency did not adopt, it likewise may not impose in the first instance a discretionary

rate the agency has not selected. The COALITION's request that the Court itself install the 1.79 percent rate is barred on that ground alone.

## CONCLUSION

D&G/Portbec respectfully requests the Court to deny the Motion to Enforce.

Respectfully Submitted,

/s/ Edward M. Lebow
Edward M. Lebow
Haynes and Boone, LLP
888 16th Street NW, Suite 300
Washington, DC 20006
(202) 654-4514
*Counsel to Les Produits Forestiers D&G Ltée and Les Produits Forestiers Portbec Ltée*

Dated October 15, 2026

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(2), I certify that this brief contains 3,074 words, excluding those portions that do not count towards the word limitation, and therefore complies with the Court's Chambers Procedures.

/s/ Edward M. Lebow