**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE THE HONORABLE MARK BARNETT, CHIEF JUDGE

COMMITTEE OVERSEEING ACTION FOR LUMBER INTERATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,
Plaintiff,

and

LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC LTÉE, ET. AL.,
Consolidated Plaintiffs,

v.

UNITED STATES,
Defendant,

and

LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC LTÉE, ET. AL.,
Defendants-Intervenors.

Consol. Court No. 19-00122

**RESPONSE TO MOTION TO ENFORCE JUDGMENT**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

CLAUDIA BURKE
Deputy Director

SOSUN BAE
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-7568
E-mail: Sosun.Bae@usdoj.gov

*Attorneys for Defendant*

OF COUNSEL:
JESUS N. SAENZ
Assistant Chief Counsel
Office of the Chief Counsel
for Trade Enforcement and Compliance
U.S. Department of Commerce
Washington, D.C.

October 16, 2026

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

BACKGROUND ........ 2

ARGUMENT ........ 6

I. Standard of Review ........ 6

II. The Court Does Not Have Jurisdiction to Entertain the Motion ........ 6

III. Commerce Lawfully Assigned D&G/Portbec Its Cash Deposit Rate ........ 7

CONCLUSION ........ 14

**TABLE OF AUTHORITIES**

Cases

*City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380 (6th Cir. 2007) ... 7

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or. Negots. v. United States*, No. 19-00122, 2026 WL 2100846 (Ct. Int'l Trade July 21, 2026) ... 1

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 66 F.4th 968 (Fed. Cir. 2023) ... 4

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 483 F. Supp. 3d 1253 (Ct. Int'l Trade 2020) ... 2

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 535 F. Supp. 3d 1336 (Ct. Int'l Trade 2021) ... 3, 9

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 665 F. Supp. 3d 1347 (Ct. Int'l Trade 2023) ... 4, 5, 11

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982) ... 7

*In re Jones*, 768 F.2d 923 (7th Cir. 1985) ... 7

*Int'l Custom Prods., Inc. v. United States*, 395 F. Supp. 2d 1291 (Ct. Int'l Trade 2005) ... 6

*Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955 (9th Cir. 1983) ... 7

*Weaver v. Univ. of Cincinnati*, 970 F.2d 1523 (6th Cir. 1992) ... 7

*Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608 (6th Cir. 2013) ... 7

Statutes

19 U.S.C. § 751(a)(1) ... 10

19 U.S.C. § 1516a(e) (2018) ... 8

Regulations

19 C.F.R. § 351.212 ... 9, 10

19 C.F.R. § 351.213(b)(1) .......... 10, 11, 12

19 C.F.R. § 351.214(k) .......... 2, 3, 10

Other Authorities

*Amended Final Results; Notice of Reinstatement of Countervailing Duty Order*, 91 Fed. Reg. 50,793 (Dep't of Commerce Aug. 6, 2026) .......... 5, 6

*Certain Hot Rolled Steel Flat Products from Japan*, 91 Fed. Reg. 55,513 (Dep't of Commerce Aug. 28, 2026) .......... 14

*Certain Softwood Lumber Products from Canada*, 83 Fed. Reg. 347 (Dep't of Commerce Jan. 3, 2018) .......... 2

*Certain Softwood Lumber Products from Canada*, 83 Fed. Reg. 9,833 (Dep't of Commerce Mar. 8, 2018) .......... 2

*Certain Softwood Lumber Products from Canada*, 84 Fed. Reg. 32,121 (Dep't of Commerce July 5, 2019) .......... 2, 8

*Certain Softwood Lumber Products from Canada*, 88 Fed. Reg. 50103 (Dep't of Commerce Aug. 1, 2023) .......... 4, 9, 11

*Certain Softwood Lumber Products from Canada*, 89 Fed. Reg. 8,147 (Dep't of Commerce Feb. 6, 2024) .......... 5

*Circular Welded Carbon-Quality Steel Pipe From the United Arab Emirates*, 91 Fed. Reg. 55,839 (Dep't Commerce Aug. 31, 2026) .......... 13, 14

*Common Alloy Aluminum Sheet from the Republic of Türkiye*, 91 Fed. Reg. 40,977 (Dep't of Commerce July 6, 2026) .......... 13

*Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 13,252 (Dep't of Commerce Mar. 9, 2022) .......... 3

*Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 15,642 (Dep't of Commerce Mar. 14, 2023) .......... 4

*Notice of Court Decision Not in Harmony with the Final Results*, 86 Fed. Reg. 48,396 (Dep't of Commerce Aug. 30, 2021) .......... 3, 5

*Notice of Reinstatement of Exclusion from the Countervailing Duty Order*, 88 Fed. Reg. 85,225 (Dep't of Commerce Dec. 7, 2023) .......... 4, 12

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE THE HONORABLE MARK BARNETT, CHIEF JUDGE

| | |
|---|---|
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,<br><br>Plaintiff,<br><br>and<br><br>LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC LTÉE, ET. AL.,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br>and<br><br>LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC LTÉE, ET. AL.,<br>Defendants-Intervenors. | Consol. Court No. 19-00122 |

**<u>RESPONSE TO MOTION TO ENFORCE JUDGMENT</u>**

Defendant, the United States, respectfully submits this response to the motion to enforce judgment filed by plaintiff, the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations (COALITION). *See* Mot. to Enforce, ECF No. 363. On July 21, 2026, the Court entered its final opinion and judgment in this case, sustaining the final results of Commerce's countervailing duty expedited review of softwood lumber from Canada. *See Comm. Overseeing Action for Lumber Int'l Trade Investigations or. Negots. v. United States*, No.

19-00122, 2026 WL 2100846 (Ct. Int'l Trade July 21, 2026) (*COALITION 2026*) *appeal filed*, No. 26-2291 (Fed. Cir. Sep. 22, 2026); *Certain Softwood Lumber Products from Canada*, 84 Fed. Reg. 32,121 (Dep't of Commerce July 5, 2019) (final results) (P.R. 759), and accompanying Issues and Decision Memorandum (IDM) (P.R. 749); Judgment, ECF No. 359.

**BACKGROUND**

In January 2018, Commerce published a countervailing duty order covering softwood lumber from Canada. *See Certain Softwood Lumber Products from Canada*, 83 Fed. Reg. 347 (Dep't of Commerce Jan. 3, 2018) (order). In March 2018, in response to requests filed by certain Canadian producers and exporters, Commerce initiated an expedited review of the order pursuant to 19 C.F.R. § 351.214(k). *See Certain Softwood Lumber Products from Canada*, 83 Fed. Reg. 9,833 (Dep't of Commerce Mar. 8, 2018) (initiation notice) (P.R. 94). The period of review for the expedited review was the same as that for the investigation: January 1, 2015, through December 31, 2015. *Id*. Commerce published the final results of the expedited review in 2019. *See* 84 Fed. Reg. at 32,121. In its final results, Commerce calculated a *de minimis* subsidy rate for respondent Les Produits Forestiers D&G Ltée (D&G) and its cross-owned company Les Produits Forestiers Portbec Ltée (Portbec) (together, D&G/Portbec) and therefore excluded them from the order. *Id*. at 32,122; CBP CSMS # 9214302, Cash deposit instructions for the countervailing duty order on certain softwood lumber products from Canada (C-122-858) (P.R. 769).

The COALITION brought suit in this Court. *See* Complaint, ECF No. 2. The Court remanded Commerce's final results for reconsideration of the statutory basis upon which Commerce promulgated its expedited review regulations at 19 C.F.R. § 351.214(k). *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 483 F.

Supp. 3d 1253 (Ct. Int'l Trade 2020) (*COALITION 2020*). On remand, Commerce found that it did not have the statutory authority to promulgate the expedited review regulation at 19 C.F.R. § 351.214(k) or to conduct the expedited review. First Remand Redetermination, ECF No. 173. On August 18, 2021, the Court affirmed, vacating the expedited review regulation and the final results. *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 535 F. Supp. 3d 1336 (Ct. Int'l Trade 2021) (*COALITION 2021*). As a result, the Court also directed that D&G/Portbec be reinstated to the order. *Id.* at 1362-63. Commerce published a notice of Court decision not in harmony with the final results (*i.e.*, Timken Notice) and assigned D&G/Portbec the all-others cash deposit rate of 14.19 percent, with an effective date of August 28, 2021. *Notice of Court Decision Not in Harmony with the Final Results*, 86 Fed. Reg. 48,396, 48,397 (Dep't of Commerce Aug. 30, 2021) (Timken Notice). Commerce also issued instructions to CBP prospectively reinstating D&G/Portbec to the order and directing CBP to collect cash deposits in the amount of 14.19 percent for all shipments of subject merchandise that were produced and/or exported by D&G/Portbec and entered, or withdrawn from warehouse, for consumption on or after August 28, 2021. *See* Message No. 1244401 (Sept. 1, 2021).

On October 18, 2021, D&G/Portbec, along with other parties, appealed this Court's decision to the Court of Appeals for the Federal Circuit (Federal Circuit). *See* Notice of Appeal, ECF 197. In 2022, during the pendency of the Federal Circuit appeal, Commerce initiated its fourth administrative review of the order, which covered a period of review for calendar year 2021. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 13,252 (Dep't of Commerce Mar. 9, 2022) (AR4 initiation notice). Because D&G/Portbec was, at that time, subject to the order, it was also subject to the administrative review. *Id*. at 13,262. In the final results of that review, Commerce assigned D&G/Portbec the non-selected

rate of 1.79 percent. *See Certain Softwood Lumber Products from Canada*, 88 Fed. Reg. 50103, 50104-06 (Dep't of Commerce Aug. 1, 2023) (AR4 final results). In 2023, Commerce initiated its fifth administrative review, which included D&G/Portbec. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 15,642 (Dep't of Commerce Mar. 14, 2023) (AR5 initiation notice).

On April 25, 2023, the Federal Circuit reversed the Court's decision, holding that Commerce did have the authority to issue its expedited review regulation and conduct the expedited review. *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 66 F.4th 968, 979 (Fed. Cir. 2023) (*COALITION CAFC*). The case then returned to this Court to address the outstanding claims.

Subsequently, companies that had originally received *de minimis* rates as a result of the expedited review, including D&G/Portbec, moved to reinstate their exclusion from the order pending resolution of the litigation. *See* Mot. to Reinstate Exclusion, ECF No. 222. In November 2023, the Court granted the motion and ordered Commerce to issue a "Timken-like notice" excluding the companies from the order. *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 665 F. Supp. 3d 1347 (Ct. Int'l Trade 2023) (*COALITION 2023*). The Court further ordered Commerce to instruct CBP to discontinue the suspension of liquidation and collection of cash deposits on shipments of subject merchandise produced and exported by the *de minimis* companies that were entered, or withdrawn from warehouse, for consumption on or after August 28, 2021, and to liquidate all suspended entries of subject merchanded produced and exported by those companies. *Id.* at 1355.

On December 7, 2023, Commerce published a notice reinstating the exclusion of several companies, including D&G/Portbec, with an effective date of August 28, 2021. *See Notice of*

*Reinstatement of Exclusion from the Countervailing Duty Order*, 88 Fed. Reg. 85,225 (Dep't of Commerce Dec. 7, 2023). Commerce also instructed CBP to discontinue suspension of liquidation and collection of cash deposits in accordance with the Court's order. *See* Message No. 4018402 (Jan. 18, 2024); Message No. 4018411 (Jan. 18, 2024). In other words, following the Court's order, Commerce reinstated D&G/Portbec's exclusion from the order retrospective to August 28, 2021, the effective date of Commerce's Timken-like notice effectuating the Court's order to prospectively include D&G/Portbec. *See COALITION 2023,* 665 F. Supp. 3d at 1355; Timken Notice, 86 Fed. Reg. 48,396.

In February 2024, Commerce published the preliminary results of the fifth administrative review. *Certain Softwood Lumber Products from Canada*, 89 Fed. Reg. 8,147 (Dep't of Commerce Feb. 6, 2024) (AR5 preliminary results), and accompanying Preliminary and Decisions Memorandum (PDM). Commerce explained that, due to the Court's November 2023 order, D&G/Portbec was excluded from the order and thus not subject to the administrative review. AR5 Preliminary Results PDM at 5. Accordingly, Commerce rescinded the review with respect to D&G/Portbec. AR5 Preliminary Results*,* 89 Fed. Reg. at 8,148.

On July 21, 2026, after a number of remands, the Court sustained Commerce's fourth remand redetermination, in which Commerce had calculated an above *de minimis* subsidy rate of 1.05 percent for D&G/Portbec. Fourth Remand Redetermination at 20, ECF No. 348; *COALITION 2026* at *8. The Court issued final judgment on the same day.

On August 6, 2026, Commerce published its amended final results. *Amended Final Results; Notice of Reinstatement of Countervailing Duty Order*, 91 Fed. Reg. 50,793 (Dep't of Commerce Aug. 6, 2026) (amended final results). The amended final results provided that, as a result of the Court's final decision, which sustained the above *de minimis* rate Commerce had

calculated for D&G/Portbec, subject merchandise produced and exported by D&G/Portbec was now prospectively included in the order beginning August 6, 2026, the date of publication of the amended final results. *Id*. Accordingly, Commerce directed CBP to collect cash deposits of estimated duties at 1.05 percent—the rate calculated for D&G/Portbec in the fourth remand redetermination—on subject merchandise produced and/or exported by D&G/Portbec that was entered, or withdrawn from warehouse, for consumption on or after August 6, 2026—*i.e.,* the date of publication of the amended final results of expedited review. Message No. 6219404 (Aug. 7, 2026).

On September 17, 2026, the COALITION filed a motion to enforce, requesting that this Court order Commerce to issue amended cash deposit instructions at a rate of 1.79 percent—the non-selected rate Commerce assigned to D&G/Portbec in the fourth administrative review. *See generally* Mot. to Enforce. That same day, D&G/Portbec filed its notice of appeal to the Federal Circuit. D&G/Portbec Notice of Appeal, ECF No. 362.

## ARGUMENT

### I. Standard of Review

This Court "retains supplemental jurisdiction over matters 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Int'l Custom Prods., Inc. v. United States*, 395 F. Supp. 2d 1291, 1294-95 (Ct. Int'l Trade 2005) (citations omitted). Furthermore, this Court "'has inherent power to oversee the implementation of its judgment and hold supplemental proceedings necessary for the proper effectuation of its judgment.'" *Id.* (citations omitted).

### II. The Court Does Not Have Jurisdiction to Entertain the Motion

Because D&G/Portbec have filed an appeal with the Federal Circuit, this Court no longer

has jurisdiction to consider the COALITION's motion. The filing of a notice of appeal generally divests the trial court of jurisdiction. *See Griggs v. Provident Consumer Disc. Co*., 459 U.S. 56, 58 (1982). This rule is "designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." *Masalosalo v. Stonewall Ins. Co*., 718 F.2d 955, 956 (9th Cir. 1983); *see also In re Jones*, 768 F.2d 923, 931 (7th Cir. 1985) (Posner, J., concurring) ("[t]he purpose of the rule is to keep the district court and the court of appeals out of each other's hair...").

The COALITION asserts that a court "retains jurisdiction to enforce its judgment . . . to adjudicate matters unrelated to the issues on appeal," then contends that because a separate party—Mobilier Rustique (Beauce) Inc.—has filed a notice of appeal concerning a separate and distinct judgment, the Court retains jurisdiction to consider the COALITION's motion. Mot. to Enforce at 7-8 (quoting *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013) (citing *City of Cookeville v. Upper Cumberland Elec. Membership Corp*., 484 F.3d 380, 394 (6th Cir. 2007); *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir. 1992)). But in making this argument, the COALITION ignores that D&G/Portbec have also filed a notice of appeal and challenges the same issues that resulted in the Court's final judgment. *See* Docketing Statement, CAFC No. 2026-2291, ECF No. 11. Indeed, if D&G/Portbec succeed on appeal, they may again be excluded from the order. Here, the COALITON invites precisely the confusion and inefficiency that this rule seeks to avoid. Because the Court has been divested of jurisdiction by D&G/Portbec's appeal, it should decline to consider the COALITION's motion.

## III. Commerce Lawfully Assigned D&G/Portbec Its Cash Deposit Rate

Commerce acted lawfully when it assigned D&G/Portbec a cash deposit rate of 1.05 percent—the countervailable subsidy rate sustained by the Court in its final decision. The

COALITION contends that Commerce deviated from regulation and practice in assigning D&G/Portbec the 1.05 percent rate calculated in the fourth remand redetermination as the cash deposit rate and claims that Commerce should have instead assigned it a rate of 1.79 percent—the subsidy rate calculated in the fourth administrative review—because the fourth review was the most recent one covering D&G/Portbec. The COALITION's arguments fail for multiple reasons.

As an initial matter, the COALITION fails to demonstrate that Commerce is acting contrary to the Court's judgment. The judgment states that it is:

> ORDERED that the U.S. Department of Commerce's final results of expedited review, *see Certain Softwood Lumber Prods. From Can.*, 84 Fed. Reg. 32,121 (Dep't Commerce July 5, 2019) (final results of countervailing duty expedited review), ECF No. 99-5, as amended on second, third, and fourth redeterminations, *see* Final Results of Redetermination Pursuant to Ct. Remand, ECF Nos. 255-1, 309-1, 348-1, are SUSTAINED; and it is further ORDERED that the subject entries must be liquidated in accordance with the final court decision, including all appeals, consistent with the requirements in section 516A(e) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e) (2018).

Judgment, ECF No. 359. Nowhere does the Court state that Commerce's final results, and the data relied on for D&G/Portbec's final subsidy rate, are invalid or superseded by the rate from the fourth administrative review. Nor does the judgment require Commerce to assign a cash deposit rate based on the most recent review. This alone should defeat the COALITION's motion.

Despite this, the COALITION relies on language from *COALITION 2021* in claiming that the Court "understood" that when a previously excluded company becomes subject again to an order, the applicable cash deposit rate is the one from "the most recent review in which the

company was reviewed{.}" Mot. to Enforce at 11 (citing *COALITION 2021*, 535 F. Supp. 3d at 1362). But the Court also stated that:

> Commerce must issue a *Timken*-like Notice rescinding the *Final Results of Expedited Review*, . . . reinstate the excluded companies in the *CVD Order* prospectively and, for all companies that were covered by the *Final Results of Expedited Review*, impose a cash deposit requirement based on the all-others rate from the investigation or the company-specific rate determined in the most recently completed administrative review in which the company was reviewed.

*COALITION 2021*, 535 F. Supp. 3d. at 1362-63.

In the fourth administrative review, D&G/Portbec did not receive an individual rate; rather, they were assigned the non-selected rate, which was based on the rates of other respondents actually selected for individual examination. AR4 Final Results, 88 Fed. Reg. 50103, 50104-06. In contrast, D&G/Portbec's subsidy rate, as sustained in the Court's final decision, is specific to D&G/Portbec, based on information provided by D&G/Portbec during the underlying proceeding, and determined after the expedited review regulation was reinstated. As such, Commerce's selection of the cash deposit rate was lawful and did not run contrary to the Court's directive in *COALITION 2021*, which was made in the context of the regulation being vacated and still allowed Commerce the option of basing the cash deposit requirement on the all-others rate from the investigation, which preceded the expedited review and was based on the same timeframe that the COALITION decries.

The COALITION's contention that Commerce acted contrary to 19 C.F.R. § 351.212(a) is also unavailing. That regulation applies to annual administrative reviews and is thus inapplicable to this proceeding, which concerns an ***expedited*** review. Under the statutory framework, interested parties can request annual administrative reviews of a countervailing duty order to determine the amount of any net countervailable subsidy rate for the period of time

covered by the review. 19 U.S.C. § 751(a)(1); *see also* 19 C.F.R. § 351.213(b)(1). Under Commerce's retrospective assessment system, the period of review encompasses a discrete period of time in the past and examines merchandise that has already entered the United States. 19 C.F.R. § 351.212(a). The net countervailable subsidy rate determined as a result of an annual review shall be the basis for the assessment of a party's final liability with respect to merchandise entered during the period of review, and also serves as the basis for prospectively estimated cash deposit rates on merchandise entered during the next period of review. 19 U.S.C. § 751(a)(1); 19 C.F.R. § 351.212(b)(2). However, if an administrative review is not requested for a particular period of review, "duties are assessed at the rate established in the completed review covering the most recent prior period or, if no review has been completed, the cash deposit rate applicable at the time merchandise was entered." 19 C.F.R. § 351.212(a).

The 1.05 percent cash deposit rate Commerce applied to D&G/Portbec was not based on the final results of an annual administrative review, but rather on the final results of an expedited review—a separate proceeding conducted under a different regulation. *See* 19 C.F.R. § 351.214(k). An expedited review allows companies that were not individually examined in the investigation to be reviewed subsequent to the issuance of an order and receive either an individually calculated cash deposit rate or exclusion from the order if the individually calculated subsidy rate is zero or *de minimis*. *Id.* In contrast to an administrative review, which results in the assessment of a duty, an expedited review "will not be the basis for the assessment of countervailing duties." *Id.* § 351.214(k)(3)(iii). Rather, an expedited review sets cash deposit rates for the individually examined companies. Thus, the scenario contemplated under section 351.212(a)—the duty rate to be assessed when no administrative review is requested—is inapplicable here. Commerce properly applied the 1.05 percent individual subsidy rate

ultimately calculated for D&G/Portbec in the expedited review as the cash deposit rate and it did not contravene its regulation in doing so.

Critically, the COALITION ignores the effect of *COALITION 2023*, which essentially extinguished the final results of the fourth administrative review with respect to D&G/Portbec by excluding them from the order, retroactive to August 28, 2021. *See COALITION 2023,* 665 F. Supp. 3d 1347, 1355. Commerce's regulation provides that interested parties may request an administrative review for "individual exporters or producers ***covered by an order***." 19 C.F.R. § 351.213(b)(1) (emphasis added). And Commerce will rescind an administrative review for a company if it did not have entries of subject merchandise during the period of review. *Id.* § 351.213(d)(3). Thus, to be subject to an administrative review, a company must be both covered by an order and have shipments of subject merchandise during the period of review.

Here, while Commerce initially calculated a *de minimis* subsidy rate for D&G/Portbec, resulting in their exclusion from the order, this Court's decision in *COALITION 2021* vacating the expedited review regulation reinstated D&G/Portbec. Because *COALITION 2021* reinstated D&G/Portbec to the order prospectively, starting August 28, 2021, their shipments of subject merchandise for part of 2021 were covered by the fourth administrative review, which encompassed calendar year 2021. *See* AR4 Initiation Notice. As such, D&G/Portbec was—at that time—subject to the fourth administrative review, receiving the non-selected rate of 1.79 percent in the final results, which were published on August 1, 2023. AR4 Final Results, 88 Fed. Reg. 50103, 50104-06.

However, when this Court reinstated D&G/Portbec's exclusion from the order in *COALITION 2023*, it set the effective date for that exclusion retroactive to August 28, 2021. *See COALITION 2023*, 665 F. Supp. 3d at 1355. Due to that retroactive exclusion, D&G/Portbec

were no longer subject to the order for any part of the 2021 period of review covered by the fourth administrative review. And because a company not covered by an order cannot be subject to an administrative review, *see* 19 C.F.R. § 351.213(b)(1), the Court's decision in *COALITION 2023*—which excluded D&G/Portbec from the order retroactive to August 28, 2021—resulted in D&G/Portbec no longer being subject to the order during the 2021 period of review and no longer covered by the fourth administrative review.

In other words, the Court's reinstatement of D&G/Portbec's exclusion from the order retroactive to August 28, 2021 effectively extinguished the AR4 final results with regard to D&G/Portbec because their entries were no longer subject to the order for the period covered by the fourth administrative review. Commerce effectuated the Court's decision when it published a notice reinstating D&G/Portbec's exclusion from the order with an effective date of August 28, 2021; *see Notice of Reinstatement,* 88 Fed. Reg. 85,225; and instructed CBP to discontinue suspension of liquidation and collection of cash deposit on all entries of subject merchandise produced and exported by D&G/Portbec, effective August 28, 2021, and to liquidate without regard to countervailing duties all entries of subject merchandise produced and exported by D&G/Porbec that were entered, or withdrawn from warehouse, on or after August 28, 2021. *See* Message No. 4018402; Message No. 4018411. The COALITION's claim that Commerce must assign D&G/Portbec the all-others rate from the AR4 final results is nonsensical and unsupported by legal authority. Commerce appropriately assigned D&G/Portbec a rate from when they were subsequently brought back into the order as a result of the remand proceedings in this litigation—the 1.05 percent rate calculated in the fourth remand redetermination and sustained by this Court.

The COALITION cites a number of other administrative proceedings to support its position, but those proceedings are inapposite, as the facts in this case are critically different from those in the proceedings relied on by the COALITION. Namely, in each cited proceeding, the respondents were subject to the respective orders under Commerce's initial, challenged determination, and remained subject to the orders and paid cash deposits throughout the pendency of their respective litigation. By contrast, D&G/Portbec were initially excluded from the order, prospectively reinstated as a result of *COALITION 2021*, retroactively excluded as a result of *COALITION 2023*, and finally reinstated again as a result of *COALITION 2026*.

For example, in the investigation of common alloy aluminum sheet from the Republic of Türkiye, respondent Assan Alüminyum was assigned a 2.02 percent dumping margin. *See Common Alloy Aluminum Sheet from the Republic of Türkiye*, 91 Fed. Reg. 40,977 (Dep't of Commerce July 6, 2026). In Commerce's first remand redetermination, the margin for Assan dropped to *de minimis*. *Id.* at 40,978. The Court remanded this remand redetermination and Commerce again calculated a *de minimis* margin for Assan. *Id.* In the third remand redetermination, however, Commerce recalculated Assan's rate to one above *de minimis*, which the Court sustained. *Id.* At no point was Assan's *de minimis* dumping margin affirmed by the Court, and at no point did the Court hold Assan not subject to the order. *Id.*

Similarly, in the administrative review covering circular welded carbon-quality steel pipe from the United Arab Emirates, Commerce assigned respondent Universal Tube & Plastic a 2.63 percent dumping margin. *See Circular Welded Carbon-Quality Steel Pipe From the United Arab Emirates*, 91 Fed. Reg. 55,839 (Dep't Commerce Aug. 31, 2026). During the pendency of the ensuing litigation, Commerce calculated updated dumping margins at the conclusion of each subsequent administrative review. At the conclusion of the litigation, Commerce determined that

Universal would receive the superseding cash deposit rate as a result of the recently completed administrative review. *Id*. at 91 Fed. Reg. 55,839-40. But Universal had continuously paid cash deposits throughout the proceeding because it was never excluded from the order.

And in the administrative review of certain hot-rolled steel flat products from Japan, Commerce calculated a dumping margin of 11.70 percent for respondent Nippon Steel. *See Certain Hot Rolled Steel Flat Products from Japan*, 91 Fed. Reg. 55,513 (Dep't of Commerce Aug. 28, 2026). The Court ultimately sustained Commerce's second remand redetermination, which revised the dumping margin for Nippon Steel to 10.12 percent. *Id*. In the amended final notice, Commerce determined that the cash deposit rate from the amended final results would not apply because Nippon Steel had a superseding cash deposit rate from a subsequent administrative review. Again, Nippon Steel was never excluded from the order and continued to pay cash deposits throughout the pendency of the litigation.

Commerce appropriately assigned D&G/Portbec the 1.05 percent subsidy rate calculated in the fourth remand redetermination and sustained by the Court and the COALITION has failed to establish that Commerce acted in contravention of its regulation and practice, or that the cash deposit rate assigned to D&G/Portbec is otherwise unlawful.

## CONCLUSION

For these reasons, we respectfully request that the Court deny the COALITION's motion to enforce judgment.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

/s/ Sosun Bae
SOSUN BAE
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-7568
E-mail: Sosun.Bae@usdoj.gov

*Attorneys for Defendant*

OF COUNSEL:
JESUS N. SAENZ
Assistant Chief Counsel
Office of the Chief Counsel
for Trade Enforcement and Compliance
U.S. Department of Commerce
Washington, D.C.

October 16, 2026

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE THE HONORABLE MARK BARNETT, CHIEF JUDGE

COMMITTEE OVERSEEING ACTION FOR LUMBER INTERATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,
Plaintiff,

and

LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC LTÉE, ET. AL.,
Consolidated Plaintiffs,

v.

UNITED STATES,
Defendant,

and

LES PRODUITS FORESTIERS D&G LTÉE AND LES PRODUITS FORESTIERS PORTBEC LTÉE, ET. AL.,
Defendants-Intervenors.

Consol. Court No. 19-00122

**ORDER**

Upon consideration of plaintiff's motion, defendant's and defendant-intervenors' responses thereto, and all other pertinent papers, it is hereby

ORDERED that the motion is denied.

Date:_______________
New York, NY

_________________________
Chief Judge